

1    DAVID HAROLD MOORE
      2767 Cherrydale Falls Drive
2    Henderson, NV 89052
      Telephone: (702) 492-0493
3    E-mail: LUVRulesinc@gmail.com
      *Specially appearing Defendant in propria persona*



FILED

JAN 17 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8                UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

Steep Hill Laboratories, Inc.,      CV 18    0373    LB

10 Jmichaele Keller,             Case No. _____
           Plaintiffs,

11                          **(Alameda Superior Court
                         Case No. RG17886732)**

12           *v.*

13 David Harold Moore,       **NOTICE OF REMOVAL OF ACTION
                           FROM STATE COURT (28 U.S.C. § 1332)**
Does 1 through 10, inclusive,
14            Defendants.

15      TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES AND THEIR ATTORNEYS:

16        Notice is hereby given that I, David Harold Moore, named as a defendant in the

17 above-captioned action, No. RG17886732 in the files and records of the Superior Court for the

18 County of Alameda, hereby file in the United States District Court for the Northern District of

19 California a Notice of Removal of said action to the said United States District Court pursuant

20 to 28 U.S.C. §§ 1441 & 1446. I will file in the Superior Court a notice of removal.

21        Pursuant to the said sections of the United States Code, I aver the following:

22      1.     A civil action was commenced in the Superior Court of California for the Coun-

23 ty of Alameda, Case No. RG17886732, on December 20, 2017. The summons and complaint,

24 amongst other papers, were purportedly served on me on December 21, 2017.

25      2.     The complaint in said pending action contains only claims between the plaintiffs

26 Steep Hill Laboratories, Inc., and Jmichaele Keller, who are both citizens and domiciliaries of

27 California, and me, a citizen and domiciliary of Nevada. The complaint seeks over $75,000 in

1   damages, in a sum overall exceeding $1,000,000.

2       3.    This action may properly be removed to this court pursuant to 28 U.S.C. §

3   1332(a), for the reason that complete diversity of citizenship exists between the plaintiffs and I,

4   the defendant, and because the amount in controversy exceeds $75,000.

5       4.    Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under

6   fictitious names, namely the Doe defendants in this case, is to be disregarded. In accordance with

7   subd. (b)(2) of that section, no defendant to the action is a citizen of the state in which the action

8   is brought.

9       5.    I am the only defendant who has been purportedly served by the plaintiffs. I am

10   filing this notice within 30 days of receipt of the complaint and summons upon me. Removal to

11   this court is proper because the state court is located within the Northern District of California.

12       6.    Pursuant to 28 U.S.C. § 1446(a), a copy of the complaint and summons in the

13   action are attached to this document, together with all process, pleadings, and orders served upon

14   me in the action.

15       7.    I certify that I will file a notice of this removal with the Clerk of the Superior

16   Court of the State of California for the County of Alameda and serve this notice on all parties.

17       WHEREFORE, I pray that the above action now pending in the Superior Court of the State

18   of California for the County of Alameda be removed in its entirety to this Court for all further

19   proceedings pursuant to 28 U.S.C. § 1441, *et seq.*

20   

21       Respectfully submitted,

22   

23   

24       David Harold Moore
    January 17, 2018
    Defendant

25   

26   

27   

2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

DAVID H. MOORE, an individual; and DOES 1 through 10, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEEP HILL LABORATORIES, INC., and JMICHAELE KELLER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

DEC 20 2017

CLERK OF THE SUPERIOR COURT
By: D. OLIVER, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

Rene C. Davidson Courthouse, 1225 Fallon Street
Oakland, California, 94612

CASE NUMBER:
*(Número del Caso):* **17886753**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Heather M. Sager, 275 Battery St., Ste. 2464, San Francisco, CA  94111 (415) 749-9500

DATE:
*(Fecha)* December 20, 2017

Clerk, by *(Secretario)* **Chad Finke** / **D. OLIVER**, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)
   [ ] CCP 416.20 (defunct corporation)
   [ ] CCP 416.40 (association or partnership)
   [ ] other *(specify):*

   [ ] CCP 416.60 (minor)
   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.90 (authorized person)

4. [✓] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FAXED

1 | VEDDER PRICE (CA), LLP
2 | Heather M. Sager, Bar No. 186566
hsager@vedderprice.com
Ayse Kuzucuoglu, Bar No. 251114
3 | akuzueuoglu@vedderprice.com
275 Battery Street, Suite 2464
4 | San Francisco, California 94111
T: +1 415 749 9500
5 | F: +1 415 749 9502

6 | Attorneys for Plaintiffs
STEEP HILL LABORATORIES, INC., and
7 | JMICHAELE KELLER

8

**ENDORSED**
**FILED**
ALAMEDA COUNTY

DEC 2 0 2017

~~~~~~~~~~~~~~~ COURT
By: D. OLIVER, Deputy

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF ALAMEDA

11 | RG 17886732

12 | STEEP HILL LABORATORIES, INC., and
JMICHAELE KELLER,

13

Plaintiffs,

14

v.

15 | DAVID H. MOORE, an individual; and DOES
16 | 1 through 10, inclusive,

17 | Defendants.

18

19

20

21

22

23

24

25

26

27

28

Case No. _____

**PLAINTIFFS' COMPLAINT FOR
DECLARATORY, AND INJUNCTIVE
RELIEF, AND DAMAGES AND
DEMAND FOR JURY TRIAL**

1. Defamation

2. Invasion of Privacy

3. Intentional Interference with
Prospective Economic Relations

4. Intentional Interference with
Contractual Relations

5. Civil Stalking – Civil Code § 1708.7

6. Breach of Contract

7. Intentional Infliction of Emotional
Distress

**Complaint Filed:**

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#49645 3

PLAINTIFFS' COMPLAINT
[CASE NO. _____ ]

FAXED COPY

Plaintiffs Steep Hill Laboratories, Inc. ("Steep Hill") and Jmichaele Keller ("Keller") (collectively, "Plaintiffs") complain and allege as follows:

## THE PARTIES

1.      Plaintiff Steep Hill Laboratories, Inc. is, and at all times mentioned in this Complaint was, a corporation, incorporated under the laws of the State of Delaware, with its principal place of business in Berkeley, California.

2.      Plaintiff Jmichaele Keller is, and at all times mentioned in this complaint was, an individual, maintaining a residence in the Netherlands, and working for Steep Hill in Berkeley, California.

3.      Plaintiffs are informed and believe and thereon allege that, at all relevant times, Defendant David H. Moore ("Defendant") has been and is an individual residing in Clark County, Nevada.

4.      Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are presently unknown to Plaintiffs. When said true names and capacities are determined, Plaintiffs will amend this Complaint by inserting such information.

## JURISDICTION AND VENUE

5.      Subject matter in this action is properly heard in this Court, as the action incorporates an amount in controversy, as set forth in this Complaint, that exceeds $25,000.

6.      This Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure § 410.10 because Defendant purposefully directed his conduct towards the state of California with knowledge that his conduct would cause harm in the state and the conduct has caused injuries in the County of Alameda and State of California.

7.      Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395, because Defendant caused injuries in the County of Alameda.

## GENERAL ALLEGATIONS

8.      Defendant is a former employee of a company owned by Keller known as MeetingMatrix International, Inc. ("MeetingMatrix"). Defendant worked at MeetingMatrix from

VEDDER PRICE (CAL) LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFFS' COMPLAINT
[CASE NO. _____ ]

1    January 23, 2000 through September 4, 2002 and signed an Employment Agreement
2    acknowledging that he was an employee of the Company.

3        9.    Following the termination of his employment, Defendant claimed that he was
4    owed part of MeetingMatrix and refused to return MeetingMatrix property that was in his
5    possession, resulting in a lawsuit against him by MeetingMatrix, which later settled out of court.

6        10.    Following the settlement, Defendant and Meeting Matrix entered into a General
7    Release and Confidentiality Agreement ("Agreement") on November 27, 2002. (See Exhibit A,
8    the General Release and Confidentiality Agreement Defendant signed on November 27, 2002.)

9        11.    Among other provisions, the Agreement contains a Non-Disparagement clause that
10   states: "The parties agree not to make, utter, publish, reveal or otherwise disseminate any remarks
11   disparaging, defaming, negating, or diminishing the conduct, status, nature or character of the
12   other party, their officers, directors, shareholders, servants, employees, agents, and/or their
13   attorneys." (Exhibit A.)

14       12.    The Agreement also contains a Liquidated Damages provision which states:
15   "Moore agrees to use his best efforts to comply with the provisions of this Agreement. If Moore
16   breaches this agreement, MeetingMatrix shall be entitled to liquidated damages of sixteen
17   thousand dollars ($16,000). The parties agree that this clause represents a reasonable estimate of
18   the fees involved in settling this matter, which would be lost by MeetingMatrix in the event of a
19   breach of this Agreement, and is not a penalty." (Exhibit A.)

20       13.    Since his separation from MeetingMatrix, Defendant developed a personal
21   vendetta against Keller and has intentionally engaged in a pattern of bizarre and severely harmful
22   physical and verbal conduct towards Keller and his reputation.

23       14.    Keller started working as the CEO of Steep Hill on December 2, 2015.

24       15.    On November 15, 2017, while Keller was attending the MJBiz Con / Marijuana
25   Business Conference in Las Vegas ("MJBiz Conference") on behalf of Steep Hill, Defendant
26   approached Keller and started yelling at him loudly during which time a large number of people
27
28

PLAINTIFFS' COMPLAINT
[CASE NO. _____]

1  around them could hear him. Defendant then proceeded to "body slam" Keller three times and

2  pushed him back against an exhibit booth until three people physically pulled him off of Keller.

3      16.    While being escorted out of the MJBiz Conference, Defendant threatened several

4  bystanders on the way, stating that he "will kick their fucking ass." A witness to the incident

5  reported in the police report, "If I hadn't removed [Defendant] from the area, I believe he would

6  have ended up fighting other people as he was extremely agitated and violent."

7      17.    Moore has intentionally distributed written materials containing false and

8  slanderous information about Keller and Steep Hill to industry leaders, potential and existing

9  business partners and investors with the intent to harm the professional reputation of Keller and

10  business prospects of Steep Hill. These actions include the following:

11      (a)    Defendant handed out flyers to various attendees, as well as, left stacks of

12  the flyers in numerous locations at the MJBiz Conference which used the following terms to refer

13  to and/or describe Keller: "diagnosed sociopath," "narcissistic personality disorder," "proven

14  sexual harasser," "greedy demonic scumbag," "left wife destitutute w (sic) PTSD," "partner jerry

15  murdered," "Jerry's wife fleeced for $" and "minority partner robbed." The defamatory flyers

16  Defendant published at the conference also stated, "DO NOT TRUST STEEP HILL LABS NEW

17  OWNER AND CEO J. MICHAEL KELLER."

18      (b)    Defendant sent a copy of the fliers he handed out at the  MJBiz Conference

19  to Henry Finkelstein, the Founder of Cannabis Big Data.

20      (c)    On November 19, 2017, Defendant contacted one of Steep Hill's Israeli

21  investors on LinkedIn and sent him messages stating "Jmichaele Keller is a worthless scumbag.

22  DO NOT DO BUSINESS WITH HIM" and also forwarded to him copies of the defamatory fliers

23  Moore handed out at the MJBiz Conference.

24      (d)    Defendant sent copies of the defamatory fliers he handed out at the MJBiz

25  Conference to Jason Adler, the Managing Partner at Gotham Green Partners, by mail.

26      18.    In any fund raising for Steep Hill, Keller's integrity is paramount in any investor's

27  mind. Defendant's actions have already tainted that perception with current and potential

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

PLAINTIFFS' COMPLAINT
[CASE NO. _____ ]

1   investors as evidenced by the fact that four current investors of Steep Hill requested
2   teleconferences with Keller since Defendant's attack, asking for an explanation of Defendant's
3   defamatory statements, flyers and actions. They have expressed concern regarding Defendant's
4   actions and comments in the context of weighing whether to invest further in Steep Hill.
5   Plaintiffs are concerned they might withdraw their support if this behavior is not discredited or is
6   allowed to continue, to the extreme detriment of Steep Hill's corporate livelihood and Keller's
7   professional career.

8        19.    Defendant also has created a bizarre website that contains outrageous and
9   degrading accusations against Keller and several other individuals (including three dentists who
10  treated Defendant, whom he calls "demonic dentists" and "greedy men who torture and extort").
11  (See http://davidhmoore.weebly.com/meeting-matrix.html.) For example, in his website,
12  Defendant claims that Keller is a "homosexual predator," who professed his love for Defendant,
13  sexually harassed him and fired him for refusing to have sex with Keller.  (Id.)

14       20.    Plaintiffs are so concerned about future attacks by Defendant that they are
15  contemplating hiring additional security to accompany Keller to a currently scheduled conference
16  to ensure his safety.

17       21.    Keller is very embarrassed to learn that that several people in his professional
18  circle heard about the incident and read Defendant's defamatory statements about him. For
19  example, on November 21, 2017, Mitch Baruchowitz, the Managing Partner of Merida Capital
20  Partners, sent and e-mail to Keller with the headline "Did you get choked in Vegas?" and asked,
21  "heard some crazy story about you getting assaulted – what the heck?"

22       22.    Defendant has caused Keller severe mental and emotional anguish, disrupted his
23  personal life and is trying to ruin his career, all of which also impacts Steep Hill's business.
24  Moreover, the business concerns of Steep Hill, including the livelihood of third parties employed
25  by the Company, are directly impacted by loss of investor confidence and the negative impact on
26  Plaintiffs' ability to seek and obtain continued financial support as the Company grows.

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

SAN FRANCISCO/#49645.3

PLAINTIFFS' COMPLAINT
[CASE NO. _____ ]

23. Defendant's defamatory statements are not only false and unfounded, they are also outrageous and violate the laws of the State of California. As a result of Defendant's conduct, Plaintiffs have suffered severe harm in the form of damage to reputation, invasion of privacy, loss of business opportunities, and loss of employees and goodwill, as well as emotional distress to Keller.

## FIRST CAUSE OF ACTION
[By All Plaintiffs - Defamation – slander, slander *per se*, libel, libel *per se*]

Plaintiffs hereby incorporate by reference Paragraphs 1 through 23 of this Complaint as if fully set forth herein, and for a cause of action allege as follows:

24. Defendant, via his various acts, negligence and omissions, has intentionally and/or recklessly and/or negligently caused to be published certain statements and allegations concerning Plaintiffs that are defamatory, slanderous and/or libelous to Plaintiffs.

25. The defamatory statements included the flyers posted and distributed in public locations at the MJBiz Con / Marijuana Business Conference, in Las Vegas, Nevada between November 14 and 17, 2017. Potential investors and customers of Steep Hill attended the conference where the posters were in public view in multiple locations.

26. Among others, the defamatory statements on the flyers included that Keller is a "homosexual predator," that he tried to "seduce [another individual] into a three way sexual encounter during the interview process," that Keller sexually harassed Defendant and that Keller is a "diagnosed sociopath," a "proven scumbag" and a "greedy demonic scumbag." The posters also stated, "DO NOT TRUST STEEP HILL LABS NEW OWNER AND CEO J. MICHAEL KELLER." All of the statements were false.

27. The statements were published in writing and included a picture of Keller, which constitutes libel *per se* because their defamatory nature is apparent.

28. Upon information and belief, Defendant has made similar verbal statements directly to Keller at the MJBiz Conference. Many of the verbal statements constitute slander *per se* because they accuse Keller of criminal activity and/or unethical and incompetent business conduct.

- 6 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#49645 3

PLAINTIFFS' COMPLAINT
[CASE NO. _____ ]

29.     As a proximate result of the above-described publication, Keller has suffered loss to his business and professional reputation, embarrassment, humiliation and loss of enjoyment of life. Defendant's statements also have tarnished Steep Hill's professional reputation and are likely to cause loss of business, prevent investment in the company and lower the Company's valuation.

30.     Upon information and belief, in engaging in the above conduct, Defendant and DOES 1-10 inclusive, and each of them, acted with malice, oppression and/or fraud, entitling Plaintiffs to exemplary and punitive damages.

### SECOND CAUSE OF ACTION
**[By Keller only - Invasion of Privacy – False Light]**

Keller hereby incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

31.     Defendant published the false statements described in Paragraphs 15 through 17, among others, by posting flyers at the MJBiz Conference, as well as by publishing false statements on his website.

32.     These statement are false and are highly offensive to a reasonable person.

33.     Defendant intentionally, or with reckless disregard, published these statements to harm Keller.

34.     The statements have caused emotional distress to Keller and reputational harm to Steep Hill.

### THIRD CAUSE OF ACTION
**[Intentional Interference with Prospective Economic Relations]**

Plaintiff hereby incorporate by reference Paragraphs 1 through 23 of this Complaint as if fully set forth herein, and for a cause of action allege as follows:

35.     Steep Hill has numerous potential customers and investors. Defendant was aware of these customer and investor relationships, and he intentionally interfered with Plaintiffs' business by writing defamatory statements about Plaintiffs.

- 7 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN FRANCISCO/#49645.3

PLAINTIFFS' COMPLAINT
[CASE NO. _ ___|

36.    Upon information and belief, Plaintiffs believe Defendant sent e-mails, LinkedIn messages and other communication via mail to investors containing defamatory statements and encouraging them not to do business with Plaintiffs, including the flyer described in Paragraph 17.

37.    Defendant's actions have cast doubt on investors' confidence in the Plaintiffs as evidenced by the fact that four current investors of Steep Hill requested teleconferences with Keller since Defendants' attack, asking for an explanation of Defendant's defamatory statements, flyers and actions. They have expressed concern regarding Defendant's actions and comments in the context of weighing whether to invest further in Steep Hill.

38.    Defendant's intentional false statements caused Steep Hill to lose business and potential investor opportunities, and they also directly harmed Keller's business reputation, which will impact his future earnings and business dealings.

## FOURTH CAUSE OF ACTION
### [Intentional Interference with Contractual Relations]

Plaintiff hereby incorporate by reference Paragraphs 1 through 23 of this Complaint as if fully set forth herein, and for a cause of action allege as follows:

39.    Steep Hill has ongoing contracts with its current and potential investors. Defendant was aware of these contracts, and by publishing defamatory statements about Plaintiffs, he intended to do harm.

40.    Upon information and belief, Plaintiffs believe Defendant sent e-mails, LinkedIn messages and other communication via mail to investors containing defamatory statements and encouraging them not to do business with Plaintiffs, including the flyer described in Paragraph 17.

41.    Many of Steep Hill's potential investors also attended the MJBiz Conference at which Defendant distributed defamatory flyers about Plaintiffs, including the statement: "DO NOT TRUST STEEP HILL LABS NEW OWNER J. MICHAEL KELLER." Steep Hill's investors viewed these flyers. In fact, four current investors of Steep Hill requested teleconferences with Keller since Defendants' attack, asking for an explanation of Defendant's

- 8 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN FRANCISCO/#49645.3

PLAINTIFFS' COMPLAINT
[CASE NO. _____ ]

1    defamatory statements, flyers and actions.  They have expressed concern regarding Defendant's

2    actions and comments in the context of weighing whether to invest further in Steep Hill.

3        42.    Because of Defendant's actions, Plaintiffs will now face more difficulty securing

4    investments in Steep Hill.

5        43.    Defendant's intentional false statements caused Steep Hill to lose business and

6    investors and also directly harmed Keller's business reputation, which will impact his earnings

7    and business dealings.

8                                FIFTH CAUSE OF ACTION
9        [By Keller Only - Civil Stalking – Civil Code § 1708.7]

10       Keller hereby incorporates by reference Paragraphs 1 through 23 of this Complaint as if

11   fully set forth herein, and for a cause of action alleges as follows:

12       44.    Defendant has engaged in a pattern of stalking conduct towards Keller over a

13   period of time.  He created a website that disparages Keller.  On his website, Defendant calls

14   Keller a "homosexual predator," who he claims professed his love for Defendant, sexually

15   harassed him and fired him for refusing to have sex with Keller.  These accusations are not only

16   false and unfounded, but also outrageous.

17       45.    Defendant also followed Keller to the MJBiz Conference in Las Vegas, Nevada

18   and physically assaulted him at the Conference.  This demonstrates that Defendant represents a

19   credible threat to Keller.

20       46.    Defendant intended and intends to follow, alarm and harass Keller.  In fact,

21   Plaintiffs are so concerned about future attacks by Defendat that they are contemplating hiring

22   additional security to accompany Keller to currently scheduled conference to ensure his safety.

23       47.    Therefore, Keller is in fear for his safety and, as a result, has suffered substantial

24   emotional distress.

25

26

27

28

## SIXTH CAUSE OF ACTION
### [By Keller Only – Breach of Contract]

1.      Keller hereby incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

2.      Defendant and Meeting Matrix, Plaintiff Keller's former company, entered into a General Release and Confidentiality Agreement on November 27, 2002.

3.      Both parties possessed contractual capacity at the time of contracting and signed the agreement for mutual consideration. Defendant signed the agreement before a notary public.

4.      Among other provisions, the Agreement contains a Non-Disparagement clause that states: "The parties agree not to make, utter, publish, reveal or otherwise disseminate any remarks disparaging, defaming, negating, or diminishing the conduct, status, nature or character of the other party, their officers, directors, shareholders, servants, employees, agents, and/or their attorneys."

5.      The Agreement also contains a Liquidated Damages provision which states: "Moore agrees to use his best efforts to comply with the provisions of this Agreement. If Moore breaches this agreement, MeetingMatrix shall be entitled to liquidated damages of sixteen thousand dollars ($16,000). The parties agree that this clause represents a reasonable estimate of the fees involved in settling this matter, which would be lost by MeetingMatrix in the event of a breach of this Agreement, and is not a penalty."

6.      Keller was the founder and owner and an officer of MeetingMatrix and was and is covered by the Non-Disparagement provision.

7.      Defendant made, uttered, published, revealed, and otherwise disseminated remarks that disparage, defame, negate, and diminish the conduct, status, nature, and character of Keller, as described above, thereby breaching the Non-Disparagement provision and the contract.

8.      The statements have harmed Keller and Keller has suffered loss to his business and professional reputation, embarrassment, humiliation and loss of enjoyment of life.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN FRANCISCO/#49645.3

PLAINTIFFS' COMPLAINT
[CASE NO. ____ ]

9.      The contract specifically states that it will "inure to the benefit of, and be binding on, the parties, their heirs, executors, administrators, estates, servants, agents, employees, affiliates, personal representatives, successors, and assigns of the undersigned."

10.     As a result of this breach, Defendant is responsible for liquidated damages in an amount not less than $16,000.

## SEVENTH CAUSE OF ACTION [By Keller Only - Intentional Infliction of Emotional Distress]

Plaintiff hereby incorporates by reference Paragraphs 1 through 23 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

11.     Defendant's defamatory statements included outrageous statements.

12.     Defendant intentionally published these statements to cause Keller emotional distress or acted with reckless disregard in publishing these statements.

13.     Keller has suffered severe emotional distress as a result. Keller is very embarrassed to learn that several people in his professional circle heard about the incident and read Defendant's defamatory statements about him. Moore has caused Keller severe mental and emotional anguish, disrupted his personal life and is trying to ruin his career, all of which directly impacts Steep Hill's business.

14.     Defendant's malicious, oppressive and/or fraudulent conduct entitles Keller to exemplary and punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby formally demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant:

1.      for a judgment declaring the acts of the Defendant described herein violate California law.

2.      for a Temporary Restraining Order, a preliminary injunction, and a permanent injunction ordering Defendant, his successors, agents, representatives, and all persons acting in concert with him, to: (1) remove the website http://davidhmoore.weebly.com/meeting-

- 11 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN FRANCISCO/#49645.3

PLAINTIFFS' COMPLAINT
[CASE NO. _____]

1   matrix.html; (2) refrain from distributing any type of defamatory communication about Plaintiffs,

2   including flyers and e-mails, and (3) not go within 100 feet of Plaintiff Keller or Steep Hill

3   business.

4       3.    for damages not less than $16,000 for the breach of contract claim;

5       4.    for all general damages, in a sum to be proven at trial, which is estimated to be in

6   excess of $1,000,000;

7       5.    for all special damages, in a sum to be proven at trial;

8       6.    for exemplary and punitive damages, as allowed by law and in a sum to be proven

9   at trial;

10      7.    for costs and fees incurred herein;

11      8.    for attorneys' fees, as permitted by law; and

12      9.    for such other and further relief as the Court may deem just and proper.

13  Dated: December 20, 2017          VEDDER PRICE (CA), LLP

14

15                      By: _____

16                           Heather M. Sager
                         Ayse Kuzucuoglu

17

18                      Attorneys for Plaintiffs
                    STEEP HILL LABORATORIES, INC., and
                    JMICHAELE KELLER

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#49645.3

PLAINTIFFS' COMPLAINT
[CASE NO. _____]

EXHIBIT A



QUIRK [IP] TRATOS

INTELLECTUAL PROPERTY ›INTERNET›ENTERTAINMENT·LAW

† NEVADA AND CALIFORNIA BAR
† REGISTERED PATENT ATTY
• CALIFORNIA BAR ONLY

David H. Moore
697 Vineland Avenue
Henderson, NV  89012

> RE    MeetingMatrix International, Inc. v. David H. Moore
> Our Ref. No.: 5032.0.0002

Dear Mr. Moore:

Enclosed please find a copy of the executed General Release, Settlement and
Confidentiality Agreement.

This will also confirm that the equipment has been returned to MeetingMatrix
International.

Also enclosed is a copy of the Notice of Dismissal. The notice has been
forwarded to the court for filing.  Upon receipt of a file-stamped copy, we will provide
you with a copy of same.

In the meantime if you have any questions or comments, please do not hesitate
to contact our offices.

Very truly yours,

W. West Allen

WWA:spc
Enclosures

cc: Christian Hardigree via e-mail

DISTRICT COURT

CLARK COUNTY, NEVADA

MEETINGMATRIX INTERNATIONAL
INC., a Delaware corporation.

     Plaintiff

v.

David H. McGuire, an individual;
and Does 1 of 1 through 10 inclusive,

    Defendants

CASE NO:   A457900
DEPT NO:   2

NOTICE OF DISMISSAL

Pursuant to the settlement agreement between the parties herein
MEETINGMATRIX INTERNATIONAL INC. hereby dismisses the above-entitled action with
prejudice, each party to bear its own attorney's fees and costs.

By                                     , Nevada Bar No. 6841
                            , Nevada Bar No.
1771 Howard Hughes Parkway
Suite 600 North
Las Vegas, Nevada 89109

Attorneys for Plaintiff
MeetingMatrix International, Inc.

GENERAL RELEASE, SETTLEMENT
AND CONFIDENTIALITY AGREEMENT

THIS GENERAL RELEASE, SETTLEMENT AND CONFIDENTIALITY AGREE-MENT (herein the "Agreement") is entered into as of the effective date shown on page five (5) between:

Plaintiff MEETINGMATRIX INTERNATIONAL, INC. (hereinafter "MeetingMatrix") and Defendant DAVID H. MOORE (hereinafter "Moore")

NOW, THEREFORE, for good cause and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties do hereby mutually agree as follows:

1. GENERAL RELEASE AND SETTLEMENT

A.     In exchange for the aggregate sum of Twelve Thousand Five Hundred and Nine Dollars and Fifty-Three Cents ($12,509.53) (minus applicable payroll taxes) and the General Release, Settlement and Confidentiality Agreement contained herein, Moore he . . . . . . . . . . . . . . . . . the condition of property described in Exhibit 1 to this Agreement by . . . . . . . . . . . . . . . . . . . . . . . . & Tratos, located at 3773 Howard Hughes Parkway . . . . . . . . . . . . . . . . . . . . . Nevada 89109. In addition, Moore unconditionally releases . . . . . . . . . settlement . . . . . . MeetingMatrix and da Vinci Holdings, Ltd. ("da Vinci") . . . . . . . . . . . . . . . . . . . . . . holders, servants, employees, agents and/or attorneys . . . . . . . . . . . . . . . . . . . . . s, debts, causes of action, suits or liability of any kind . . . . . . . . . . . . . . . . . . . . . known or unknown, which Moore has ever had, now has . . . . . . . . . . . . . . . . . . . Matrix and da Vinci and their officers, directors, shareholders, servants, employees, agents and/or attorneys upon or by reason of any matter or cause, including, but not limited to, those alleged in the Complaint and all pending . . . . . . . . . . . No . . . . . . . . . . . . Clark . . . . . . . . . . . . . . . . Nevada or which . . . . . . in any . . . . . . . . . . . . . . . for . . . . . . . . . . . . . . . . . . . . . .

B.     In connection with the General Release granted herein, Moore and related entities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . dar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . in addition to . . . . . . . . . . . . . . . . . . . . . . . . . . . . benefit to the base will test . . . . . . . . . . . . . . . . . . . . . . . . . ertheless, Moore and related entities intend, this . . . . . . . . . . . . . . . . . . . . . . f their own counsel, to settle and to release fully . . . . . . . . . . . . . . . . . . . . ors, and all claims, demands, damages, debts, claims . . . . . . . . . . . . . . . . . . . . . . thereto, which do now exist, may exist, or . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . with Confidentiality . . . . . . . . . . . . . . . . . . ployees, . . . . . . . . . . . . . . . shareholders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . the MeetingMatrix . . . . . . . . . . . . . . . . . . Agreement dated January 23, 200_ and . . . . . . . . (5) of the . . . . . . . . MeetingMatrix International, Inc. Standard . . . . . . . . e Agreement dated June 9, 200_, which remain in full force and effect, except as explicitly stated herein.

C.     In connection with the General Release granted herein, MeetingMatrix and any of its subsidiaries, employees, directors, officers, shareholders, agents, and assigns acknowledge that there may be claims, demands, damages, causes of action, suits, or liability presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters complained of in the Complaint and all pleadings in Case No. A457900 on file in the Clark County District Court, State of Nevada. Nevertheless, MeetingMatrix and related entities intend, through this agreement, and upon advice of their own counsel, to settle and compromise fully, finally, a _____ in each of all such matters, and all ____s, ____ands, ____ or ____ clauses of action, suits, or liability relative thereto, whether known or unknown, which do now exist or _____ exist or have ____ existed _____ to the ___ suit or matter identified in this _____ or the pleadings filed in ____ matter in the Clark County District Court, _____ of Nevada. In no ____ the ____ agree to waive ____ever costs and any incidental _____ _____ associated with _____ arising _____ _____ with or enforcing this Agreement.

D.     Moore and related entities represent, and warrant by promise of defense, ___ ___ hold harmless and indemnity, that: (1) Moore has authority, to enter into this Agreement in order to effectuate a total and complete settlement; and (2) that Moore has not sold, assigned, granted, or transferred to any other person, firm, corporation, or entity, any claim, cou_____ claim, de___and, or _____ ____ assuming, arising or existing prior to the date of this Agreement.

E.     MeetingMatrix represents, and warrants by promise of defense, holding harmless and indemnity, that: (1) MeetingMatrix has authority to enter into this Agreement in order to effectuate a total and complete settlement; and (2) that MeetingMatrix has not sold, assigned, granted or transferred to any other person or firm, corporation, or entity, any claim, counterclaim, demand, ___ ___ of which to any other person, firm ___ existing prior to the date of this Agreement.

F.     Moore acknowledges that during the term of his employment with MeetingMatrix, he has acquired, ___ became acquainted with various trade secrets and other confidential information, including but not limited to, financial information, product ____, ___ ___, sales and marketing ___ ___ ___, ___ methods and statistics, plans of ____ ____, ___ ___ business strategies, ___ ___ ____ plans, ___ sources ___ and job, employee relationships, ____ _____ ___ ___ ___ its customers and/or other business information, improvements, inventions, fo_____ ___ ___, processes, ___ of business processes, and business strategies (collectively "trade secrets"), all of which are owned by MeetingMatrix and ___ ___ in the operation of MeetingMatrix's business. Moore specifically agrees that he shall not ___ use, misappropriate, or disclose any of MeetingMatrix's trade secrets or confidential information, directly or indirectly, to any other ___ ___ whatsoever, in ___ or in perpetuity. Moore acknowledges and agrees that to ____ ___ unauthorized ____ or disclosure of any of MeetingMatrix's trade secrets or confidential information obtained by Moore during the course of his employment with MeetingMatrix, ___ ___ ___ ___ Moore shall ____ cause to any future and ____ ___ network ___ ___ ___ the ___ ___ ___ ___ ___ loss of business, or ___ ___ loss of business ___ ___ ___ ___ ___ ___ ___ thereof

_____

constitute unfair competition. Moore agrees not to engage in any unfair competition with MeetingMatrix. Moore further agrees not to compete with MeetingMatrix for a period of one (1) year from the execution date of this Agreement. Moore further agrees that all files, record, documents, drawings, specifications, compilations, and similar items relating to MeetingMatrix's business, whether prepared by Moore or others, are and shall remain exclusively the property of MeetingMatrix and that all such information, including backup and documentation, shall be returned to MeetingMatrix immediately upon execution of this Agreement. Moore further agrees that there is an ongoing duty to return all originals and copies of all Moore-Matrix information and confidential information in his custody, possession or control to MeetingMatrix in perpetuity.

## 2.    DISMISSAL OF ACTION WITH PREJUDICE.

Upon execution of this Agreement, delivery of MeetingMatrix property as set forth in Exhibit 1 to this Agreement, and payment of the consideration indicated in Paragraph 1(A) the parties agree that the legal action referred to in Paragraph 1(A) will be dismissed with prejudice, all parties to bear their own attorneys' fees and costs.

## 3.    NO ADMISSIONS.

It is expressly understood and agreed that the execution of this Agreement and that each and the each of the consideration for which it is being paid, is in settlement and compromise of disputed claims and nothing in this instrument whatsoever is to be a admission of liability by any party hereto.

## 4.    NON-DISCLOSURE, NON-DISPARAGEMENT.

A.    Non-Disclosure. It is further understood and agreed that the terms and conditions of this Agreement shall remain confidential and that such confidentiality is a material element of this Agreement. The parties hereto warrant and agree that they, their attorneys shall not disclose to any person the specific terms and conditions of this agreement unless disclosure is part of this process or pursuant to such disclosure as required by law, court order, or other legal or administrative rule of law or regulation or to satisfy the tax and reporting obligations to which the parties may be subjected.

B.    Non-Disparagement. The parties agree not to make, utter, publish, reveal or otherwise disseminate any remarks disparaging, defaming, negating, or diminishing the conduct, status, nature, or character of the other party, their officers, directors, shareholders, servants, employees, agents, and/or their attorneys.

## 5.    GENERAL PROVISIONS.

A.    Entire Agreement. This Agreement constitutes the entire agreement between the parties to this Agreement, and supersedes all prior agreements, except as set forth in paragraph 1 and 2 above, which all prior and with the exception of paragraph 1 and 2 above, which all parties agree to any. And the duration of the non-compete shall be governed by the Employment Agreement dated January 31, 2000 and paragraph five (5) of the Addendum. Any conflict in information from that data

Employee Agreement dated June 9, 2001. No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by all the parties. No waiver of a ... [illegible] ... shall constitute a waiver in any other ... [illegible] ... or a waiver ... [illegible] ... waiver. No waiver shall be binding unless ... [illegible] ... by the party ... the waiver.

B.   [illegible heading].   This Agreement may not be modified, ... [illegible], or supplemented, nor ... [illegible] obligations hereunder be waived, except by written instrument signed by the party to be charged or by its agent duly authorized in writing or as otherwise expressly permitted herein.

C.   [illegible heading].   Moore acknowledges that the rights granted to MeetingMatrix constitute ... [illegible] ... at law; accordingly, a breach by Moore of ... [illegible] ... this Agreement ... [illegible] ... MeetingMatrix irreparable injury and damage. MeetingMatrix shall be entitled, as a matter of right ... without further ... to ... [illegible] ... temporary restraining ... or other ... relief ... [illegible] of any ... agreement by Moore ... the right ... [illegible] ... shall be in addition to and not in lieu of any other right and remedies which MeetingMatrix may have, whether at law or in equity, or for damages or otherwise.

D.   [illegible heading].   Moore agrees to use his best efforts to comply with the provisions of this Agreement. If ... [illegible] ... MeetingMatrix shall be entitled to liquidated damages of ... [illegible] ... $ ... 0 ... [illegible] ... agree that this clause represents a reasonable estimate of ... [illegible] ... something that matter which would be lost by MeetingMatrix in the event of a breach of this Agreement, and is not a penalty.

E.   [illegible heading].   No waiver of any breach of any agreement or provision ... herein ... [illegible] ... shall be ... [illegible] ... a waiver of any ... [illegible] or succeeding breach ... [illegible] of any ... [illegible] agreement or provision ... herein contained.

F.   [illegible heading].   The paragraph headings appearing in this Agreement have been inserted for the purpose of convenience and ready reference. They do not purport to, and shall not be deemed to, define, limit, or extend the scope or intent of the paragraphs to which they relate.

G.   [illegible heading].   Each party acknowledges that in entering into and executing this Agreement he ... [illegible] ... in respect to ... terms and ... [illegible] ... advice of an attorney ... [illegible] ... his own ... [illegible] ... and is not relying upon the representations of any other party hereto unless ... [illegible] ... forth herein in writing.

H.   [illegible heading].   Each party to this Agreement has reviewed this Agreement, and the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in any interpretation of this Agreement.

L. ............... This Agreement shall be construed and enforced under Nevada law. The parties represent that the undersigned have the right, power, legal capacity and authority to enter into and perform their obligations under the Agreement and no approvals or consents of any other persons or entities other than the individuals ........................................................................................................................ heirs, executors, administrators, estates .................................................................... representatives, successors, and assigns of the undersigned.

IN WITNESS WHEREOF, each of the parties has executed this Agreement, or has caused this Agreement to be executed by their duly authorized representatives, as of the date set forth below.

Effective Date of Agreement _____ 2, 2002

THIS AGREEMENT CONTAINS A RELEASE AND WAIVER. READ CAREFULLY BEFORE SIGNING

David H. Moore

STATE OF NEVADA
            ss
COUNTY OF CLARK

On this the 27th day of November, 2002, before me personally appeared David H. Moore to me known to be the person named herein and who executed the foregoing GENERAL RELEASE, SETTLEMENT AND CONFIDENTIALITY AGREEMENT and who acknowledged that he/she voluntarily executed same.

_____
NOTARY PUBLIC

_____, Inc          _____
                                        Print Name: _____

STATE OF _____

COUNTY OF _____       )

On this the _____ day of _____, 2002, before me personally appeared Craig G Roy to me known to be the person named herein and who executed the foregoing GENERAL RELEASE, SETTLEMENT AND CONFIDENTIALITY AGREEMENT and who acknowledged that he/she voluntarily executed same.

_____
NOTARY PUBLIC

In the matter of [illegible]

## LIST OF PROPERTY

| ITEM DESCRIPTION | PRICE | RETURNED | COMMENTS |
|---|---|---|---|
| [illegible] | [illegible] | | Original ordered & HTP |
| [illegible] digital camera [illegible] | $1,469.90 | | [illegible] |
| NiCd [illegible] battery charger for [illegible] | $ 336.30 | | Can't Find |
| [illegible] NiCd [illegible] | $ 216.[?] | | |
| [illegible] | $5,173.53 | | No Carrying Case |
| [illegible] | [illegible] 8.95 | | Couldn't find cable |
| NEC [illegible] 0 Superscript Printer [illegible] | $ 84.95 | | printer never worked |
| [illegible] ing [illegible] on with monitor [illegible] | $ 576.12 | | [illegible] — in storage! YES |
| [illegible] olor Monitor and cable | See Latitude price | | [illegible] (Yes) |
| HP [illegible] Keyboard | $ 36.94 | | HP — YES |
| Logitech Trackball Mouse | $ 49.00 | | maybe |
| [illegible] | $ 905.96 | | NEVER HAD |
| [illegible] | $ 350.00 | | NO IDEA |
| [illegible] Adrive [illegible] air [illegible] | $ 734.00 | | gave to [illegible] YES |
| Canon XL16x Digital Camcorder | $4,175.00 | | NONE |
| [illegible] | $ 160.00 | | Package Rate? |
| Canon Battery Pack | $1,239.00 | | All camera batteries YES returned! |
| Canon XL1 Super Wide Angle Lens | | | |
| Canon XL1 Digital Camera HC-3500 Case | $ 205.00 | | YES |

| ITEM DESCRIPTION | PRICE | RETURNED | COMMENTS |
|---|---|---|---|
| | | | |
| | | | |
| U-900 tripod for use with all cameras | $  44.95 | | |
| Canon Filter Set | | | |
| | | | |
| Canon Optura Dual Battery Charger | $  150.00 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| MeetingMatrix Software CD ROMs | See Below | | |
| Demo disk for all MeetingMatrix Products | See Below | | |
| Meeting Matrix digital/electronic content | See Below | | |
| MeetingMatrix Product Guides | | | |
| MeetingMatrix Letterhead and | | | |
| Business Cards for MeetingMatrix customers and contracts | See Below | | |
| | | | |
| MeetingMatrix Lead Forms | | | |
| MeetingMatrix Marketing Collateral | | | |
| MeetingMatrix Business Plans and | | | |
| MeetingMatrix ___ and ___ info ___ | See Below | | |

| ITEM DESCRIPTION | PRICE | RETURNED | COMMENTS |
|---|---|---|---|
| Correspondence and Meeting, community leaders and Contacts | See Below | | |
| Cloud Storage Drive of Maximumtunx digital electronic content | See Below | | |
| Software and Routers and Computer applications onto his machine | See Below | | |
| General operation history and all the original business contacts | See Below | | |

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that the property as listed in the above-

referenced schedule were returned as such notes

Dated this

Garza & Yates
Suite 590 North 1771 Howard Hughes Parkway

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Heather M. Sager (SBN 186566); Ayse Kuzucuoglu (SBN 251114)<br>VEDDER PRICE (CA), LLP<br>275 Battery Street, Suite 2464<br>San Francisco, California 94111<br>TELEPHONE NO.: (415) 749-9500   FAX NO.: (415) 749-9502<br>ATTORNEY FOR *(Name):* Plaintiffs Steep Hill Laboratories, Inc., et al. | FOR COURT USE ONLY<br><br>*ENDORSED*<br>FILED<br>ALAMEDA COUNTY<br><br>DEC 20 2017<br><br>CLERK OF THE SUPERIOR COURT<br>By: D. OLIVER, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Steep Hill Laboratories, Inc., et al. v. David H. Moore

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG 17886732<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[✓] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  Seven (7)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 20, 2017
Heather M. Sager
_____        ▶ _____
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

FAXED

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

**Short Title:** Steep Hill Laboratories, Inc., et al. v. Moore

**Case Number:**

## CIVIL CASE COVER SHEET ADDENDUM

THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case? [ ] yes [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [X] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

Is the deft. in possession of the property? [ ] Yes [ ] No

202-19 (5/1/00)

A 13

1  VEDDER PRICE (CA), LLP
   Heather M. Sager, Bar No. 186566
2  hsager@vedderprice.com
   Ayse Kuzucuoglu, Bar No. 251114
3  akuzucuoglu@vedderprice.com
4  275 Battery Street, Suite 2464
   San Francisco, California 94111
5  T:  +1 415 749 9500
   F:  +1 415 749 9502
6
7  Attorneys for Plaintiffs
   STEEP HILL LABORATORIES, INC. and
8  JMICHAELE KELLER

9

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF ALAMEDA

12

13 | STEEP HILL LABORATORIES, INC., and        Case No. RG17886732
   | JMICHAELE KELLER,
14 |                                           ASSIGNED FOR ALL PURPOSES TO:
   |            Plaintiffs,                     HONORABLE RONNI MACLAREN
15 |                                           DEPARTMENT 25
   |     v.
16 |                                           **[PROPOSED] ORDER REGARDING**
   | DAVID H. MOORE, an individual; and DOES   **PRELIMINARY INJUNCTION**
17 | 1 through 10, inclusive,
   |                                           Date:     January 25, 2018
18 |            Defendants.                     Time:     9:00 a.m.
   |                                           Dept:     25
19 |                                           Judge:    Hon. Ronni MacLaren
20 |
   |                                           Trial Date: None set.
21 |                                           Date Action Filed: December 20, 2017

22

23

24

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Based upon Plaintiffs Steep Hill Laboratories, Inc. and Jmichaele Keller's Motion for

2  Preliminary Injunction, on the Memorandum of Points and Authorities in Support, on the

3  Supporting declarations attached thereto, including the Declaration of Ayse Kuzucuoglu

4  regarding notice, and on the argument of the parties made by counsel at the hearing on January

5  25, 2018, in Department 25 of the above-titled court, the following are ordered by this Court:

6                              **PRELIMINARY INJUNCTION**

7    Defendant, his agents, and/or any person acting on his behalf, is restrained and enjoined

8  from:

9    1.    Maintaining any website including defamatory statements about **Plaintiffs**; the

10  website http://davidhmoore.weebly.com/meeting-matrix.html and all related content shall be

11  taken down; and

12    2.    Distributing any type of defamatory communication about **Plaintiffs**, including

13  flyers, e-mails and posts on social media; and

14

15    3.    Going within 100 feet of Plaintiff Keller or of steep Hill Laboratories, Inc.'s

16  business address.

17      **IT IS SO ORDERED.**

18

19

20  Dated: January ___, 2018                    By: _____

                                                          Honorable Ronni Maclaren

21

22

23

24

25

26

27

28

- 2 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER REGARDING PRELIMINARY INJUNCTION
[CASE NO. RG17886732]

SAN FRANCISCO/#50602.1

1   VEDDER PRICE (CA), LLP
    Heather M. Sager, Bar No. 186566
2   hsager@vedderprice.com
    Ayse Kuzucuoglu, Bar No. 251114
3   akuzucuoglu@vedderprice.com
    275 Battery Street, Suite 2464
4   San Francisco, California 94111
    T: +1 415 749 9500
5   F: +1 415 749 9502

6   Attorneys for Plaintiffs
    STEEP HILL LABORATORIES, INC. and
7   JMICHAELE KELLER

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                              COUNTY OF ALAMEDA

11

12  STEEP HILL LABORATORIES, INC., and          Case No. RG17886732
    JMICHAELE KELLER,
13                                              ASSIGNED FOR ALL PURPOSES TO:
                 Plaintiffs,                    HONORABLE RONNI MACLAREN
14                                              DEPARTMENT 25
             v.
15                                              **PLAINTIFFS' NOTICE OF MOTION
    DAVID H. MOORE, an individual; and DOES     AND MOTION FOR PRELIMINARY
16  1 through 10, inclusive,                    INJUNCTION; MEMORANDUM OF
                                                POINTS AND AUTHORITIES IN
17               Defendants.                    SUPPORT THEREOF**

18                                              Date:      January 25, 2018
                                                Time:      9:00 a.m.
19                                              Dept:      25
                                                Judge:     Hon. Ronni MacLaren
20
                                                Trial Date: None set.
21                                              Date Action Filed: December 20, 2017

22

23

24

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503.2

1     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2     PLEASE TAKE NOTICE that on Thursday, January 25, 2018, at 9:00 a.m., in

3     Department 25 of the Alameda County Superior Court, located at 1221 Oak Street, Oakland,

4     California 94612, Plaintiffs Steep Hill Laboratories, Inc. ("Steep Hill") and Jmichaele Keller

5     ("Keller") (collectively, "Plaintiffs") will, and hereby do, move this Court for an order

6     preliminarily enjoining Defendant David M. Moore ("Defendant" or "Moore") from behavior

7     Plaintiffs contend amounts to defamation, invasion of privacy and stalking Keller, and

8     intentionally interfering with existing and prospective economic relations of Plaintiffs.

9     Specifically, Plaintiffs request that the Court order Defendant to permanently (1) take down the

10    website http://davidhmoore.weebly.com/meeting-matrix.html, which contains defamatory

11    statements about Plaintiffs, (2) refrain from distributing any type of defamatory communication

12    about Plaintiffs, including flyers and e-mails, and (3) not go within 100 feet of Plaintiff Keller or

13    Steep Hill's business (the "Motion").

14    On January 4, 2018, Plaintiffs brought an *Ex Parte* Application For Temporary

15    Restraining Order ("TRO") against Defendant, which the Court granted and set the coming

16    hearing requiring Defendant to show cause as to why a preliminary injunction should not issue

17    extending the TRO. Plaintiff was provided Notice of the TRO both by the Court and by the

18    Plaintiffs via e-mail.

19    Good cause exists to grant this Motion because the evidence demonstrates Plaintiffs are

20    likely to prevail on their underlying claims because Defendant has engaged in a pattern of

21    stalking Keller and has created a website that contains defamatory comments about him, such as

22    calling him a "homosexual predator," whom Defendant claims professed his love for Defendant,

23    sexually harassed him and fired him for refusing to have sex with Keller. Defendant also recently

24    physically assaulted Keller at a business conference where Keller was representing Steep Hill,

25    and has distributed flyers to Plaintiffs' business contacts, existing and potential investors in which

26    Keller is referred to and/or described as: "diagnosed sociopath," "narcissistic personality

27    disorder," "proven sexual harasser," "greedy demonic scumbag," "left wife destitutute w (*sic*)

28

- 1 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503 2

1  PTSD," "partner jerry murdered," "Jerry's wife fleeced for $" and "minority partner robbed."
2  The defamatory flyers also state, "DO NOT TRUST STEEP HILL LABS[sic] NEW OWNER
3  AND CEO J. MICHAEL KELLER." If this conduct continues, Plaintiffs will suffer irreparable
4  harm because such activities will materially inhibit and harm Plaintiffs' business and reputation,
5  which business is largely defendant on funding from investors and the loyalty of its customers.
6  Plaintiffs have no adequate, plain or speedy remedy at law.

7      This Motion is made pursuant to California Code of Civil Procedure sections 526 and 527
8  and California Rules of Court 3.1150(a) and is based upon the Verified Complaint and exhibits
9  filed in this action, this Motion, the accompanying Memorandum of Points and Authorities in
10  Support, the Declarations of Ayse Kuzucuoglu, Paul Klein and Jmichaele Keller and all exhibits
11  attached thereto, the pleadings and records on file herein, such further papers as may be filed in
12  connection with this Motion and such other evidence and arguments as may be presented to this
13  Court prior to or at the hearing on this Motion.

14  Dated: January 6, 2018                          VEDDER PRICE (CA), LLP

15

16                                                  By: _____
17                                                      Heather M. Sager
                                                        Ayse Kuzucuoglu
18                                                  Attorney for Plaintiffs
                                                    STEEP HILL LABORATORIES, INC. and
19                                                  JMICHAELE KELLER

20

21

22

23

24

25

26

27

28
                                            - 2 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503.2

1  MEMORANDUM OF POINTS AND AUTHORITIES

2  I.    INTRODUCTION

3        Plaintiffs seek issuance of a preliminary injunction enjoining Defendant from defaming

4  Plaintiffs, invading the privacy of and stalking Keller and intentionally interfering with existing

5  and prospective economic relations of Plaintiffs. Examples of the defamatory statements

6  Defendant made against Keller on a website he created and in flyers he handed out at a business

7  include "diagnosed sociopath," "narcissistic personality disorder," "proven sexual harasser,"

8  "greedy demonic scumbag," "left wife destitute w (sic) PTSD," "partner jerry murdered," "Jerry's

9  wife fleeced for $" and "minority partner robbed." The defamatory materials Defendant

10  published also include comments such as "DO NOT TRUST STEEP HILL LABS NEW

11  OWNER AND CEO J. MICHAEL KELLER." Plaintiffs have no choice but to bring this motion

12  for a preliminary injunction to protect their reputation, privacy and business interests and to halt

13  Defendant's continuing abusive and unlawful conduct that has caused and continues to cause

14  Plaintiffs irreparable harm, which, to date, includes at least the following:

15
   - Creating a website solely for the purpose of harassing and defaming Plaintiffs;
   - Appearing at a trade show in Las Vegas and attacking Keller in public and in front
16     of Steep Hill's business partners;
   - Distributing a pamphlet at the trade show in Las Vegas containing defamatory
17     statements against Steep Hill and Keller;
   - Making statements to Steep Hill's investors that are false, defamatory and
18     detrimental to the interests of Plaintiffs.

19        Injunctive relief is necessary to protect Keller, who feels unsafe due to Defendant's

20  stalking, and to prevent further injury to Plaintiffs' reputation, privacy and business interests.

21  Unless an injunction is entered immediately, Plaintiffs will continue to suffer irreparable harm in

22  the form of further damage to reputation, invasion of privacy, and loss of business opportunities

23  and goodwill, as well as further emotional distress to Keller. In contrast, an injunction will not

24  cause undue burden for Defendant, but will instead require him only to comply with the laws of

25  this state. Each of the actions Defendant committed outlined above and further detailed herein

26  was grossly inappropriate and against the law. For the foregoing reasons, Plaintiffs respectfully

27  request that this Court enter their requested preliminary injunction.

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503.2

1    II.    STATEMENT OF FACTS

2    Moore is a former employee of a company founded and previously owned by Keller,

3    which was known as MeetingMatrix International, Inc. ("MeetingMatrix"). (*See* Declaration of

4    Jmichaele Keller ("Keller Decl.") at § 2.) Moore worked at MeetingMatrix from January 23,

5    2000 through September 4, 2002 and signed an Employment Agreement acknowledging that he

6    was an employee of the Company. (*Id.*; Exhibit A, Moore's Employment Agreement with

7    MeetingMatrix.) Following the termination of his employment, Moore claimed that he was owed

8    part of MeetingMatrix and refused to return the MeetingMatrix property in his possession,

9    resulting in a lawsuit against Moore by MeetingMatrix, which later settled out of court. (*See*

10   Keller Decl. at § 3; Exhibit B, complaint by MeetingMatrix against Moore on November 27,

11   2002.)

12   Since his separation from MeetingMatrix, Moore developed a personal vendetta against

13   Keller and has intentionally been engaging in a pattern of bizarre and harmful conduct towards

14   Keller and his reputation. (*See* Keller Decl. at § 4.)

15   Keller started working as the CEO of Steep Hill on December 5, 2015. (*See* Keller Decl.

16   at § 1.) On November 15, 2017, while Keller was attending the MJBiz Con / Marijuana Business

17   Conference in Las Vegas (the "Conference") on behalf of Steep Hill, Moore (who had no reason

18   to be at the Conference) approached Keller and started yelling at him, and a large number of

19   people around them could hear him. (*See* Keller Decl. at § 5; Exhibit C, police report regarding

20   Moore's November 15, 2017 attack on Keller.) Moore then proceeded to "body slam" Keller

21   three times and pushed him back against an exhibit booth until three people pulled him off of

22   Keller. (*Id.*) While being escorted out of the Conference, Moore threatened several bystanders,

23   stating that he "will kick their fucking ass." (*Id.*) A witness to the incident reported in the police

24   report, "If I hadn't removed [Moore] from the area, I believe he would have ended up fighting

25   other people as he was extremely agitated and violent." (*Id.*)

26   Moore also handed out flyers at the Conference, which used the following terms to refer

27   to and/or describe Keller: "diagnosed sociopath," "narcissistic personality disorder," "proven

28

- 4 -

1  sexual harasser," "greedy demonic scumbag," "left wife destitutute w (sic) PTSD," "partner jerry

2  murdered," "Jerry's wife fleeced for $" and "minority partner robbed." The defamatory flyers

3  Moore published at the Conference also stated, "DO NOT TRUST STEEP HILL LABS NEW

4  OWNER AND CEO J. MICHAEL KELLER." (See Keller Decl. at § 6; Exhibit D, flyer

5  distributed by Moore at the Conference; See Declaration of Paul Klein ("Klein Decl.") at ¶¶ 3 &

6  4.

7         On November 17, 2017, while attending a meeting at the MJBiz Conference, Steep Hill's

8  interim Director of Human Resources saw Moore leaving copies of the same flyers about Keller

9  and Steep Hill outside of the men's bathroom near a conference room. (Klein Decl. at ¶ 5.) He

10  immediately contacted security to alert them that Moore was still distributing flyers at the MJBiz

11  Conference. A couple of security guards and Klein approached Moore. (Id.) When Moore

12  realized that security was about to stop him, Moore began shouting at Klein, "I will find you; you

13  are next" and kept glaring at him in a menacing way, which made Klein feel extremely threatened

14  and uncomfortable, resulting in his filing of a police report against Moore. (Id. at ¶¶ 5-6; Exhibit

15  B, Police Report filed by Klein against Moore.)

16         The day after this incident, Henry Finkelstein, the Founder of Cannabis Big Data, a

17  strategic business partner of Steep Hill, sent Keller an e-mail entitled "[s]mear campaign against

18  you personally," with copies of the fliers Moore handed out at the MJBiz Conference attached.

19  (See Keller Decl. at § 7; Exhibit E, November 16, 2017 e-mail Keller received from Finkelstein,

20  containing defamatory fliers handed out by Moore.)

21         On November 21, 2017, Keller received an e-mail from Mitch Baruchowitz, the Managing

22  Partner of Merida Capital Partners and former General Counsel of Steep Hill, entitled "Did you

23  get choked in Vegas?" In his e-mail, Baruchowitz asked, "heard some crazy story about you

24  getting assaulted – what the heck?" (See Keller Decl. at § 8; Exhibit E, November 21, 2017 e-

25  mail Keller received from Baruchowitz.) Merida Capital Partners is a current investor of Steep

26  Hill that is currently contemplating further investment and has been actively introducing Steep

27  Hill to other investors. (Id.)

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503.2

1    Keller have also learned that, on November 19, 2017, Moore contacted one of Steep Hill

2  Israel's founders/investors on LinkedIn, sent him messages stating "Jmichaele Keller is a

3  worthless scumbag. DO NOT DO BUSINESS WITH HIM" and also forwarded to him copies of

4  the defamatory fliers Moore handed out at the MJBiz Conference (see Exhibit D). (See Keller

5  Decl. at § 9; Exhibit G, LinkedIn messages Moore sent to Steep Hill Israel's investor.

6    On November 28, 2017, Keller received an e-mail from Jason Adler, the Managing

7  Partner at Gotham Green Partners, stating that he received copies of the defamatory fliers Moore

8  handed out at the MJBiz Conference (see Exhibit D) in the mail. (See Keller Decl. at § 10;

9  Exhibit H, November 28, 2017 e-mail Keller received from Adler. Just days before Moore's

10  assault, Gotham Green Partners invested monies in Steep Hill and had indicated they also would

11  invest in Steep Hill's next round of funding. (Id.) Given Moore's actions, Plaintiffs believe that

12  further investment is now in jeopardy. (Id.)

13    In any fund raising for Steep Hill, Kellers integrity as the CEO of Steep Hill is paramount

14  in any investor's mind. (See Keller Decl. at § 11.) Moore's actions have already tainted that

15  perception with current and potential investors as evidenced by the fact that four current investors

16  of Steep Hill requested teleconferences with Keller since Moore's attack, asking for an

17  explanation of Moore defamatory statements, fliers and actions. (Id.) They have expressed

18  concern regarding Moore's actions and comments in the context of weighing whether to invest

19  further in Steep Hill. (Id.) Plaintiffs are concerned the investors might withdraw their support if

20  this behavior is not discredited or is allowed to continue, to the extreme detriment of Steep Hill's

21  corporate livelihood and Keller's professional career. (Id.)

22    Moore also created a bizarre website that contains outrageous and degrading accusations

23  against Keller and several other individuals (including three different dentists who treated Moore,

24  whom he calls "demonic dentists" and "greedy men who torture and extort"). (See

25  http://davidhmoore.weebly.com/meeting-matrix.html.) (See Keller Decl. at § 12.) For example,

26  in his website, Moore claims that Keller is a "homosexual predator," who professed his love for

27  Moore, sexually harassed him and fired him for refusing to have sex with Keller. (Id.)

28

- 6 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503.2

1   Defendant's defamatory statements are not only false and unfounded; they are also outrageous
2   and violate the laws of the State of California.

3       After learning of this lawsuit and Plaintiffs' TRO application in late-December 2017,
4   Moore started posting additional defamatory statements about me and Steep Hill on Steep Hill's
5   Facebook page. (*See* Keller Decl. at § 15; Exhibit I, Moore's Facebook posts about Plaintiffs.) In
6   his Facebook posts, Moore copied the defamatory fliers he previously circulated to Steep Hill's
7   investors (*see* Exhibit D) and also wrote Keller "lives in the Netherlands so he can hire his boy
8   prostitutes in private" and "is siphoning money from Steep Hill Labs LLC Profits to his family."
9   *Id.* In addition, on January 2, 2018, Moore sent e-mails to defense counsel in which he repeated
10  his defamatory statements, and copied Steep Hill's investor relations and other Steep Hill
11  employees who know nothing about this matter. (*See* Declaration of Ayse Kuzucuoglu
12  ("Kuzucuoglu Decl.") at § 2; Exhibit 1, Moore's January 2, 2018 e-mail to defense counsel.)

13  **III.   LEGAL ARGUMENT**

14      A preliminary injunction may be issued to enjoin unlawful acts that would result in
15  immediate and irreparable harm to the moving party. *See* CAL. CIV. PROC. CODE § 526(a)(1)-(2);
16  *see also Robbins v. Super. Ct.*, 38 Cal. 3d 199, 205 (1985). The purpose of a preliminary
17  injunction is to preserve the *status quo* pending trial. *Continental Baking Co. v. Katz*, 68 Cal. 2d
18  512, 528 (1968). In determining whether to grant an injunction, a trial court "must exercise its
19  discretion in favor of the party most likely to be injured. If the denial of an injunction would
20  result in great harm to the Plaintiff, and the Defendant would suffer little harm if it were granted,
21  then it is an abuse of discretion to fail to grant the preliminary injunction." *See Robbins*, 38 Cal.
22  3d at 205 (holding that the trial court abused its discretion by denying plaintiffs' motion for a
23  preliminary injunction).

24      While the court has broad discretion in ruling on an injunction application, such discretion
25  is exercised in consideration of two interrelated factors. First, the court determines who will
26  suffer greater injury. *See Shoemaker v. Cty. of Los Angeles*, 37 Cal. App. 4th 618, 633 (1995);
27  *Teamsters Local 856 v. Priceless, LLC*, 112 Cal. App. 4th 1500, 1509 (2003); *Ready Link*

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503.2

1    *Healthcare v. Cotton*, 126 Cal. App. 4th 1006, 1016 (2005). Second, the court considers whether

2    there is a reasonable probability that the plaintiff will prevail on the merits. *See Robbins,* 38 Cal.

3    3d at 206; *Am. Credit Indemnity Co. v. Sacks*, 213 Cal. App. 3d 622, 630 (1989); *Pillsbury,*

4    *Madison & Sutro v. Schectman*, 55 Cal. App. 4th 1279, 1283 (1997).

5         The court is guided by a "mix" of the potential-merit and interim-harm factors; the greater

6    the plaintiff's showing on one, the less must be shown on the other to support an injunction. *See*

7    *Butt v. State of Calif.*, 4 Cal. 4th 668, 678 (1992); *Dodge, Warren & Peters Ins. Servs. v. Riley*,

8    105 Cal. App. 4th 1414, 1420 (2003).

9         Here, a preliminary injunction is wholly warranted in order to (1) restrain Defendant's

10   unlawful defamatory conduct, severe invasion of privacy and interference with Plaintiffs'

11   business, and (2) prevent Defendant from further harming Plaintiffs. Defendant's conduct overtly

12   contravenes public policy and the law, which is designed to protect the reputation, privacy and

13   business rights of individuals. Here, Defendant's conduct has caused severe mental anguish and

14   emotional distress to Keller and harmed his reputation and career opportunities. (*See* Keller Decl.

15   at § 14.) Similarly, Steep Hill's business has also suffered because it is being associated with a

16   CEO who is falsely labeled as a "sexual harasser," "homosexual predator" and "diagnosed

17   sociopath." Such conduct has significantly impaired, and will continue to impair, the value of

18   Steep Hill's business and its goodwill, and it has been severely disruptive to Keller's reputation,

19   personal life and career. (*Id.*)

20        In the absence of a preliminary injunction, Steep Hill and Keller will suffer irreparable

21   and immeasurable harm, in an amount that cannot be adequately compensated for by monetary

22   damages as Defendant will continue to harass, defame and invade the privacy of Keller and harm

23   Steep Hill's business reputation. In fact, Plaintiffs are so concerned about future attacks by

24   Defendant that they are contemplating hiring additional security to accompany him to a currently

25   scheduled conference to ensure his safety. (*See* Keller Decl. at § 13.) A preliminary injunction

26   constitutes a patently appropriate form of relief, and will maintain the *status quo* while the

27   pending judicial action is being litigated. Compared to the overreaching and growing harm that

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503.2

1   Plaintiffs are enduring due to Defendant's wrongful conduct, a preliminary injunction will have

2   minimal effect on Defendant as demonstrated herein.

3       A.      Plaintiffs' **Harm** Absent an Injunction Far Outweighs the Negligible Effect a
                Preliminary Injunction Will Have on Defendant

4

5       In deciding whether to enter an injunction, the court must exercise its discretion "in favor

6   of the party most likely to be injured." *Robbins*, 38 Cal. 3d at 205. If plaintiffs are likely to

7   suffer greater injury from denial of the injunction than defendants will suffer if injunction is

8   granted, then the injunction should be entered. *Shoemaker*, 37 Cal. App. 4th at 633; *Teamsters*

9   *Local, 856,* 112 Cal. App. 4th at 1509; *Ready Link Healthcare*, 126 Cal. App. 4th at 1016.

10      Here, the injunctive relief that Plaintiffs seek — to enjoin Defendant from harassing,

11  defaming and invading the privacy rights of Plaintiffs — causes Defendant no harm whatsoever.

12  It merely forces him to comply with the law.

13      In contrast, the failure to grant an injunction puts the very heart of Steep Hill's business at

14  risk and will further ruin Keller's already tarnished reputation. Defendant's misconduct has

15  already irreparably harmed Plaintiffs, and it will only continue to do so. The term "irreparable

16  injury" means that species of damages, whether great or small, that ought not to be submitted to

17  on the one hand or inflicted on the other. *Wind v. Herbert*, 186 Cal. App. 2d 276, 285 (1960).

18  This definition warrants the use of an injunction against a wrong that the court deems insufferable

19  because it constitutes an overbearing assumption by one person of superiority and domination

20  over the rights and property of others. *Fretz v. Burke*, 247 Cal. App. 2d 741, 746 (1967); *McCain*

21  *v. Phoenix Res.*, 185 Cal. App. 3d 575, 581 (1986).

22      The irreparable injury Plaintiffs will continue to suffer if Defendant is not prevented from

23  defaming and invading the privacy rights of Keller and interfering with Steep Hill's business is

24  substantial and immeasurable. Keller has spent decades building his reputation and career, and

25  Steep Hill's business success is tied to Keller's reputation. As a small and growing company,

26  Steep Hill will rely heavily on the investment community in order to grow its business.

27  Therefore, accusations against Keller will severely derail those fundraising efforts and place not

28  only Keller and Steep Hill in peril but the jobs of Steep Hill employees. Defendant's false and

- 9 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503.2

1  defamatory statements about Plaintiffs, as detailed above, have caused and continue to cause them

2  irreparable harm and damage and to injure Steep Hill's business, reputation and goodwill. (*See*

3  Keller Decl. at § 14.)

4        Defendant's willingness to blatantly attack, harass and defame Keller also demonstrates

5  his nefarious intentions that will result in ongoing irreparable injury to Plaintiffs. In light of this

6  conduct, it is clear that Defendant intends to harm Keller by causing him severe mental and

7  emotional anguish, disrupting his personal life and ruining his career, all of which also impacts

8  Steep Hill's business. Under these circumstances, Plaintiffs should be entitled to preliminary

9  injunction against Defendant prohibiting him from engaging in his unlawful conduct.

10      **B.**    Plaintiffs Are Likely to Succeed on the Merits

11        As explained above, Moore published statements about Keller including that he is a

12  "diagnosed sociopath," "narcissist," "proven sexual harasser" and "greedy demonic scumbag,"

13  etc. Moore also published written and electronic material stating, "DO NOT TRUST Steep Hill

14  New Owner and CEO Michael Keller." Even after the filing of this lawsuit, Plaintiff defamed

15  Plaintiffs by posting on Facebook and sending e-mails to Steep Hill employees in which he

16  claims that Keller "lives in the Netherlands so he can hire his boy prostitutes in private" and "is

17  siphoning money from Steep Hill Labs LLC Profits to his family," none of which is true. (*See*

18  Keller Decl. at § 15; Kuzucuoglu Decl. at § 2.) All of these comments constitute slander and libel

19  per se. On that cause of action alone, Plaintiffs are extremely likely to succeed on the merits.

20  These statements impute a crime and mental disorders upon Keller as well as impede Plaintiffs'

21  business. Additionally, Moore's actions constitute several other torts and crimes including libel,

22  false-light defamation and invasion of privacy, intentional interference with business relations,

23  intentional infliction of emotional distress, negligent infliction of emotional distress, harassment

24  and stalking. Keller has personally witnessed occasions of Defendant's stalking, including at the

25  Conference in Las Vegas at which he was attacked by Moore. Therefore, Plaintiffs are highly

26  likely to succeed on the merits against Defendant.

27

28

Vedder Price (CA), LLP
Attorneys at Law
San Francisco

- 10 -

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN_FRANCISCO/#50503.2

C.    Plaintiffs Are Being Irreparably Damaged by Defendant's Actions.

Defendant has used and, upon information and belief, will continue to use the Internet to publish false and defamatory statements about Plaintiffs. Plaintiffs Steep Hill and Keller run and operate a business in the State of California. Much of Steep Hill's business is dependent on the public's and its investors' view of Keller and his moral character, reliability and reputation. Defendant's actions have already damaged, and will likely continue to demean and diminish, Plaintiffs' reputation in the business community as well as with Keller's personal social community. (*See* Keller Decl. at § 14.)  Without the issuance of an injunction, Defendant will continue to have free reign to defame and diminish Plaintiffs' reputation. Especially with the institution of the present lawsuit, Plaintiffs will continue to be irreparably harmed both personally and professionally. Therefore, the issuance of an injunction is proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 11 -

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
[CASE NO. RG17886732]

SAN FRANCISCO/#50503.2

1  ## IV.    CONCLUSION

2         Based on the above Points and Authorities and the attached exhibits, Plaintiffs have

3  shown that they are entitled to a preliminary injunction preventing Defendant from further using

4  their name and likeness to publish discriminatory, slanderous, misleading and false information

5  about Plaintiffs and preventing Defendant from further stalking and harassing Keller in

6  contravention with California law. For all the foregoing reasons, Plaintiffs respectfully request

7  that this Court enter a Preliminary Injunction and Order to Show Cause Why a Preliminary

8  Injunction Should Not Issue. Specifically, the Plaintiffs respectfully request that the Court enter a

9  preliminary injunction ordering Defendant to (1) take down the website

10 http://davidhmoore.weebly.com/meeting-matrix.html, which contains defamatory statements

11 about Plaintiffs, (2) refrain from distributing any type of defamatory communication about

12 Plaintiffs, including flyers and e-mails, and (3) not go within 100 feet of Plaintiff Keller or Steep

13 Hill business.

14 Dated: January $\cancel{8}$, 2018                    VEDDER PRICE (CA) LLP

15

16                                          By: _____

17                                               Heather M. Sager
                                                 Ayşe Kuzucuoglu

18                                          Attorneys for Plaintiffs
                                            STEEP HILL LABORATORIES, INC. and
19                                          JMICHAELE KELLER

20

21

22

23

24

25

26

27

28
                                          - 12 -
VEDDER PRICE (CA) LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                          PLS' NTC. OF MTN. & MTN. FOR OSC; MPAS ISO OF SAME
                                          [CASE NO. RG17886732]
SAN FRANCISCO/#50503.2

1  VEDDER PRICE (CA), LLP
   Heather M. Sager, Bar No. 186566
2  hsager@vedderprice.com
   Ayse Kuzucuoglu, Bar No. 251114
3  akuzucuoglu@vedderprice.com
   275 Battery Street, Suite 2464
4  San Francisco, California 94111
   T: +1 415 749 9500
5  F: +1 415 749 9502
6
   Attorneys for Plaintiffs
7  STEEP HILL LABORATORIES, INC. and
   JMICHAELE KELLER
8
9
10         SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                    COUNTY OF ALAMEDA
12

| STEEP HILL LABORATORIES, INC., and JMICHAELE KELLER, | Case No. RG17886732 |
|---|---|
| Plaintiffs, | ASSIGNED FOR ALL PURPOSES TO: HONORABLE RONNI MACLAREN DEPARTMENT 25 |
| v. | **DECLARATION OF JMICHAELE KELLER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| DAVID H. MOORE, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | Date: January 25, 2018 |
| | Time: 9:00 a.m. |
| | Dept: 25 |
| | Judge: Hon. Ronni MacLaren |
| | Trial Date: None set. |
| | Date Action Filed: December 20, 2017 |

I, Jmichaele Keller, declare as follows:

1.      I am the Chief Executive Officer of Steep Hill Laboratories, Inc. ("Steep Hill") and a Plaintiff in the above-referenced action. I started working as the CEO of Steep Hill on December 2, 2015. I make this declaration in support of my and Steep Hill's Motion for

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN FRANCISCO/#50506.1

1   Preliminary (the "Motion"). The matters stated in this Declaration are true and correct of my
2   own knowledge.

3       2.      Defendant David H. Moore ("Moore") is a former employee of a company I
4   previously owned, which was known as MeetingMatrix International, Inc. ("MeetingMatrix").
5   Moore worked at MeetingMatrix from January 23, 2000 through September 4, 2002 and signed
6   an Employment Agreement acknowledging that he was an employee of the Company. Attached
7   hereto as **Exhibit A** is a true and correct copy of Moore's Employment Agreement with
8   MeetingMatrix.

9       3.      Following the termination of his employment, Moore claimed that he was owed
10  monies for an ownership interest in MeetingMatrix and refused to return the MeetingMatrix
11  property in his possession, resulting in a lawsuit against Moore by MeetingMatrix, which later
12  settled out of court. Attached hereto as **Exhibit B** is a true and correct copy of the Complaint
13  filed by MeetingMatrix against Moore on November 27, 2002.

14      4.      Since his separation from MeetingMatrix, Moore developed a personal vendetta
15  against me and has intentionally been engaging in a pattern of bizarre and harmful conduct
16  towards me and my reputation.

17      5.      On November 15, 2017, while I was attending the MJBiz Con / Marijuana
18  Business Conference in Las Vegas (the "MJBiz Conference") on behalf of Steep Hill, Moore
19  approached me and started yelling, "You're a fucking asshole, you owe me 3% of the company,"
20  and other profanities and expletives at me, during which time a large number of people around us
21  could hear him. Attached hereto as **Exhibit C** is a true and correct copy of the police report I
22  filed regarding Moore's November 15, 2017 attack on me. Moore then proceeded to "body slam"
23  me three times and pushed me back against an exhibit booth until three people physically pulled
24  him off of me. While being escorted out of the MJBiz Conference, Moore threatened several
25  bystanders, stating that he "will kick their fucking ass." A witness to the incident reported in the
26  police report, "If I hadn't removed [Moore] from the area, I believe he would have ended up
27  fighting other people as he was extremely agitated and violent." (*See* **Exhibit C**.)

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

J. KELLER DEC ISO PLS' MTN. FOR PRELIMINARY INJUNCTION
[CASE NO. RG17886732]

SAN FRANCISCO/#50506 1

6.     I was told that Moore also handed out flyers to various attendees of the conference and left stacks of the flyers in numerous locations at the MJBiz Conference. The flyers used the following terms to refer to and/or describe me: "diagnosed sociopath," "narcissistic personality disorder," "proven sexual harasser," "greedy demonic scumbag," "left wife destitutute w (sic) PTSD," "partner jerry murdered," "Jerry's wife fleeced for $" and "minority partner robbed." The defamatory flyers Moore published at the Conference also stated, "DO NOT TRUST STEEP HILL LABS NEW OWNER AND CEO J. MICHAEL KELLER." Attached hereto as **Exhibit D** are true and correct copies of the flyers distributed by Moore at the Conference.

7.     The day after this incident, Henry Finkelstein, the Founder and CEO of Cannabis Big Data, a strategic business partner of Steep Hill, sent me an e-mail entitled "[s]mear campaign against you personally," with copies of the fliers Moore handed out at the MJBiz Conference attached. Attached hereto as **Exhibit E** is a true and correct copy of the November 16, 2017 e-mail I received from Finkelstein, containing defamatory fliers handed out by Moore.

8.     On November 21, 2017, I received an e-mail from Mitch Baruchowitz, the Managing Partner of Merida Capital Partners, entitled "Did you get choked in Vegas?" In his e-mail, Baruchowitz asked, "heard some crazy story about you getting assaulted – what the heck?" Attached hereto as **Exhibit F** is a true and correct copy of the November 21, 2017 e-mail I received from Baruchowitz. Merida Capital Partners is a current investor in Steep Hill that is currently contemplating further investment and has been actively introducing Steep Hill to other potential investors.

9.     I have also learned that, on November 19, 2017, Moore contacted one of Steep Hill Israel's founders/investors on LinkedIn, sent him messages stating "Jmichaele Keller is a worthless scumbag. DO NOT DO BUSINESS WITH HIM" and also forwarded to him copies of the defamatory fliers Moore handed out at the MJBiz Conference (see **Exhibit D**). Attached hereto as **Exhibit G** is a true and correct copy of the LinkedIn messages Moore sent to Steep Hill's Israeli investor.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

J. KELLER DEC ISO PLS' MTN. FOR PRELIMINARY INJUNCTION
[CASE NO. RG17886732]

SAN FRANCISCO/#50506.1

1    10.    On November 28, 2017, I received an e-mail from Jason Adler, the Managing

2    Partner at Gotham Green Partners, stating that he received copies of the defamatory fliers Moore

3    handed out at the MJBiz Conference (see **Exhibit D**) in the mail. Attached hereto as **Exhibit H** is

4    a true and correct copy of the November 28, 2017 e-mail I received from Adler. Just days before

5    Moore's assault, Gotham Green Partners invested monies in Steep Hill and had indicated they

6    would invest in our next round of funding. Given Moore's actions I believe that further

7    investment is now in jeopardy.

8    11.    In any fund raising for Steep Hill, my integrity is paramount in any investor's

9    mind. Moore's actions have already tainted that perception with current and potential investors as

10   evidenced by the fact that four current investors of Steep Hill requested teleconferences with me

11   since Moore's attack, asking for an explanation of Moore defamatory statements, flyers and

12   actions . They have expressed concern regarding Moore's actions and comments in the context of

13   weighing whether to invest further in Steep Hill. I am concerned they might withdraw their

14   support if this behavior is not discredited or is allowed to continue, to the extreme detriment of

15   Steep Hill's corporate livelihood and my professional career.

16   12.    Moore also has created a bizarre website that contains outrageous and degrading

17   accusations against me and several other individuals (including three different dentists who

18   treated Moore, whom he calls "demonic dentists" and "greedy men who torture and extort"). (*See*

19   http://davidhmoore.weebly.com/meeting-matrix.html.) For example, in his website, Moore

20   claims that I am a "homosexual predator," who professed his love for Moore, sexually harassed

21   him and fired him for refusing to have sex with me. (*Id.*) Moore's defamatory statements are

22   completely false, unfounded and insulting.

23   13.    There have been previous incidents with Moore where I felt threatened, but the

24   hope was that the actions would simply stop on their own. That has not been the case. Steep Hill

25   and I now are so concerned about future attacks by Moore that we are contemplating hiring

26   additional security to accompany me to  currently scheduled conferences to ensure my safety.

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

J. KELLER DEC ISO PLS' MTN. FOR PRELIMINARY INJUNCTION
[CASE NO. RG17886732]

SAN FRANCISCO/#50506.1

1       14.    I am very embarrassed to learn that numerous people in my professional circle

2 heard about the incident and read Moore's defamatory statements about me. Moore has caused

3 me severe mental and emotional anguish, disrupted my personal life and is trying to ruin my

4 career, all of which directly impacts Steep Hill's business. He appears to be using the LinkedIn

5 platform to systematically identify and target my business contacts to attempt to discredit me and

6 Steep Hill. Without the issuance of an injunction, Moore will continue to have free reign to

7 defame and diminish my reputation and I will continue to be irreparably harmed both personally

8 and professionally. Moreover, the business concerns of Steep Hill, including the livelihood of

9 third parties employed by the Company, are directly impacted by loss of investor confidence and

10 the negative impact on our ability to seek and obtain continued financial support as the Company

11 grows. I feel that without this injunction irreparable harm will result to me personally and to

12 Steep Hill's business.

13       15.    After learning that Steep Hill and I filed suit and sought a restraining order against

14 him, in late-December 2017, Moore started posting additional defamatory statements about me

15 and Steep Hill on Steep Hill's Facebook page. Attached hereto as **Exhibit I** are true and correct

16 copies of Moore's Facebook posts about Steep Hill and I.

17       I declare under penalty of perjury subject to the laws of the State of California that the

18 foregoing information is true and correct. Executed this _6ᵗʰ_ day of January, 2018, at San

19 Francisco, California.

20

21                                          Jmichaele Keller

22

23

24

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

SAN FRANCISCO/#50506.1

EXHIBIT A

Addendum to Standard
Employee Agreement of
David H. Moore
June 2001

42

termination of his lease with Dana/Glass Multifamily for his apartment in York, Pennsylvania. A schedule reflecting the anticipated expenses is attached as Exhibit 7 and incorporated by reference. MeetingMatrix shall not be obligated to reimburse Moore for more than one hundred ten percent (110%) of the amount reflected as estimated costs on Exhibit 7 Subscribed and sworn before me this the 19th day of June, 2001

13.     Moore shall be entitled to receive five percent (5%) of the Net Sale Proceeds arising from a Sale Transaction occurring within one hundred eighty (180) days of the Effective Date and three percent (3%) of the Net Sale Proceeds of a Sale Transaction occurring thereafter when such Net Sale Proceeds are received. Moore shall forfeit any claim to any Net Sale Proceeds if at the time a Sale Transaction occurs he is no longer employed by MeetingMatrix unless his termination of employment was involuntary on the part of Moore and without Cause as defined herein. Moore shall be entitled to enter into any agreement with the purchaser in any Sale Transaction without diminution of his right to receive a percentage of Net Sale Proceeds as provided herein.

The term "Sale Transaction" shall mean any transaction the economic effect of which is the transfer of ninety-five percent (95%) or more control of MeetingMatrix or da Vinci Holdings, Ltd. ("da Vinci") to a person or entity who is not an Affiliate of any person or entity who is a shareholder of da Vinci at the Effective Date, including issuance of stock in MeetingMatrix or da Vinci and sale or transfer of already existing shares of da Vinci or MeetingMatrix. A Sale Transaction shall be deemed to occur when the stock of either MeetingMatrix or da Vinci is transferred on the books of either corporation, or at the time an unconditional obligation arises to sell or transfer such stock, whichever occurs first.

The term "Cause" for termination of employment shall include, but not be limited to, violation of this Addendum or any Agreement incorporated herein by reference, malfeasance, or violation of any of the Standard Operating Procedures or other policies adopted or promulgated from time to time by MeetingMatrix.

The term "Net Sale Proceeds" from a Sale Transaction shall be the total cash received in exchange for the sale or transfer of stock reduced by a sum equal to any commission paid to a person or entity which is not an Affiliate of any shareholder of MeetingMatrix or da Vinci at the Effective Date in connection with or arising from the Sale Transaction and all other expenses of such Sale Transaction including any transfer tax or fee, any escrow fee, and any legal or accounting fees. Net Sale Proceeds shall not include payments in connection with any Sale Transaction for continuing employment, consultation, non-competition or any other purpose, which is not directly in consideration for the transfer or issuance of stock.

The term "Affiliate" of any person means any member of the immediate family of a person or any person, firm or entity which controls or is controlled by any person, or is controlled by the same persons, firms or entities which shall then control a person in a relationship of joint venture, company or other form of business association or any entity created or operated for the benefit of any said person, firm or entity. In this definition, the

JMK

DHM

term "control" shall in...
interests in the firm or
ancestors, lineal desc...
shall mean any ind...
partnership, limite...
whatsoever

14.
Employment
male, inter...
negating or d
agents, emp...
appropriate
and/or rem...

their s
Proce...
parties
docur
is .
A.

# EXHIBIT B

SUMM

# Distr ct Court

MEETINGMATRIX INTERNAT
INC., A Delaware cor

Plaintiff

DAVI
and
ti

Defendant

TO
Comp

of se

Deputy Clerk

OSC
W. West Allen (Nevada Bar No.  )
James F. Kanader, Nevada Bar No.      96)
Quirk & Tratos
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada  89109
(702) 792-3773
(702) 792-9002 (fax)

Attorneys for Plaintiff
MeetingMatrix International, Inc.

ACT OCT 28  P  1: 29

Quirk & Tratos
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89109
(702) 792-3773
(702) 792-9002 (fax)

                              TRICT COURT

                    CLA:    COUNTY, NEVADA


MEETINGMATRIX INTERNATIO
INC.

          Plaintiff,


     5A

          Defendants.


                    ORDER TO SHOW CAUSE

TO:   DAVID H. MOORE, Defend

          The Court having exa   ted the Complaint and Affidavit in Support of Order
to show Cause on file herein an      nding that the Affidavit and Complaint meet the
requirements of the Nevada Revi     Statutes and the Court being fully advised in the
premises and good cause appeari     herefore.

          IT IS HEREBY ORDE    ED that you are to appear in Department ___ of the
above-entitled Court at the ho     of
                              and show    se why the property described in said Complaint and
Affidavit should not be taken from    and delivered to the Plaintiff;



TRICT COURT

CLA        COUNTY, NEVADA

CASE NO
DEPT NO

EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY PROPERTY
SHOULD NOT BE TAKEN FROM DEFENDANT AND DELIVERED TO PLAINTIFF

Plaintiff, MeetingMa       ernational, Inc.  by and through their attorneys, the

law firm of QUIRK & TRATOS        s this Court for an Order to Show Cause why

MeetingMatrix s property should no       taken from Defendant David H. Moore and delivered

to MeetingMatrix since a certain pro       s owned by MeetingMatrix and Moore has no legal

right to detain such property, after       rmination of his employment with MeetingMatrix

This application is based upon the ... idings, papers and documents on file herein, and the

Points and Authorities attached h ...

Dated        October 1 , 2000        PK & TRATOS

By _____
...est Kern (Nevada bar No. ...)
...gela F. Karsian (Nevada Bar No. ...)
3773 Howard Hughes Parkway,
Suite 590 North
Las Vegas, Nevada 89109
Attorneys for Plaintiff

Quea & Tratos
Suite 590 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

## PO...   AND AUTHORITIES

... TO ENTER AN ORDER TO SHOW CAUSE WHY ... TAKEN FROM DEFENDANT AND GIVEN TO ...

N.R.S. § 31.850 states:

Whenever a plaintiff ... an affidavit shall be made by the plaintiff or someone on his behalf and filed with the court showing:

1. ... a particular description of the property claimed ...
2. ... that the property is wrongfully detained by the defendant;
3. The alleged cause of the detention thereof according to ...

N.R.S. § 31.853 states:

The ... part shall on ...

2

7

1.  Fix the date and time for the hearing thereon, which shall be no sooner than 10 days form the date of issuance of the order.

2.  Inform the defendant that he may file affidavits on his behalf with the court and may appear and present testimony on his behalf at the hearing, or that he may, at or prior to such hearing, file with the court a written undertaking to stay delivery of the property pursuant to NRS 31.890.

3.  Inform the defendant that if he fails to appear, the plaintiff will apply to the court for a writ of possession.

4.  Require service of the affidavit and order upon the defendant, and fix the time and manner within such service shall be made, which shall be by personal service or in such other manner as the court may determine to be reasonably calculated to afford notice of the proceeding to the defendant under the circumstances appearing from the affidavit.

As indicated in the affidavit filed herewith, and attached hereto as **Exhibit 1**, and incorporated herein by this reference, the requirements of N.R.S. § 31.850 have been met and, thus, this Court is authorized pursuant to N.R.S. § 31.853 to issue an appropriate Order to Show Cause. In addition, pursuant to the Court's discretion in N.R.S. § 31.863, Plaintiff requests that no bond be required, as there is no dispute to Plaintiff's ownership rights to the property listed in the affidavit filed herewith.

Dated:      October 17, 2002     QUIRK & TRATOS

By: _____
W. West Allen (Nevada Bar No. 5566)
Jenna F. Karadbil (Nevada Bar No. 7395)
Quirk & Tratos
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89109

Attorneys for Plaintiff

Quirk & Tratos
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792.3773
(702) 792.9002 (fax)

3

AFFD

Clark & Trattos
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792 3773
(702) 792 9002 (fax)

AFFIDAVIT IN SUPPORT OF ORDER TO SHOW CAUSE WHY PROPERTY SHOULD
NOT BE TAKEN FROM DEFENDANT AND DELIVERED TO PLAINTIFF

| ITEM DESCRIPTION | PRICE |
|---|---|

Clark & Trevithick
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 737-3073
(702) 737-3070 (fax)

Dunk & Traitos
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 782 3773
(702) 792 9002 Fax]

COMP

QUIRK & TRATOS

Attorneys for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

Plaintiff,

DAVID H MOORE

Defendant.

(Exemption from Arbitration:
Action for Declaratory Relief)

COMPLAINT FOR CLAIM AND DELIVERY OF PROPERTY,
DECLARATORY RELIEF, AND DAMAGES

district

28

Quirk & Tratos
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas Nevada 89109
(702) 792-3773
(702) 9092 (fax)

Quirk & Tratos
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

| ITEM DESCRIPTION | PRICE |
|---|---|
| | $4,539.00 |
| Two Kodak DC280 Digital Cameras | $1,469.90 |
| | $  550.35 |
| | $  250.40 |
| | $6,173.60 |
| NEC 870 Supplies | $  289.95 |

Durk & Tratus
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas  Nevada  89109
(702) 792 3773
(702) 3007 (fax)

| No. | Item | | Price |
|---|---|---|---|
| 1 | NEC 670 Superscript printer an | | $   84.95 |
| 2 | Dell Docking Station with monitor all cables | and | $   578.12 |
| 3 | Dell 19" Color Monitor (no cable) | | See catalog price |
| 4 | Dell Keyboard | | $   36.94 |
| 5 | Logitech Trackball Mouse | | $   49.00 |
| 6 | Laserjet 3100XI Fax printer | | $  605.95 |
| 7 | Multimedia Storage Case | | $  150.00 |
| 8 | Herman Aaron ETLC Chair | | $  734.00 |
| 9 | Canon XL1 6x Digital Camcorder | | $4,176.00 |
| 10 | Canon Digital Still Camera | | $  160.00 |
| 11 | Canon Battery Pack | | $1,239.00 |
| 12 | Canon XL1 Super Wide Angle Le | | |
| 13 | Canon XL1 Digital Camera Hard Case | | $  305.00 |
| 14 | Lexar Compact Flash Memory with reader for Canon Camera | | $  374.95 |
| 15 | U3000 tripod for use with camera | | $   44.95 |
| 16 | Canon Filter Set | | $  100.00 |
| 17 | Canon DV Head Cleaning Casse | | |
| 18 | Canon Optura Dual Battery Charg | | $  150.00 |
| 19 | Vaio A Network Adapter / CD | | $  150.65 |
| 20 | Backpack (Original Box) | | $   57.95 |
| 21 | Backpack with MeetingMatrix Print | | $  120.00 |
| 22 | Shure Wireless Microphone | | $  349.99 |
| 23 | R&V  Panorama Head | | $1,249.75 |
| 24 | MeetingMatrix software CD Program Subscription | | priceless |
| 25 | Demo disk for MeetingMatrix software | | priceless |
| 26 | MeetingMatrix Light Kit | | priceless |
| 27 | MeetingMatrix Tripod Leg Weights | | $  100.00 |
| 28 | MeetingMatrix Camera Focus Target | | $   50.00 |

Quirk & Tratos
Suite 500 North 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792 3773

| | |
|---|---|
| Business Cards for MeetingMatrix customers and prospects | priceless |
| MeetingMatrix Business Cards | $  15.00 |
| MeetingMatrix Lead Forms | priceless |
| MeetingMatrix Marketing Collateral | priceless |
| MeetingMatrix Business Plans and drafts thereof | priceless |
| MeetingMatrix Contact and Custom Information | priceless |
| Communications with MeetingMatrix Customers and Prospects | priceless |
| Back-up Drives / Mirrors of MeetingMatrix files / hard drives | priceless |
| Software CD-ROMs for all Computer Applications put onto his machine | priceless |
| Standard Operating Procedures and MeetingMatrix business manuals | priceless |

*See* Affidavit of Craig Girow in Support of Order to Show Cause Why Property Should Not Be Taken From Defendant and Delivered to Plaintiff, ¶ 3. In addition, Defendant, without authorization from MeetingMatrix, used for his own benefit fourteen (14) nights of MeetingMatrix hotel credits provided by the Lowes Coronado Bay hotel (3 rooms for 4 nights, 2 rooms for an additional 5 nights). The value of MeetingMatrix hotel credits that Defendant converted is approximately $643.00.

14.   The approximate value of the above-listed MeetingMatrix physical property is approximately  $25,934.35, plus its repossession expenses, and excluding MeetingMatrix intellectual property of significant greater value.

### FIRST CLAIM FOR RELIEF

#### (Conversion/Misappropriation)

15.   MeetingMatrix repeats and realleges Paragraphs 1 through 14 of its Complaint as if fully set forth herein.

16.   Upon information and belief, Meele currently has the above-listed

Ozark B. Trustes
Suite 500 North  3773 Howard Hughes Parkway
Las Vegas  Nevada  89109
(702) 792.3773
(702) 792.9027 (fax)

SECOND CLAIM FOR RELIEF

(Replevin)

Quoa & Fields
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 892-3773

## THIRD CLAIM FOR RELIEF

(Specific Performance of Present Contract and Declaratory Relief)

28. MeetingMatrix realleges Paragraphs 1 through 25 of its Complaint as if set forth fully here.

29. Orr and/or Moore executed the Moore Employment Agreement with MeetingMatrix.

30. Pursuant to the Moore Employment Agreement, Moore was required to return all MeetingMatrix property upon his termination. Moore did not do so.

31. In addition, MeetingMatrix demanded the return of its property after Moore's termination, but Moore refused to return the property. This actions give rise to a present and existing dispute between the company and Moore regarding MeetingMatrix's contractual rights to the company property held by Moore.

32. MeetingMatrix seeks an order that Moore return all MeetingMatrix property, in accordance with the Moore Employment Agreement, and that MeetingMatrix's contractual rights be declared superior to those of Moore.

## FOURTH CLAIM FOR RELIEF

(Conversion)

33. MeetingMatrix realleges Paragraphs 1 through 30 of its Complaint as if set forth fully here.

34. By reason of the unlawful acts, Moore has received and continues to withhold property of more than ten thousand dollars ($10,000.00) that he has converted and misappropriated. The return or the delivery of MeetingMatrix property must be at Moore's expense and not be...

35. Moore is liable to ... inappropriate funds ...

36. As a ... necessary for MeetingMatrix to retain legal counsel to ...

WHEREFORE, Plaintiff Meet International, Inc. demands and prays for judgment against Defendant David H. as follows:

1.  That Meet rights are rights under the Employment and Confidential and, for an order specifically immediately return to the company its property;

2.  For all legal costs and expenses;

3.  For judgment to MeetingMetrix in amount to be which shall exceed $10,000.00 plus interest, against the as contained herein;

4.  That relief be granted, for an order awarding payment representing the value of the interim monies possession, to be determined at trial;

5.  For punitive damages to Meeting Metrix against maliciously his conduct;

6.  For all attorney fees incurred herein; and

7.  For further relief as the Court may deem just and proper.

Dated: January [...]

QURA & ...

By: _____
[...] Nevada bar No. [...]
[...] Nevada Bar No. [...]
3773 Howard Hughes Parkway,
Suite 500 North,
Las Vegas, Nevada 89169

Attorneys for Plaintiff
Meet International, Inc.

Qura & Issuit
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-[...]
(702) 792-5002 (fax)

EXHIBIT C

LAS VEGAS METROPOLITAN POLICE DEPARTMENT
# VICTIM'S INFORMATION GUIDE

Suspect:
☐ Cited  ☐ Arrested  ☐ Unknown
☐ City  ☐ County
☐ Misdemeanor  ☐ Gross Misdemeanor
☐ Felony

This report is important for you to keep since it is the only way you will have to refer to your particular case and event number. If you need a copy of your report, it can be obtained during the hours 8 a.m. to 5 p.m., Monday through Friday, 8 a.m. to 3 p.m. on weekends from the LVMPD Police Records Section, 400 S. Martin L. King Blvd., Bldg. C, (702) 828-3476, **FIVE WORKING DAYS** after filing of the report, for a nominal fee.

**ATTENTION: IT IS YOUR RESPONSIBILITY TO IMMEDIATELY NOTIFY THE LVMPD IF YOU SHOULD RECOVER YOUR STOLEN VEHICLE YOURSELF.**

The department relies on a number of factors available in any report to assign a follow-up investigator. Experience has proven that certain information must normally be determined at the time of the initial investigation before a case has the potential for being solved. Without suspects, witnesses, evidence, or other investigative leads, a case cannot be solved except under special circumstances. For example, a suspect caught committing another crime is found with evidence linking him to this one, or he may confess to other crimes including this one. If you have any questions or additional information, please contact the detective handling your case at the appropriate telephone number listed below or complete an Additional Crime Information report. (Refer to the Event Number listed above.)

**OBLIGATIONS OF CITIZENS FILING MISDEMEANOR CRIME REPORTS WITH LVMPD**

1. If an arrest was not made, and if a citation was not issued, and you wish to pursue this matter, you must contact the detective assigned to handle your case at the appropriate number listed below AT LEAST TEN (10) BUSINESS DAYS AFTER THE REPORT HAS BEEN FILED, Monday through Friday, 8:00 a.m. - 3:00 p.m. You may be required to testify against the defendant (suspect) if the case is prosecuted in the courts. All felonies will be investigated.

2. **You** must give the Event Number at the top of this page if you call about your case.

3. If the suspect in your case is arrested or cited for a misdemeanor, DO NOT CONTACT THE DETECTIVE ASSIGNED TO YOUR CASE. **You** may get information about the status of your case by contacting either the County or City Victim Advocates (listed below). The police department does not have any court information.

4. If this is a misdemeanor crime report and is for INSURANCE PURPOSES ONLY or YOU DO NOT WISH TO PROSECUTE, and no one **has been** arrested, please DO NOT contact the detective.

5. If **no** arrest has been made and you need victim assistance, you may contact a Victim Advocate from the Police Department at (702) 828-2955.

## CONTACT TELEPHONE NUMBERS

| | | | |
|---|---|---|---|
| Firearms | (702) 828-3521 | Bolden Area Command | (702) 828-3347 |
| Identity Crimes | (702) 828-3419 | Convention Center Area Command | (702) 828-3204 |
| Fraud | (702) 828-3227 | Downtown Area Command | (702) 828-4314 |
| Abuse-Neglect | (702) 828-3364 | Enterprise Area Command | (702) 828-4809 |
| Homicide | (702) 828-3521 | Northeast Area Command | (702) 828-7355 |
| Missing Persons | (702) 828-2941 | Northwest Area Command | (702) 828-8577 |
| Commercial Robbery | (702) 828-3591 | Southeast Area Command | (702) 828-8242 |
| Sexual Assault | (702) 828-3421 | South Central Area Command | (702) 828-8639 |
| | | Spring Valley Area Command | (702) 828-2639 |

**LVMPD VICTIM ADVOCATE:** Provides crisis intervention, an assessment of the immediate needs of the victims and their families, initiates crime victim assistance paperwork, provides referrals to other agencies, and functions as a liaison with LVMPD personnel and other law enforcement agencies. For assistance, please call the LVMPD Victim Advocate at (702) 828-2955 Monday through Friday 7:00 a.m. - 4:00 p.m.

**LAS VEGAS CITY ATTORNEY VICTIM WITNESS ASSISTANCE:** Provides specialized advocacy for victims of domestic violence or battery occurring within the City of Las Vegas. If you are a victim of domestic violence or battery and an arrest has been made or a citation has been issued, please contact the Las Vegas City Attorney's Victim Witness Advocate at (702) 229-2525.

**CLARK COUNTY DISTRICT ATTORNEY VICTIM/WITNESS ASSISTANCE CENTER:** Provides Justice Court and District Court case information and addresses any concerns you may have regarding your appearance as a witness. When you receive a subpoena to appear in a Justice Court or District Court case, please contact the Victim Witness Assistance Center at (702) 671-2525. If you move or have another address where you wish to receive a subpoena, please contact the advocates at the court.

**ASSISTANCE TO VICTIMS OF VIOLENT CRIME:** Victims of violent crime who are physically injured victims of sexual assault may qualify for medical and counseling cost benefits to the State of Nevada under NRS 217. For information, contact the LVMPD Victim Witness Advocate or the Nevada State Victims of Violent Crime Program at (702) 486-2740. Note: Applications for this service must be received within one year of the commission of the crime.

**ASSISTANCE TO VICTIMS OF SEXUAL ASSAULT:** Victims of sexual assault may be eligible for medical treatment and counseling under NRS 217. For information, call the Clark County District Attorney Victim Witness Assistance Center (702) 671-2525, or Rape Crisis Center at (702) 366-1640. Note: Applications for this service must be received within 60 days of the commission of the crime.

**THREATS AND DISSUASION TO TESTIFY:** Victims and witnesses threatened and/or asked not to testify or prosecute, should contact the detective assigned to the original case. You may also notify the prosecutor if you have already been assigned one.

LVMPD 608 (REV. 9-15)

**Sos pechoso:**

[ ] Citado  [ ] Arrestado  [ ] No se sabe

[ ] Ciudad  [ ] Condado

[ ] Delito Menor  [ ] Delito Menor Grave

[ ] Delito Mayor

**DEPARTAMENTO DE POLICIA METROPOLITANA DE LAS VEGAS**

# GUÍA DE INFORMACIÓN PARA LA VÍCTIMA

Es importante que usted conserve este reporte ya que es la única que necesita una copia de su reporte, la puede obtener, por una oficina en Bldg. C, (702) 828-3476, de lunes a viernes de 8 a.m. a 5 p.m., y los tres en que se presentó el reporte.

la que le irá para referirse a su caso particular a su número de evento. Si al, en la Sección de Registros Policiales de LVMPD, 400 S. Martin L. King Blvd. la semana, de 8 a.m. a 3 p.m., después de **CINCO DÍAS HÁBILES**, de la fecha

## ATENCION: ES SU RESPONSABILIDAD NOTIFICAR A LVMPD SI USTED RECUPERA LA POSESIÓN, PERSONALMENTE, DE SU VEHÍCULO ROBADO

El departamento se basa en un número de factores disponibles en casos nos ha demostrado que cierta información se debe determinar, número quier caso. Sin sospechosos, testigos, pruebas, u otras pistas de investigación. Por ejemplo, si captura a un sospechoso cometiendo un crimen y tiene a otros crímenes incluyendo a este crimen. Si usted tiene preguntas o **maneja** su caso al teléfono designado que se enumera abajo o comunique de Evento anotado en la parte superior.)

er reporte, para designar un investigador que le de seguimiento. La experiencia nte, y la hora de la investigación inicial para tener la capacidad de resolver cualquier gación, en caso no se puede resolver, excepto bajo circunstancias especiales. identico es la persona que lo involucren con este crimen, puede o no contestar ecesita información adicional, por favor comuníquese con el detective que te un formulario de Información Adicional de Delito. (Refiérase al Número

## OBLIGACIONES DE LOS CIUDADANOS QUE PRESENTAN REPORTES DE DELITOS MENORES A LVMPD

1. **Si** no hubo arresto, o si no se dio un citatorio y si desea darle seguimiento a este asunto, usted debe contactar al detective asignado **a** manejar su caso, al teléfono apropiado en la lista de abajo, **CUANDO MENOS DIEZ (10) DIAS LABORALES DESPUES DE QUE PRESENTO EL REPORTE**, de lunes a viernes de 8 a.m. a 4 p.m. Puede requerirse que usted testifique contra el acusado **(sospechoso) si** el caso se procesa penalmente en la corte. Todos los casos a nivel felonía seran investigados.

2. Usted debe proporcionar el número de evento que se encuentra en la parte superior de esta hoja, si llama sobre su caso.

3. Si el sospechoso en su caso es arrestado o citado por un delito menor, NO SE COMUNIQUE CON EL DETECTIVE ASIGNADO A SU CASO. Usted puede obtener información sobre el estatus de su caso comunicándose ya sea con los abogados de las Víctimas del Condado o de la Ciudad (enumerados abajo). El departamento de policia no tiene ninguna información sobre el tribunal de justicia.

4. Si este es un reporte de un delito menor y es solamente por propósito de seguro o no desea un proceso penal, y nadie ha sido **arestado**, por favor no se comunique con el detective.

5. Si no se ha hecho ningún arresto y usted necesita ayuda como víctima, puede comunicarse con el departamento de servicios para Víctimas del Departamento de Policia al (702) 828-2955.

## NUMERO DE TELEFONO

| | | | |
|---|---|---|---|
| Armas de Fuego | (702) 828-36 | Bolden Area Command | (702) 828-3347 |
| Crimenes de Identidad | (702) 828-34 | Convention Center Area Command | (702) 828-3204 |
| Fraude | (702) 828-32 | Downtown Area Command | (702) 828-4314 |
| Maltrato-Descuido | (702) 828-35 | Enterprise Area Command | (702) 828-4809 |
| Homicidio | (702) 828-33 | Northeast Area Command | (702) 828-7355 |
| Personas Extraviadas | (702) 828-24 | Northwest Area Command | (702) 828-8577 |
| Robos a Establecimientos Comerciales | (702) 828-36 | Southeast Area Command | (702) 828-8242 |
| Abuso Sexual | (702) 828-34 | South Central Area Command | (702) 828-8639 |
| | | Spring Valley Area Command | (702) 828-2631 |

**CENTRO** DE AYUDA PARA VICTIMAS DE LVMPD: Provee colabora familias, inicia el papeleo de la reclamación para la compensación por la personal de LVMPD y otras agencias legales. Para ayuda, por favor llam

**AYUDA** AL FISCAL DE LA CIUDAD DE LAS VEGAS PARA VICTIMAS o maltrato cuando ocurre dentro de la Ciudad de Las Vegas. Si usted es otorgado un citatorio, por favor comuníquese con el Abogado de Víctima

**CENTRO** DE AYUDA PARA VICTIMAS Y TESTIGOS DE LA OFICINA tribunal de Justicia y del de Distrito y trata cualquier inquietud que usted citatorio escrito para presentarse en corte, o en el tribunal de justicia, y al (702) 671-. Si usted se cambia de domicilio o tiene otra dirección del tribunal de justicia.

**AYUDA** PARA VICTIMAS DE DELITOS VIOLENTOS: Las víctimas o pueden calificar para la ayuda financiera para pagar sobre los daños físicos **para Víctimas**, llama a la división solicitudes para este servicio se deben de recibir durante el año que se

**AYUDA** PARA VICTIMAS DE ABUSO SEXUAL: Las víctimas de abuso Para información, llame al Centro de Ayuda para Víctimas y Testigos del Violación al (702) 366-1640. Nota: Las solicitudes para este servicio de

**AMENAZAR** Y DISUADIR A LOS QUE TESTIFICAN: Las víctimas y testigos segimiento al proceso penal, deben comunicarse con el detective asigna

en crisis, una evaluación de las necesidades inmediatas de las víctimas y sus reitos, provee referencias de otras agencias y funciona como contacto con e servicios para víctimas al (702) 828-2955.

TESTIGOS: Provee ayuda especializada para víctimas de violencia doméstica timas de violencia, cometen un maltrato y se ha hecho una o llama uno o sino hi Testigos de la oficina del Fiscal de la Ciudad de Las Vegas al (702) 229-2525.

EL FISCAL DEL CONDADO DE CLARK: Provee información de casos de cada tener respecto a su presentación como testigo. Cuando usted recibe un hato, por favor comuníquese con el Centro de Ayuda a Víctimas y Testigo el recibir el citatorio, por favor comuníquese en las oficinas para la víctima

er o que los que les han agredido las lastimaron en cierta calificación física Estado y las leyes NRS 217. Para información, comuníquese con el Centro de ayud para víctimas del Estado, Nevada al teléfono (702) 486-2740, NRS 217 de un bo el delito.

sual pueden ser elegibles para tratamiento y consejería bajo la ley NRS217 al del Distrito del Condado de Clark al (702) 671-2525 o al Centro de Crisis de ser recibidas dentro de los 60 días de que se cometió el delito.

s que sean amenazados o afectados pidan que no testifiquen, o que no le de en el caso, negese. También puede notificar al fiscal si no se le asignó uno.

Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd
Las Vegas, NV 89106



Case Report No.: LLV171116001521

## Administrative

Location     3150 PARADISE RD   Las Vegas, NV 89109
Occurred On (Date / Time)     Wednesday 11/15/2017 11:15:00 AM     Or Between (Date / Time)
Reporting Officer     15368 - Long, Stephanie          Reported On     11/16/2017
Entered By     15368 - Long, Stephanie          Stored On     11/16/2017 11:04:16 AM
Related Cases                                                Jurisdiction     Clark County

## Offenses:

Battery(M)-NRS 200.481.2A
Completed     Yes          Domestic Violence          Hate/Bias     None (No Bias)
Entry          Premises Entered          Type     Security          Tools
Weapons     Personal Weapons (Hands, Feet, Teeth, etc.)          Location Type     Government/Public Building
Criminal Activities     None/Unknown

## Victims:

Name: Keller, Jmichaele



Notes:

## Narrative

On 11/16/2017 at 1054 hours, Jmichael Keller came into CCAC to report Battery.

Keller states, on 11/15/2017 he was at the Marijuana Business Conference located at the Convention Center. Keller states, at approximately 1115 hours, the suspect David Moore approached him, yelling at a volume level. Keller states approximately 15-20 people heard him. Keller states, Moore proceeded to body slam him three times, pushing him backwards each time. Keller states, Moore had physically backed him against the exhibit booth that was next to his. He states, he did not suffer any injuries.

Antonio Daniel states, he witnessed Moore approaching Keller. He states, Moore started screaming at Keller and began to push him to the next booth. Daniel states, Keller was bent backwards from the force of Moore's body against his. Daniel states, he rushed over and helped disengage Moore from Keller and escorted Moore from the area. He states, Moore began threatening other bystanders on the way, screaming he would "kick their fucking ass." Daniel states, security was called and they secured the area. Daniel states, Moore was extremely agitated and violent.

Keller states, Moore is an ex-employee of a software company called "Meeting Matrix International Inc." Keller states, he owned the company and sold it back in 2012. Keller states, Moore he believes he should have received some of the proceeds when Keller sold the company. Keller states, he also sued Moore back in 2002.

Keller is being given a Victim's Information Guide.

Page _1_ of _2_

**LAS VEGAS METROPOLITAN POLICE DEPARTMENT**
**VOLUNTARY STATEMENT**

Event # 171116 - 1521

THIS PORTION TO BE COMPLETED BY OFFICER

Specific Crime: Battery

Location of Occurrence: 3150 Paradise Rd

Date Occurred: 11/15/17
Time Occurred:
☐ City
☐ County
Sector/Beat: M1

Your Name (Last / First / Middle): Michaeli, Dolev
Date of Birth: 2/4/58
Social Security #: 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

Race: M    Sex: M    Height: S    Weight: 10½    Hair: Brown    Work Schdl. (Hours): Grey    (Days Off):
Business School: STEEPHILLLABS, INC.
Business Phone: 979-817-1977

Residence Address: (Number & Street): MOSLAAN 206
State: Zip Code:
DELFT, NETHERLANDS
Bus. Phone: 510-5012-7500

Bus. (Local) Address: (Number & Street): 1005 PARK ST. BERKELEY CA
Bldg./Apt.# City: BERKELEY    State: CA    Zip Code: 01 94710
Occupation: CEO
Depart Date (if visitor):

Best place to contact you during the day: 717-817-1977
Best time to contact you during the day: ANYTIME

Can You Identify the Suspect? ☒ Yes  ☐ No

DETAILS: WE ARE EXHIBITING AT THE MARIJUANA BUSINESS CONFERENCE AT THE CONVENTION CENTER. SHORTLY AFTER THE EXHIBITS OPENED DAVID MOORE APPROACHED ME, YELLING AT A VOLUME LEVEL THAT 15-20 PEOPLE COULD HEAR HIM. HE THEN PROCEEDED TO "BODY SLAM" ME THREE TIMES, PUSHING ME BACKWARDS EACH TIME. DAVID MOORE IS AN EX-EMPLOYEE OF A SOFTWARE COMPANY THAT I OWNED AND SOLD BACK IN 2010. HIS LAST EMPLOYMENT WITH MEETING MATRIX INTERNATIONAL (WAS APPROXIMATELY 2006). YEARS AGO OBVIOUSLY HE KNEW THAT WE "STEEP HILL" WERE EXHIBITING AT MJBIZ. I FEAR THAT HE WILL RETURN TODAY IN A EVEN MORE DANGEROUS FASHION. HE HAS AN UNSTABLE MENTAL CONDITION.

I HAVE READ THIS STATEMENT AND I AFFIRM TO THE TRUTH AND ACCURACY OF THE FACTS CONTAINED HEREIN. THIS STATEMENT WAS COMPLETED AT (LOCATION): 750 Sierra Vista Dr / CCPC  Relin
ON THE _16_ DAY OF _November_ AT _1:51_ (AM / PM) _2017_  11/16/17

Witness/Officer: _____ (SIGNATURE)

Witness/Officer: _____ (PRINTED)    P#

SIGNATURE OF PERSON GIVING STATEMENT

LVMPD 85 (REV. 6-08)

Página 2 de 2

DEPARTAMENTO DE POLICIA METROPOLITANA DE LAS VEGAS
**DECLARACION VOLUNTARIA**

Incidente # 171116-1521

| ESTA SECCION DEBE SER LLENADA POR UN OFICIAL | | |
|---|---|---|
| Delito | Fecha de los Hechos | Hora de los Hechos |
| Lugar de los Hechos | Sector/Beat | ☐ Ciudad ☐ Condado |

| Nombre (Apellido/Nombre/Segundo Nombre) | | | | | | | | Fecha de Nacimiento | Número de Seguro Social |
|---|---|---|---|---|---|---|---|---|---|
| Raza | Sexo | Estatura | Peso | Caballo | Ojos | Horario de Trabajo (Hrs. Libres) | | Empleador/Escuela | |
| Dirección: (Número y Calle) | | | Edif/Depto # Ciudad | | | Estado Código Postal | | Teléfono Casa: | |
| Dirección (Local) Trabajo: Número y Calle | | | Edif/Depto # Ciudad | | | Estado Código Postal | | Teléfono Trabajo: Ocupación | Fecha de Salida (visitantes) |
| Lugar para comunicarnos con ud. durante el día | | | | | | Horario para comunicarnos con ud. durante el día | | Puede Identificar al Sospechoso | ☐ Si ☐ No |

**DESCRIPCION DETALLADA**

HE HAD PHYSICALLY BACKED ME AGAINST THE EXHIBIT BOOTH THAT WAS NEXT OURS OBSTRUCTING ANY MOVEMENT ON MY PART UNTIL TONY/DANIEL AND TWO OTHER PEOPLE PULLED HIM OFF ME

DAVID BELIEVES THAT HE SHOULD HAVE RECEIVED SOME OF THE PROCEEDS WHEN I SOLD THE COMPANY "MEETING MATRIX INTERNATIONAL, INC." IN 2012. DAVID LEFT THE EMPLOYMENT OF THE COMPANY IN 2001.

IAM@jMICHAELE.CoM

MEETING MATRIX FILED A LAWSUIT AGAINST DAVID MOORE IN CLARK COUNTY IN OCTOBER OF 2000,

HE LEIDO ESTA DECLARACION Y CONFIRMO LA VERACIDAD Y EXACTITUD DE LOS HECHOS ANTES MENCIONADOS. ESTA DECLARACION SE REALIZO EN (LUGAR)
EL DIA _____ DE _____ DE _____ A LAS _____ (AM/PM).

Testigo/Oficial _____ (Firma)

Testigo/Oficial _____

Firma del Declarante

Witness

**LAS VEGAS METROPOLITAN POLICE DEPARTMENT**
**VOLUNTARY STATEMENT**

Page ___ of ___

Event # 171116 - 1521

THIS PORTION TO BE COMPLETED BY OFFICER

Specific Crime: Battery
Location of Occurrence: 3150 Paradise Rd

Date Occurred: 11/15/17
Time Occurred:
Sector/Beat: M1
☐ City  ☐ County

Your Name (Last / First / Middle): DANIEL ANTONIO Roy
Date of Birth: 5-10-71
Social Security #: ___-92-375_

Race: C
Sex: M
Height: 6'4"
Weight: 350
Hair: Brn
Eyes: Hazel
Work Schdl. (hours): M-F
(Days Off): Sat/Sun
Business / School: Steep Hill

Residence Address: (Number & Street) 201 Steep Hillside
Bldg./Apt.# City: San Anselmo
State: CA  Zip Code: 94960
Res. Phone: 415-450-7722

Bus. (Local) Address: 1003 Parker St
City: Berkeley
State: CA  Zip Code: 94710
Bus. Phone: 510-582-7400
Occupation: Sales
Depart Date (If applic.): 11/17/17

Best place to contact you during the day: Westgate Hotel
Best time to contact you during the day: 9 am
Can You Identify the Suspect? ☑ Yes ☐ No

DETAILS   David Moore approached Jerichael Kelly at
our booth at the Lull Convention center and started screaming
at him and pushed him up against the booth next to ours,
while continuing to scream in his face. Jerichael was bent
backwards from the force of David's body against his. [crossed out]
_____ I pushed in and helped disengage
David from Jerichael and pushed him from the area. David
threatened several bystanders on the way, getting in their face
and screaming that he would "kick their fucking ass."
Security was called and they secured the area.
If I hadn't removed him from the area, I believe he
would have ended up fighting other people or he was extremely
agitated and violent.

I HAVE READ THIS STATEMENT AND I AFFIRM TO THE TRUTH AND ACCURACY OF THE FACTS CONTAINED HEREIN. THIS STATEMENT WAS
COMPLETED AT (LOCATION) 750 Sierra Vista DR Reno
ON THE 16 DAY OF November AT 1054 (AM/PM), _____.

Witness/Officer: _____
Witness/Officer: S153682    P# _____
LVMPD 85 (REV. 6-98)
SIGNATURE OF PERSON GIVING STATEMENT

# EXHIBIT D

 **Steep Hill** | Licensing

# DO NOT TRUST STEEP HILL LABS
## NEW OWNER AND CEO
# J. Michael Keller

*My Name is David Harold Moore, and I swear that this testimony is true:*

So after graduating with a 3.9 and Honors from UNLV with a Masters Degree, I was hired by Michael Keller as Executive Vice President of Meeting Matrix International and given a 5% equity stake in the company...

**I first heard about Michael Keller being a homosexual predator when I tried to hire a classmate from my graduate school, and he told me that Michael Keller and his Wife tried to seduce him into a three way sexual encounter during the interview process.**

**Then I received several emails from Michael Keller where he professed his love for me. He proceeded to sexually harass me for over 2 years. I constantly rebuffed his advances, but he DELUSSIONALLY believed I would sleep with him once he divorced his wife and left his kids**

**So Michael moved me away from the home-office, and after I still wouldn't have sex with him, he fired me and withheld my pay, withheld my commissions, and made me sign a contract so I wouldn't tell anyone this story.**

**Michael Keller owes me 3% of the sale of Meeting Matrix Intl. (sold for $20M+)**

KEEP AN EYE OUT: THE 'PREDATOR-HARRASSER-HOMO' IS COMING FOR YOU...

STEEP HILL LABS INC. – A Global Leader In Analytical Cannabis Testing.
Active locations: AK | CA | HI | NM | WA   Opening Soon: AR | DC | MD | PA
@steephilllab   Phone: +1 (510) 562-7400

# DO NOT TRUST

 **Steep Hill**'s

## NEW OWNER AND CEO

# Michael Keller

*(AKA: 'Jmíchaele Keller')*



**J. Michael Keller**
*(AKA: 'Jmíchaele Keller')*

1. DIAGNOSED SOCIOPATH
2. Dr. Allan Gold diagnoses: **NPD**
   -NARCISSITIC PERSONALITY DISORDER
3. PROVEN SEXUAL HARASSER
4. GREEDY DEMONIC SCUMBAG
5. LEFT WIFE DESTITUTE w PTSD
6. PARTNER JERRY MURDERED
7. JERRY'S WIFE FLEECED for $
8. MINORITY PARTNER ROBBED

For More Detailed information, visit:
- davidhmoore.weebly.com/meeting-matrix.html

# EXHIBIT E

**Jmichaele Keller**

| | |
|---|---|
| **From:** | Henry Finkelstein <henry@cannabisbigdata.co> |
| **Sent:** | Thursday, November 16, 2017 9:33 PM |
| **To:** | Jmichaele Keller |
| **Subject:** | Smear campaign against you personally |
| **Attachments:** | IMG_20171116_123147.jpg; IMG_20171116_123140.jpg |

FYI

1

 **Steep Hill** | Licensing.

# DO NOT TRUST STEEP HILL LABS
## NEW OWNER AND CEO
# J. Michael Keller

*My Name is David Harold Moore, and I swear that this testimony is true:*

So after graduating with a 3.9 and honors from UNLV with a Masters Degree, I was hired by Michael Keller as Executive Vice President of Meeting Matrix International and given a 5% equity stake in the company...

I first heard about Michael Keller being a homosexual predator when I tried to hire a classmate from my graduate school, and he told me that Michael Keller and his Wife tried to seduce him into a three way sexual encounter during the interview process...

Then I received several emails from Michael Keller where he professed his love for me. He proceeded to sexually harass me for over 2 years. I constantly rebuffed his advances, but he DELUSSIONALLY believed I would sleep with him once he divorced his wife and left his kids.

So Michael moved me away from the home-office, and after I still wouldn't have sex with him, he fired me and withheld my pay, withheld my commissions, and made me sign a contract so I wouldn't tell anyone this story.

Michael Keller owes me 3% of the sale of Meeting Matrix Intl. (sold for $20M+)

---

KEEP AN EYE OUT: THE 'PREDATOR-HARRASSER-HOMO' IS COMING FOR YOU...

STEEP HILL LABS INC. — A Global Leader In Analytical Cannabis Testing.
Active locations: AK | CA | HI | NM | WA  Opening Soon: AR | DC | MD | PA
@steephilllab  Phone: +1 (510) 562-7400

# DO NOT TRUST



# Steep Hill™

## NEW OWNER AND CEO

# Michael Keller

### (AKA ... ...haele Keller')



**J. Michael Keller**
(AKA: 'Jmîchaeíe Keller')

1. DIAGNOSED SOCIOPATH
2. Dr. Allan Gold diagnoses: **NPD**
   · NARCISSITIC PERSONALITY DISORDER
3. PROVEN SEXUAL HARASSER
4. GREEDY DEMONIC SCUMBAG
5. LEFT WIFE DESTITUTE w PTSD
6. PARTNER JERRY MURDERED
7. JERRY'S WIFE FLEECED for $
8. MINORITY PARTNER ROBBED

For More Detailed information, visit:
· davidhmoore.weebly.com/meeting-matrix.html

# EXHIBIT F

## Jmichaele Keller

**From:**       Mitch Baruchowitz <mitch@meridacap.com>
**Sent:**       Tuesday, November 21, 2017 2:03 AM
**To:**         jmichaele@steephill.com
**Subject:**    Did you get choked in Vegas?

Heard some crazy story about you getting assaulted-what the heck?

Regards,

**Mitch Baruchowitz**
**Managing Partner**

MÉRIDA
CAPITAL PARTNERS

mitch@meridacap.com
917.301.8758
6720 B Rockledge Drive
Suite 750
Bethesda, Md 20817
www.meridacap.com

# EXHIBIT G



Hello Saul,

Thank you for sharing your wisdom and expertise at MJBizCon. Listen, I see an opportunity for partnership in our future; I have a patent pending process that enhances and utilizes the entourage effect; while making the biovailable products affordable for everyone - the shamanic method

David Harold · 7:28 AM

David Harold Moore is now a connection



Thanks for connecting, I will follow up as I get closer to a more concise proposal for you... live-love, david.

David Harold · 11:08 AM



look forward to it

2:28 PM



F n

David Harold · 2:28 PM

Toda



Jmî ha Í K ll r i      rthl
   umb   . DO NOT DO BU  INE
WITH H M. th  nk    u.



JMK_MJBIZCON  FL...
   B

David Harold · 1:51 PM

Okay    I see

# EXHIBIT H

**Jmichaele Keller**

**From:**               Jason Adler <Jason@gothamgreenpartners.com>
**Sent:**               Tuesday, November 28, 2017 12:19 AM
**To:**                 Jmichaele Keller
**Cc:**                 Randy Slifka
**Subject:**            Received this in the mail
**Attachments:**        imagejpeg_0.jpg; imagejpeg_1.jpg

JM,

We received this in the mail at Peace Naturals.

# DO NOT TRUST

 **Steep Hill**™ 's

## NEW OWNER AND CEO

# Michael Keller

*(AKA: 'michaele Keller')*



**J. Michael Keller**

*(AKA: 'Jmîchaeĺe Keller')*

1. DIAGNOSED SOCIOPATH
2. Dr. Allan Gold diagnoses: **NPD**
   -NARCISSITIC PERSONALITY DISORDER
3. PROVEN SEXUAL HARASSER
4. GREEDY DEMONIC SCUMBAG
5. LEFT WIFE DESTITUTE w PTSD
6. PARTNER JERRY MURDERED
7. JERRY'S WIFE FLEECED for $
8. MINORITY PARTNER ROBBED

For More Detailed information, visit:
. davidhmoore.weebly.com/meeting-matrix.html



# Steep Hill | Licensing

# DO NOT TRUST STEEP HILL LABS
## NEW OWNER AND CEO
# J. Michael Keller

*My Name is David Harold Moore, and I swear that this testimony is true:*

So after graduating with a 3.3 and honors from UNLV with a Masters Degree, I was hired by Michael Keller as Executive Vice President of Meeting Matrix International and given a 5% equity stake in the company...

I first heard about Michael Keller being a homosexual predator when I tried to hire a classmate from my graduate school, and he told me that Michael Keller and his Wife tried to seduce him into a three way sexual encounter during the interview process...

Then I received several emails from Michael Keller where he professed his love for me. He proceeded to sexually harass me for over 2 years. I constantly rebuffed his advances, but he DELUSSIONALLY believed I would sleep with him once he divorced his wife and left his kids.

So Michael moved me away from the home-office, and after I still wouldn't have sex with him, he fired me and withheld my pay, withheld my commissions, and made me sign a contract so I wouldn't tell anyone this story.

**Michael Keller owes me 3% of the sale of Meeting Matrix Intl. (sold for $20M+)**

KEEP AN EYE OUT:  THE 'PREDATOR-HARRASSER-HOMO' IS COMING FOR YOU...

STEEP HILL LABS INC. – A Global Leader In Analytical Cannabis Testing.
Active locations: AK | CA | HI | NM | WA   Opening Soon: AR | DC | MD | PA
@steephilllab  Phone: +1 (510) 562-7400

# EXHIBIT I

 2 

by David Lampach who was the previous CEO and is a current Partner of Steep Hill Labs LLC.

https://webapt.safto.org/ci/CaseInfo
.dl?CaseNum = GC165510068
SessionID=
0DA3EAB9D74  9C124380680DBA229
E47F12B2784

# DO NOT TRUST

 Steep Hill

*NEW OWNER AND CEO*

## Michael Keller

(AKA. 'michaele Keller')



J. Michael Keller
AKA [illegible]

1. DIAGNOSED SOCIOPATH
2. Dr. Allan Gold diagnosed NPD
   narcissistic personality disorder
3. PROVEN SEXUAL HARASSER
4. GREEDY DEMONIC SCUMBAG
5. LEFT WIFE DESTITUTE @ $150
6. PARTNER JERRY MURDERED
7. JERRY'S WIFE FLEECED for $
8. MINORITY PARTNER ROBBED
   [illegible]
   [illegible]

 **Bryan Martin** Wow. How can i talk to david...

 **David H. Moore** https://www.linkedin.com...

Moore shall be entitled to receive five percent (5%) of the Net Sale Proceeds
within one hundred eighty (180) days of the



'Jmichaele Keller' is now trying for a restraining order
against me, and a jury trial, so he can bully me into a
settlement. He is a true NPD sociopath who is using
Steep Hill Labs as a proxy to sue me for defamation.

'Jmichaele Keller' lives in the Netherlands so he can hire
his boy prostitutes in private, and without anyone
coworker knowing...

And he lives in the Netherlands as CEO of a Steep Hill
Labs LLC... which is in California?

'Jmichaele Keller' is actually siphoning money from
Steep Hill Labs LLC Profits to his family via his
consulting contract with Steep Hill Labs LLC?





Horrible first time experience. Ordered genkits on a monday, got them friday. Shipped from CA to NV, put them in the mail on Friday. It is now 7 days since the samples should have been received and i have some results completed

I was sent a result on a sample that I did not even send in. There are possible accuracy issues with steep hill lab.

Their phone system is garbage. You can never contact anyone and when you finally do, they people who can actually help me are always unavailable. Jerry is a manager who is extremely un-organized and cannot return a phone call.

Jerry told me that I cannot speak to anyone above him at Steep Hill labs. This is not a easy to run a business. The CEO needs to know of these inefficiencies. I am reasearching how to get ahold of:

Jmichaele Keller - CEO
Mitch Kulick - General Counsel
Calitva Bennett Warner - PR Specialist
Donald Land - Chief Scientific Consultant
Reggie Gaudino - Operations and Director of intalectual Property
Kymron deCente - Chief Research Office

I encourage anyone from this Corporate Officers list to contact me. Jerry has my number.

Next will be a formal complaint via California State Attorney Office.

I was promised that results would be ready today since they started processing yesterday morning. That did not happen, nor can i get a callback.

Christian is the head genital who seems equally as lazy and un-organized as Jerry.

They have issuues with the online system to where a sample Y10d# will not show up in the system. The user has to type in a 0 instead of a #. Another stupid glitch that a professional lab should not have

They use USPS with no tracking for the return kits to steephill. This is pathetic due to not being able to track something as important as this that is sent to steephill.

This has been the worst experience I have had with a company in a long time. The work ethic and professionalism of this lab is greatly lacking

I would not use steep hill lab unless you like dealing with inefficiency and poor business practices

I encourage steephill staff to respond to this and let's see what lies they say

👍 Like     💬 Comment     ↪ Share

○

David H. Moore · J. Michael Keller (aka Jmichaele Keller) CEO of Steep Hill Labs LLC is being sued for:

- Securities Fraud . See More



DO NOT TRUST
Steep HIll
Michael Keller

Like  Reply

○

Wow. How can i talk to david lampach!

○



David Lampach | Professional Profile | LinkedIn
View David Lampach's professional profile...

1  VEDDER PRICE (CA), LLP
   Heather M. Sager, Bar No. 186566
2  hsager@vedderprice.com
   Ayse Kuzucuoglu, Bar No. 251114
3  akuzucuoglu@vedderprice.com
   275 Battery Street, Suite 2464
4  San Francisco, California 94111
   T: +1 415 749 9500
5  F: +1 415 749 9502
6
   Attorneys for Plaintiffs
7  STEEP HILL LABORATORIES, INC. and
   JMICHAELE KELLER
8
9
10         SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                   COUNTY OF ALAMEDA
12
   STEEP HILL LABORATORIES, INC., and          Case No. RG17886732
13 JMICHAELE KELLER,
                                                ASSIGNED FOR ALL PURPOSES TO:
14            Plaintiffs,                       HONORABLE RONNI MACLAREN
                                                DEPARTMENT 25
15      v.
                                                **DECLARATION OF AYSE**
16 DAVID H. MOORE, an individual; and DOES      **KUZUCUOGLU IN SUPPORT OF**
17 1 through 10, inclusive,                     **PLAINTIFFS' MOTION FOR ORDER**
                                                **TO SHOW CAUSE RE: PRELIMINARY**
18            Defendants.                       **INJUNCTION**
19
                                                Date:      January 25, 2018
20                                              Time:      9:00 a.m.
                                                Dept:      25
21                                              Judge:     Hon. Ronni MacLaren
22                                              Trial Date: None set.
23                                              Date Action Filed: December 20, 2017
24
       I, Ayse Kuzucuoglu, declare as follows:
25
       1.      I am an attorney licensed to practice law in the State of California, and an
26
   associate with the law firm Vedder Price (CA), LLP, counsel of record for Plaintiffs Steep Hill
27
   Laboratories, Inc. ("Steep Hill") and Jmichaele Keller ("Keller") (collectively, "Plaintiffs"). I
28

1   make this declaration based on my own personal knowledge, in support of Plaintiffs' Motion for
2   Preliminary Injunction ("Motion"). If called upon to do so I could and would competently testify
3   as to the matters herein.

4       2.      On January 2, 2018, Plaintiff David Moore sent an e-mail to me and my colleague,
5   Heather Sager, regarding Plaintiffs' Complaint and the Ex Parte Application for Temporary
6   Restraining Order against him, and copied Steep Hill's investor relations and other Steep Hill
7   employees. In these e-mails, Mr. Moore continued to make defamatory statements against
8   Plaintiffs, stating that Keller "lives in the Netherlands so he can hire his boy prostitutes in
9   private" and "is siphoning money from Steep Hill Labs LLC Profits to his family." Attached
10  hereto as **Exhibit 1** is a true and correct copy of Moore's January 2, 2018 e-mail.

11      I declare under penalty of perjury subject to the laws of the State of California that the
12  foregoing information is true and correct. Executed this ___8___ day of January, 2018, at San
13  Francisco, California.

14

15

16                                              Ayse Kuzucuoglu

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

A. KUZUCUOGLU DEC ISO PL'S MTN. FOR OSC
[CASE NO. RG17886732]

SAN FRANCISCO/#50505.1

EXHIBIT 1

**Kuzucuoglu, Ayse**

| | |
|---|---|
| **From:** | davidhempmoore@gmail.com on behalf of David Harold Moore <luvrulesinc@gmail.com> |
| **Sent:** | Tuesday, January 02, 2018 11:22 AM |
| **To:** | Kuzucuoglu, Ayse; Sager, Heather M. |
| **Cc:** | info@steephill.com; cathie@steephill.com; investor.relations@steephill.com |
| **Subject:** | J. Michael Keller is using Steep Hill Labs Inc. as a proxy to sue me for Defamation \| Where is Police Report You Referenced? |
| **Attachments:** | 0.JMK_3percent_Addendum.png; 1.dhm_MMI_EmploymentContract.pdf; 2.dhm_MMI_Addendum.pdf; 3.dhm_Termination_WO_cause.pdf; a.JMK_SteepHill_Summons.pdf; b.JMK_Restrain_Arbitration.pdf; c.DavidLampach_JMK_SteepHill.pdf; x.JMK_MJBIZCON_FLYER.pdf; y.JMK_Linkedin_View.png |

Hello Attorneys Ayse Kuzucuoglu & Heather Sager...

I received your Fedex'd documents and I have no idea what is going on...

    - I see no copy of a referenced police report?

    - I see tons of lies communicated in the summons?

    - I see a Las Vegas, Nevada contractual dispute listed as Exhibit A?

I see no reason for a restraining order, other than your need to bully me.

I have not acted in a violent manner, nor did I assault 'Jmichaele Keller' (JMK) in any way...

I confronted JMK about my 3% on the first day of the Las Vegas Tradeshow...

On the last day I was questioned by Convention Security while Las Vegas Police was present...

I then left the show and went home; I have not stalked or harassed JMK in any way...

in fact, he has avoided all attempt at communications; and he is hiding in the Netherlands!

Finally, JMK is using Steep Hill Labs Inc. as a proxy to sue me for defamation. .

1

and your summons is total-tomfoolery, just like your restraining order attempt...

http://davidhmoore.weebly.com/meeting-matrix.html

*PS - I was viewed by JMK on linkedin; and I then emailed all mutual connections what he has done to me... I then blocked him from trolling me on Linkedin (attachment 'y')*

*PPS - I assume you want to email back, call me, and do more stuff so you can rack up the fees!*

'Jmichaele Keller' is actually siphoning money from Steep Hill Labs' profits to his family via his consulting contract with Steep Hill Labs Inc.?

And 'Jmichaele Keller' is issuing shares of Steep Hill Labs Inc. to his family via this fraudulent consulting contract.

This is why David Lampach (prior CEO and current partner) is suing 'Jmichaele Keller' for Malfeasance and Fraud.

I have been in a contractual conflict with JMK for years!

I was terminated without cause and am owed 3% of the net sale to JMK.

And here is the link for the lawsuit by David Lampach of Steep Hill Labs Inc. against JMK. .

https://webapps.sftc.org/ci/CaseInfo.dll?CaseNum=CGC          sionID=0DA3EAB5D79

1    VEDDER PRICE (CA), LLP
2    Heather M. Sager, Bar No. 186566
    hsager@vedderprice.com
3    Ayse Kuzucuoglu, Bar No. 251114
    akuzucuoglu@vedderprice.com
4    275 Battery Street, Suite 2464
    San Francisco, California 94111
5    T: +1 415 749 9500
    F: +1 415 749 9502
6
7    Attorneys for Plaintiffs
    STEEP HILL LABORATORIES, INC. and
8    JMICHAELE KELLER

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF ALAMEDA

12

| | |
|---|---|
| STEEP HILL LABORATORIES, INC., and JMICHAELE KELLER, | Case No. RG17886732 |
| Plaintiffs, | ASSIGNED FOR ALL PURPOSES TO: HONORABLE RONNI MACLAREN DEPARTMENT 25 |
| v. | **DECLARATION OF PAUL KLEIN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| DAVID H. MOORE, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | Date:        January 25, 2018 Time:       9:00 a.m. Dept:       25 Judge:      Hon. Ronni MacLaren |
| | Trial Date: None set. Date Action Filed: December 20, 2017 |

23       I, Paul Klein, declare as follows:

24       1.       I work as a consultant at Steep Hill Laboratories, Inc. ("Steep Hill ") as the interim

25   director of Human Resources. I started working at Steep Hill on August 30, 2017. I make this

26   declaration in support of Steep Hill and Jmichaele Keller's ("Keller") Motion for Preliminary

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN FRANCISCO/#50507.1

1  Injunction (the "Motion").    The matters stated in this Declaration are true and correct of my own
2  knowledge.

3      2.      Keller and I both attended the MJBiz Con / Marijuana Business Conference in Las
4  Vegas (the "MJBiz Conference") on behalf of Steep Hill from November 14 through 17, 2017. I
5  was serving as an exhibitor.

6      3.      On November 16, 2017, I was aware that David H. Moore ("Moore") had
7  distributed fliers at the MJBiz Conference. While I did not personally see Moore distribute flyers
8  on November 16, I did observe approximately 50 fliers authored by Moore and containing
9  disparaging comments about Keller and Steep Hill in the lunch area of the conference. Because
10 of the recent attack by Moore on Keller, I was told by Steep Hill's Vice President of Finance that
11 it was believed Moore had distributed them and he showed me a picture of Moore at that time. I
12 attempted to look for Moore at the conference to ensure he was not distributing any further flyers
13 but did not locate him. I also spoke to MJBiz Conference security about the fliers.

14     4.      On November 17 2017, Cathie Bennett Warner, Steep Hill's Head of Investor
15 Relations, contacted me by telephone, asking me to collect the same disparaging flyers authored
16 by Moore from conference rooms.  When I arrived in the conference room, the same flyers we
17 observed the day before had been left on the seats of the conference room. I collected the flyers,
18 but did not encounter Moore at this time. Attached hereto as **Exhibit A** are true and correct
19 copies of the fliers I collected from the conference rooms at the MJBiz Conference .

20     5.      On November 17, 2017,  while close to the conference rooms at the MJBiz
21 Conference, I saw Moore leaving copies of the same flyers about Keller and Steep Hill outside of
22 the men's bathroom near a conference room.  I immediately contacted security to alert them that
23 the man I recognized as Moore from the picture provided to me was still distributing the
24 defamatory flyers at the MJBiz Conference. Security guards along with conference police and the
25 head of conference security arrived and approached Moore.    When he realized that security was
26 about to stop him, he noticed me with the Steep Hill logo shirt and shouted, "I will find you; you

27
28

1    are next." As security was escorting Moore out of the building, Moore was glaring at me in a
2    menacing way. I felt extremely threatened and uncomfortable.

3        6.       I went to the police station and filed a police report shortly after the incident.
4    Attached hereto as **Exhibit B** is a true and correct copy of the police report I filed regarding
5    Moore on November 17, 2017.

6        7.       Absent a restraining order I believe there is a continued threat of imminent harm
7    directed a me, per Moore's threat of November 17, 2017. I am concerned for my physical safety.

8        I declare under penalty of perjury subject to the laws of the State of California that the
9    foregoing information is true and correct. Executed this ___ day of January, 2018, at San
10   Francisco, California.

11

12                                                                    Paul Klein
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VENABLE PALS (CA) LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -
P. KLEIN DEC ISO PLS' MTN. FOR PRELIMINARY INJUNCTION
[CASE NO. RG17886732]

SAN FRANCISCO/#30507 1

# EXHIBIT A

# DO NOT TRUST

 **Steep Hill**™

'S

## NEW OWNER AND CEO

# Michael Keller

## (AKA: 'Jmîchaeℓe Keller')



**J. Michael Keller**

(AKA: 'Jmîchaeℓe Keller')

1. **DIAGNOSED SOCIOPATH**
2. **Dr. Allan Gold** diagnoses: **NPD**
   -NARCISSITIC PERSONALITY DISORDER
3. **PROVEN SEXUAL HARASSER**
4. **GREEDY DEMONIC SCUMBAG**
5. **LEFT WIFE DESTITUTE w PTSD**
6. **PARTNER JERRY MURDERED**
7. **JERRY'S WIFE FLEECED for $**
8. **MINORITY PARTNER ROBBED**

For More Detailed information, visit:
- davidhmoore.weebly.com/meeting-matrix.html



# DO NOT TRUST STEEP HILL LABS
## *NEW OWNER AND CEO*
# J. Michael Keller

*My Name is David Harold Moore, and I swear that this testimony is true:*

So after graduating with a 3.9 and honors from UNLV with a Masters Degree, I was hired by Michael Keller as Executive Vice President of Meeting Matrix International and given a 5% equity stake in the company...

I first heard about Michael Keller being a homosexual predator when I tried to hire a classmate from my graduate school, and he told me that Michael Keller and his Wife tried to seduce him into a three way sexual encounter during the interview process...

Then I received several emails from Michael Keller where he professed his love for me. He proceeded to sexually harass me for over 2 years.  I constantly rebuffed his advances, but he DELUSSIONALLY believed I would sleep with him once he divorced his wife and left his kids.

So Michael moved me away from the home-office, and after I still wouldn't have sex with him, he fired me and withheld my pay, withheld my commissions, and made me sign a contract so I wouldn't tell anyone this story.

**Michael Keller owes me 3% of the sale of Meeting Matrix Intl. (sold for $20M+)**

KEEP AN EYE OUT: THE 'PREDATOR-HARRASSER-HOMO' IS COMING FOR YOU...

STEEP HILL LABS INC. – A Global Leader In Analytical Cannabis Testing.
Active locations: AK | CA | HI | NM | WA  Opening Soon: AR | DC | MD | PA
@steephilllab  Phone: +1 (510) 562-7400

# EXHIBIT B

## LAS VEGAS METROPOLITAN POLICE DEPARTMENT
# VICTIM'S INFORMATION GUIDE

Suspect:
☐ Cited  ☐ Arrested  ☐ Unknown
☐ City   ☐ County
☐ Misdemeanor  ☐ Gross Misdemeanor
☐ Felony

  

This report is important for you to keep since it is the only way you will have to refer to your particular case and event number. If you need a copy of your report, it can be obtained during the hours of 8 a.m. to 5 p.m., Monday through Friday, 8 a.m. to 3 p.m. on weekends from the LVMPD Police Records Section, 400 S. Martin L. King Blvd., Bldg. C, (702) 828-3476, **FIVE WORKING DAYS** after filing of the report, for a nominal fee.

**ATTENTION: IT IS YOUR RESPONSIBILITY TO IMMEDIATELY NOTIFY THE LVMPD IF YOU SHOULD RECOVER YOUR STOLEN VEHICLE YOURSELF.**

The department relies on a number of factors available in any report to assign a follow-up investigator. Experience has proven that certain information must normally be determined at the time of the investigation before a case has the potential for being solved. Without suspects, witnesses, evidence or other investigative leads, a crime cannot be solved except under special circumstances. For example, a suspect caught committing another crime is found with evidence linking him to this one, or he may confess to other crimes including this one. **If you have any questions or additional information, please contact the detective handling your case at the appropriate telephone number listed below or complete an Additional Crime Information report. (Refer to the Event Number listed above.)**

### OBLIGATIONS OF CITIZENS FILING MISDEMEANOR CRIME REPORTS WITH LVMPD

1. If an arrest was not made, or if a citation was not issued, and you wish to pursue this matter, you must contact the detective assigned to handle your case at the appropriate number listed below. AT LEAST TEN (10) BUSINESS DAYS AFTER THE REPORT HAS BEEN FILED, Monday through Friday, 8:00 a.m. - 4:00 p.m. You may be required to testify against the defendant (suspect) if the case is prosecuted in the courts. All felonies will be investigated.

2. **You must give the Event Number at the top of this page if you call about your case.**

3. **If the suspect in your case is arrested or cited for a misdemeanor, DO NOT CONTACT THE DETECTIVE ASSIGNED TO YOUR CASE. You may get information about the status of your case by contacting either the County or City Victim Advocates (listed below).** The police department does not have any court information.

4. If this is a misdemeanor crime report and is for INSURANCE PURPOSES ONLY or YOU DO NOT WISH TO PROSECUTE, and no one has been arrested, please DO NOT contact the detective.

5. **If no arrest has been made and you need victim assistance, you may contact a Victim Advocate from the Police Department at (702) 828-2955.**

### CONTACT TELEPHONE NUMBERS

| | | | |
|---|---|---|---|
| Firearms | (702) 828-3855 | Bolden Area Command | (702) 828-3347 |
| Identity Crimes | (702) 828-3483 | Convention Center Area Command | (702) 828-3204 |
| Fraud | (702) 828-3285 | Downtown Area Command | (702) 828-4314 |
| Abuse-Neglect | (702) 828-3364 | Enterprise Area Command | (702) 828-4809 |
| Homicide | (702) 828-3521 | Northeast Area Command | (702) 828-7355 |
| Missing Persons | (702) 828-2907 | Northwest Area Command | (702) 828-8577 |
| Commercial Robbery | (702) 828-3855 | Southeast Area Command | (702) 828-8242 |
| Sexual Assault | (702) 828-3421 | South Central Area Command | (702) 828-8639 |
| | | Spring Valley Area Command | (702) 828-2639 |

**LVMPD VICTIM ADVOCATE:** Provides crisis intervention, an assessment of the immediate needs of the victims and their families, initiates crime victim assistance paperwork, provides referrals to other agencies and functions as a liaison with LVMPD personnel and other law enforcement agencies. For assistance, please call the LVMPD Victim Advocate at (702) 828-2955, Monday through Friday, 7:00 a.m. - 4:00 p.m.

**LAS VEGAS CITY ATTORNEY VICTIM-WITNESS ASSISTANCE:** Provides specialized advocacy for victims of domestic violence or battery occurring within the City of Las Vegas. If you are a victim of domestic violence or battery and an arrest has been made or a citation has been issued, please contact the Las Vegas City Attorney's Victim Witness Advocate at (702) 229-2525.

**CLARK COUNTY DISTRICT ATTORNEY VICTIM/WITNESS ASSISTANCE CENTER:** Provides Justice Court and District Court case information and addresses any concerns you may have regarding your appearance as a witness. When you receive a subpoena to appear in a Justice Court or District Court case, please contact the Victim Witness Assistance Center at (702) 671-2525. If you move or have another address where you wish to receive a subpoena, please contact the advocates at the court.

**ASSISTANCE TO VICTIMS OF VIOLENT CRIME:** Victims of a violent crime who are physically injured or victims of sexual assault may qualify for medical and subsistence assistance from the State of Nevada under NRS 217. For information, contact the LVMPD Victim Witness Advocate or the Nevada State Victims of Violent Crime Program at (702) 486-2740. Note: Applications for this service must be received within one year of the commission of the crime.

**ASSISTANCE TO VICTIMS OF SEXUAL ASSAULT:** Victims of sexual assault may be eligible for medical treatment and counseling under NRS 217. For information, call the Clark County District Attorney Victim Witness Assistance Center (702) 671-2525, or Rape Crisis Center at (702) 366-1640. Note: Applications for this service must be received within 60 days of the commission of the crime.

**THREATS AND DISSUASION TO TESTIFY:** Victims and witnesses threatened and/or asked not to testify or prosecute, should contact the detective assigned to the original case. You may **also** notify the prosecutor if you have already been assigned one.

LVMPD 608  (REV. 9-16)

Sospechoso:

☐ Citado  ☐ Arrestado  ☐ No se sabe
☐ Ciudad  ☐ Condado
☐ Delito Menor  ☐ Delito Menor Grave
☐ Delito Mayor

**DEPARTAMENTO DE POLICÍA METROPOLITANA DE LAS VEGAS**
# GUÍA DE INFORMACIÓN PARA LA VÍCTIMA

Es importante que usted conserve este reporte ya que es la única manera que tendrá para referirse a su caso particular y a su número de evento. Si necesita una copia de su reporte, la puede obtener, por una cuota nominal, en la Sección de Registros Policiales de LVMPD, 400 S. Martin L. King Blvd., Bldg. C, (702) 828-3476, de lunes a viernes de 8 a.m. a 5 p.m. y los fines de semana, de 8 a.m. a 3 p.m., después de CINCO DIAS HABILES, de la fecha en que se presentó el reporte.

**ATENCIÓN: ES SU RESPONSABILIDAD NOTIFICAR A LVMPD SI USTED RECUPERA LA POSESIÓN, PERSONALMENTE, DE SU VEHÍCULO ROBADO.**

El departamento se basa en un número de factores disponibles en cualquier reporte, para designar un investigador que le dé seguimiento. La experiencia nos ha demostrado que cierta información se debe determinar, normalmente, a la hora de la investigación inicial para tener la capacidad de resolver cualquier caso. Sin sospechosos, testigos, pruebas, u otras pistas de investigación, un caso no se puede resolver, excepto bajo circunstancias especiales. Por ejemplo, si capturan a un sospechoso cometiendo un crimen y tiene evidencia en su persona que lo involucren con este crimen, puede o no confesar a otros crímenes incluyendo a este crimen. Si usted tiene preguntas o necesita información adicional, por favor comuníquese con el detective que maneja su caso al teléfono designado que se enumera abajo o complete un formulario de Información Adicional del Delito. (Refiérase al Número de Evento anotado en la parte superior.)

**OBLIGACIONES DE LOS CIUDADANOS QUE PRESENTAN REPORTES DE DELITOS MENORES A LVMPD**

1. Si no hubo arresto, o si no se dio un citatorio y si desea darle seguimiento a este asunto, usted debe contactar al detective asignado a manejar su caso, al teléfono apropiado en la lista de abajo. CUANDO MENOS DIEZ (10) DIAS LABORALES DESPUÉS DE QUE PRESENTÓ EL REPORTE, de lunes a viernes de 8 a.m. a 4 p.m. Puede requerirse que usted testifique contra el acusado (sospechoso) si el caso se procesa penalmente en la corte. Todos los casos a nivel felonía seran investigados.

2. Usted debe proporcionar el número de evento que se encuentra en la parte superior de esta hoja, si llama sobre su caso.

3. Si el sospechoso en su caso es arrestado o citado por un delito menor, NO SE COMUNIQUE CON EL DETECTIVE ASIGNADO A SU CASO. Usted puede obtener información sobre el estatus de su caso comunicándose ya sea con los abogados de las Víctimas del Condado o de la Ciudad (enumerados abajo). El departamento de policía no tiene ninguna información sobre el tribunal de justicia.

4. Si este es un reporte de un delito menor y es solamente por proposito de seguro o no desea un proceso penal, y nadie a sido arrestado, por favor no se comunique con el detective.

5. Si no se ha hecho ningún arresto y usted necesita ayuda como víctima, puede comunicarse con el departamento de servicios para Víctimas del Departamento de Policía al (702) 828-2955.

## NÚMEROS DE TELÉFONO

| | | | |
|---|---|---|---|
| Armas de Fuego | (702) 828-3855 | Bolden Area Command | (702) 828-3347 |
| Crímenes de Identidad | (702) 828-3481 | Convention Center Area Command | (702) 828-3204 |
| Fraude | (702) 828-3285 | Downtown Area Command | (702) 828-4314 |
| Maltrato-Descuido | (702) 828-3364 | Enterprise Area Command | (702) 828-4809 |
| Homicidio | (702) 828-3521 | Northeast Area Command | (702) 828-7355 |
| Personas Extraviadas | (702) 828-2907 | Northwest Area Command | (702) 828-8577 |
| Robos a Establecimientos Comerciales | (702) 828-3855 | Southeast Area Command | (702) 828-8242 |
| Abuso Sexual | (702) 828-3421 | South Central Area Command | (702) 828-8639 |
| | | Spring Valley Area Command | (702) 828-2639 |

**CENTRO DE AYUDA PARA VÍCTIMAS DE LVMPD:** Provee colaboración en crisis, una evaluación de las necesidades inmediatas de las víctimas y sus familias, inicia el papeleo de la reclamación para la compensación por los delitos, provee referencias de otras agencias y funciona como contacto con el personal de LVMPD y otras agencias legales. Para ayuda, por favor llame a servicios para víctimas al (702) 828-2955.

**AYUDA DEL FISCAL DE LA CIUDAD DE LAS VEGAS PARA VÍCTIMAS Y TESTIGOS:** Provee ayuda especializada para víctimas de violencia doméstica o maltrato cuando ocurre dentro de la Ciudad de Las Vegas. Si usted es víctima de violencia doméstica o maltrato y se ha hecho una detención, o si se le ha otorgado un citatorio, por favor comuníquese con el Abogado de Víctimas y Testigos de la oficina del Fiscal de la Ciudad de Las Vegas al (702) 229-2525.

**CENTRO DE AYUDA PARA VÍCTIMAS Y TESTIGOS DE LA OFICINA DEL FISCAL DEL CONDADO DE CLARK:** Provee información de casos del tribunal de Justicia y del Distrito y trata cualquier inquietud que usted pueda tener respecto a su presentación como testigo. Cuando usted recibe un citatorio escrito para presentarse en un caso en el tribunal de justicia o del distrito, por favor comuníquese con el Centro de Ayuda para Víctimas y Testigos al (702) 671-2525. Si usted se cambia de domicilio o tiene otra dirección quiere recibir un citatorio, por favor comuníquese con los Servicios para Víctimas del tribunal de justicia.

**AYUDA PARA VÍCTIMAS DE DELITOS VIOLENTOS:** Las víctimas de delitos violentos que han sido heridas físicamente o víctimas de agresión sexual pueden calificar para asistencia y consejería médica, del Estado de Nevada bajo la ley NRS 217. Para información, comuníquese con el centro de ayuda para Víctimas y Testigos de LVMPD o con el Programa de Compensación para Víctimas de Delitos Violentos del Estado, al (702) 486-2740. NOTA: Las solicitudes para este servicio se deben de recibir durante el año que se cometió el delito.

**AYUDA PARA VÍCTIMAS DE ABUSO SEXUAL:** Las víctimas de abuso sexual pueden ser elegibles para tratamiento y consejería bajo la ley NRS217. Para información, llame al Centro de Ayuda para Víctimas y Testigos del Fiscal del Distrito del Condado de Clark al (702) 671-2525 o al Centro de Crisis de Violación al (702) 366-1640. Nota: Las solicitudes para este servicio deben ser recibidas dentro de los 60 días de que se cometió el delito.

**AMENAZAR Y DISUADIR A LOS QUE TESTIFICAN:** Las víctimas y testigos que sean amenazados o que se les pida que no testifiquen, o que no le den seguimiento al proceso penal, deben comunicarse con el detective asignado en el caso original. También puede notificar al fiscal si ya se le asignó uno.

Las Vegas Metropolitan Police Department
400 S. Martin Luther King Blvd.
Las Vegas, NV 89106



Case Report No.: LLV171117002258

## Administrative

| | | | | Sector /Beat | M1 |
|---|---|---|---|---|---|
Location  3150 PARADISE RD  Lv, NV 89159
Occurred On (Date / Time)  Friday 11/17/2017 1:00:00 PM  Or Between (Date / Time)
Reporting Officer  13501 - Ward, Grace M  Reported On  11/17/2017
Entered By  13501 - Ward, Grace M  Entered On  11/17/2017 2:30:29 PM
Related Cases  171116-1521  Jurisdiction  Clark County

Traffic Report  Place Type  Accident Involved

## Offenses:

Harassment, (1st)(M)-NRS 200.571.2A
Completed  Yes  Domestic Violence  Hate/Bias
Entry  Premises Entered  Type Security  Tools
Weapons  Location Type  Other/Unknown
Criminal Activities

## Victims:

Name: Klein, Paul

Victim Type  Individual  Written Statement  Yes  Can ID Suspect
Victim of  50328 - Harassment, (1st)(M)-NRS 200.571.2A

DOB  11/22/1973  Age  43  Sex  Male  Race  White  Ethnicity  Not Hispanic or Latino
Height  6' 1"  Weight  180  Hair Color  Brown  Eye Color  Green
Employer/School  Steep Hill labs
Occupation/Grade  Director of HR  Work Schedule
Injury  Injury Weapons

Addresses
Residence  Weestreesterstraat St #6  Delfgaun  Zh2645mc  Netherlands
Phones

Offender Relationships
Notes:

## Suspects:

Name: Moore, David
Alias:

Scope ID  DOB  Age  50  Race  White  Ethnicity  Not Hispanic or Latino

Sex  Male  Height  6' 2"  Weight  250  Hair Color  Black  Eye Color
Employer/School  Grade or Grade

Addresses
Residence
Phones
Notes:  P. Klein

## Arrestees:

11 17 2017

## Witnesses:

Bistow

## Other Entities:

Name: Contact  Taylor, Kim

Written Statement  Can ID Suspect

DOB  Age  Sex  Female  Race  White  Ethnicity  Not Hispanic or Latino
Height  Weight  Hair Color  Eye Color
Driver License Number  Driver License State

Addresses
Business  6362 Mcleod Dr #5  Las Vegas, NV  89120
Phones
Business/Work  (702) 650-2298
11/17/2017 3:10 PM  LLV171117002258

Cellular
Notes:                    (702) 612-1548

## Properties: ()

## Narrative

On 11/17/2017 at approx. **1116 hrs**, Victim Paul Klein **said**, he is an exhibitor for Steep Hill Labs was **called by a colleague Cathie Warner** who informed him that Suspect David Moore another vendor at the MJ Biz was passing out flyers **defaming Steep Hill Labs** CEO J Michael Keller.

Paul said, he called security to stop David from handing out his flyers, because the day before David was handing out flyers and assaulted J Michael Keller under event #171116-1521.

Paul said, security had detained David on the second floor by booth N255, when he saw Paul with his Steep Hill logo shirt he said ' I will find you, you're next'. Paul said, he interpreted David's statement as a threat, as the day before David assault Paul's CEO.

David was escorted off the premises and Convention Vendor ID was taken by security.

Attached is a photo of David with security and a photo of David's vendor ID.

Page _____ of _____

**LAS VEGAS METROPOLITAN POLICE DEPARTMENT**
**VOLUNTARY STATEMENT**

Event #
171117-2258

### THIS PORTION TO BE COMPLETED BY OFFICER

| Specific Crime | Date Occurred | Time Occurred |
|---|---|---|
| HARASSMENT | 11 17 2017 | 1300 |

| Location of Occurrence | Sector/Beat | |
|---|---|---|
| 3150 PARADISE RD  LVN | m 1 | ☐ City  ☑ County |

Your Name (Last / First / Middle)  KLEIN  Paul

Date of Birth  11 /22 /75  Social Security #  179389933

| Height | Weight | Work Schdl (Hours) | Business / School |
|---|---|---|---|
| White | Male | 6,1 | 180 | Dark | Brown | SLEEP  HILL  LABS |

Residence Address  (Number & Street)
WEBSITESTESTCONT 6

Colle020  EM 2645MC   + 316 523 3996  510 562 7900

Bus. (Local) Address: (Number & Street)
1005  Parkizon St

Deskley   CM 96710  DR HR   NOV - 17

File to contact you during the day
Berkeley  CA

EMAIL :
Paul Klein@startup.io

Best time to contact you during the day
2 AM - 2 PM

Can You Identify  ☒ Yes
the Suspect?  ☐ No

**DETAILS** A previous Report case filed, CASENUMBER 171116-1521
I would like this complaint to be added TO this FILE
THE complaint is AGAINST David Moore (Founding CEO of
Green Pupplo estates foundation, NV. Wednesday
OUR CEO was assaulted around 11:10 AM By David
Moore (see CASE NW) Yesterday David More was
Distributing false flyers wrongly accusing our CEO
the security of MyBizz & employees of Deep till Taxed to
find David in order to dry the distribution of the flyers
Today I SAW him in person Distributing these flyers
I called security and they caught him when they
did He saw me and Threatened me "  I will
find you, you're next "  his license & Home Address
is Known By Kim Taylor, president of MM security, 6362
Mcleod Drive, suite 5 LAN Vegas SHe and Jeremy Wooley
ARE WITNESSES as is the hotel security (convention Centre)

I HAVE READ THIS STATEMENT AND I AFFIRM TO THE TRUTH AND ACCURACY OF THE FACTS CONTAINED HEREIN. **THIS STATEMENT WAS
COMPLETED AT (LOCATION)** CCAC
ON THE ____ 17 ____ DAY OF ____ NOV ____ AT ___ 1426 _ (AM / PM) ___ 2 17  11 19 2017

P Klein

Witness/Officer: _____
(SIGNATURE)

X _____
SIGNATURE OF PERSON GIVING STATEMENT

# DO NOT TRUST



## Steep Hill™

's

## NEW OWNER AND CEO

# Michael Keller

## (AKA: 'Jmîchaele Keller')



**J. Michael Keller**
(AKA: 'Jmîchaele Keller')

1. **DIAGNOSED SOCIOPATH**
2. **Dr. Allan Gold** diagnoses: NPD
   -NARCISSITIC PERSONALITY DISORDER
3. **PROVEN SEXUAL HARASSER**
4. **GREEDY DEMONIC SCUMBAG**
5. **LEFT WIFE DESTITUTE w PTSD**
6. **PARTNER JERRY MURDERED**
7. **JERRY'S WIFE FLEECED for $**
8. **MINORITY PARTNER ROBBED**

For More Detailed information, visit:

- davidhmoore.weebly.com/meeting-matrix.html



# DO NOT TRUST STEEP HILL LABS
## *NEW OWNER AND CEO*
# J. Michael Keller

*My Name is David Harold Moore, and I swear that this testimony is true:*

So after graduating with a 3.9 and honors from UNLV with a Masters Degree, I was hired by Michael Keller as Executive Vice President of Meeting Matrix International and given a 5% equity stake in the company...

I first heard about Michael Keller being a homosexual predator when I tried to hire a classmate from my graduate school, and he told me that Michael Keller and his Wife tried to seduce him into a three way sexual encounter during the interview process...

Then I received several emails from Michael Keller where he professed his love for me. He proceeded to sexually harass me for over 2 years. I constantly rebuffed his advances, but he DELUSSIONALLY believed I would sleep with him once he divorced his wife and left his kids.

So Michael moved me away from the home-office, and after I still wouldn't have sex with him, he fired me and withheld my pay, withheld my commissions, and made me sign a contract so I wouldn't tell anyone this story.

**Michael Keller owes me 3% of the sale of Meeting Matrix Intl. (sold for $20M+)**

KEEP AN EYE OUT: THE 'PREDATOR-HARRASSER-HOMO' IS COMING FOR YOU...

STEEP HILL LABS INC. — A Global Leader In Analytical Cannabis Testing.
Active locations: AK | CA | HI | NM | WA  Opening Soon: AR | DC | MD | PA
@steephilllab  Phone: +1 (510) 562-7400



KIM TAYLOR

www.dtecurityscom

DTA Security Services, LLC





*12323562*

| | |
|---|---|
| 1 | VEDDER PRICE (CA), LLP |
| 2 | Heather M. Sager, Bar No. 186566<br>hsager@vedderprice.com |
| 3 | Ayse Kuzucuoglu, Bar No. 251114<br>akuzucuoglu@vedderprice.com |
| 4 | 275 Battery Street, Suite 2464<br>San Francisco, California 94111 |
| 5 | T: +1 415 749 9500<br>F: +1 415 749 9502 |

VEDDER PRICE (CA), LLP
Heather M. Sager, Bar No. 186566
hsager@vedderprice.com
Ayse Kuzucuoglu, Bar No. 251114
akuzucuoglu@vedderprice.com
275 Battery Street, Suite 2464
San Francisco, California 94111
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Plaintiffs
STEEP HILL LABORATORIES, INC. and
JMICHAELE KELLER

FILED
ALAMEDA COUNTY

JAN 04 2018

CLERK OF THE SUPERIOR COURT
By: _____
                              DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| STEEP HILL LABORATORIES, INC., and<br>JMICHAELE KELLER.<br><br>Plaintiffs,<br><br>v.<br><br>DAVID H. MOORE, an individual; and DOES<br>1 through 10, inclusive,<br><br>Defendants. | Case No. RG17886732<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>HONORABLE RONNI MACLAREN<br>DEPARTMENT 25      RBM<br><br>EX PARTE [PROPOSED] ORDER TO<br>SHOW CAUSE REGARDING<br>PRELIMINARY INJUNCTION;<br>[PROPOSED] TEMPORARY<br>RESTRAINING ORDER<br><br>Date: January 4, 2018<br>Time: 9:00 a.m.<br>Dept.: 25<br>Judge: Hon. Ronni MacLaren<br><br>**RESERVATION NO. 1921287** |

Based upon Plaintiffs Steep Hill Laboratories, Inc. and JMichaele Keller's Application for

Order to Show Cause and Temporary Restraining Order, on the Memorandum of Points and

Authorities in Support, on the supporting declarations attached thereto, including the Declaration

of Ayse Kuzucuoglu regarding notice, and on the argument of the parties made by counsel at the

hearing on January 4, 2018, in Department 25 of the above-titled court, the following are ordered

by this Court:

- 1 -

1

## ORDER TO SHOW CAUSE

2      To Defendant David H. Moore:

3      Based upon the verified complaint filed in this action, you are ordered to appear on Out Street, Oakland,

4  Jan. 25, 2018 at 9:00 in Department 25 of this Court located at 1221 ~~Out Street, Oakland,~~ to show cause why

5  a preliminary injunction pending trial of this action should not be ordered restraining and

6  enjoining you, your employees, agents, or any other persons acting with you on your behalf from:

7      1.      Maintaining any website including defamatory ~~or disparaging~~ RBH statements about

8  Plaintiffs; the website http://davidhmoore.weebly.com/meeting-matrix.html and all related

9  content shall be taken down immediately; and

10      2.      Distributing any type of defamatory communication about Plaintiffs, including

11  flyers and e-mails; and

12      3.      Going within 100 feet of Plaintiff Keller or of Steep Hill Laboratories, Inc.'s

13  business address.

by personal delivery or fax

14      This Order to Show Cause and supporting papers shall be served on Defendant no later

15  than Jan. 8, 2018, by 4:00 PM . Proof of such service shall be filed and delivered to the
opposition
16  court hearing the order to Show Cause no later than Jan. 12, 2018. Any ~~reply~~ papers shall be filed
delivery or fax
17  and served by Defendant on Plaintiffs by personal de no later than 4:00 ~~a.m.~~/p.m. on

18  Jan. 18, 2018. Any reply papers shall be filed and served by Plaintiffs on

19  Defendant by personal delivery or fax no later than 4:00 p.m on Jan. 22, 2018

20      Dated: Jan. 4, 2018

21                                          Honorable Ronni MacLaren

22

23  * Courtesy copies (2 sets) of all papers shall be

24  delivered to Dept. 25 on the day of filing .

25

26

27

28                                    - 2 -

VENDER PRICE (CA), LLP

EX PARTE [PROPOSED] ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION;
[PROPOSED] TEMPORARY RESTRAINING ORDER
[CASE NO. RG17886732]

1

## TEMPORARY RESTRAINING ORDER

2    Pending hearing on the above Order to Show Cause, Defendants, their employees, and

3    agents, and/or any person acting with them or on their behalf, are restrained and enjoined from:

4    1.    Maintaining any website including defamatory ~~or disparaging~~ statements about

5    Plaintiffs; the website http://davidhmoore.weebly.com/meeting-matrix.html and all related

6    content shall be taken down immediately; and

7    2.    Distributing any type of defamatory communication about Plaintiffs, including

8    flyers and e-mails; and

9    3.    Going within 100 feet of Plaintiff Keller or of Steep Hill Laboratories, Inc.'s

10   business address.

11   IT IS SO ORDERED.

12

13   Dated: _Jan. 4_, 20 18

14                                                              Honorable Ronni MacLaren

15

16

17

18

19

20

21

22

23

24

25

26

27

28
- 3 -

1        **PROOF OF PERSONAL SERVICE**

2        I, _Jeremy Roberts_, hereby declare that on January 17, 2018, I mailed from San

3    Francisco, California, the following documents:

4        • Notice of Removal of Action from State Court (28 U.S.C. § 1332)

5        • Civil Case Cover Sheet

6        • Motion for Permission for Electronic Case Filing

7        by depositing the sealed envelope with the United States Postal Service with the postage

8    fully prepaid, addressed as follows:

9

10   Heather M. Sager
     Ayse Kuzucuoglu
     VEDDER-PRICE (CA)
11   275 Battery Street, Ste. 2464
     San Francisco, CA 94111
12

13       on January 17, 2017. I am at least 18 years old. I am not a party to this action. I am a

14   resident of or employed in the county where the mailing took place. _I am homeless but I get mail_

15       I declare under penalty of perjury under the laws of the State of California and the

16   United States of America that the foregoing is true and correct.  _by general delivery at_

17                                                   Respectfully submitted,  _391 Ellis St_
                                                                              _SF, CA_
18
                                                                              _94102_
19

20

21                                                   _Jeremy Roberts_
                                                     January 17, 2018
22

23

24

25

26

27

                                    3