1   DAVID HAROLD MOORE
2       2767 Cherrydale Falls Drive
        Henderson, NV 89052
        Telephone: (702) 492-0493
3       E-mail: LUVRulesinc@gmail.com
    *Defendant in propria persona*
4

5

6

7

8               UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                 SAN FRANCISCO DIVISION

10                                          Case No. 3:18-cv-00373-LB

11                                          DEFENDANT'S NOTICE OF MOTION AND
          Steep Hill Laboratories, Inc.,    SPECIAL MOTION TO STRIKE COMPLAINT
12        Jmichaele Keller,                 PURSUANT TO SECTION 425.16 OF THE
                    Plaintiffs,             CALIFORNIA CODE OF CIVIL PROCEDURE
13
                    v.                      [Filed concurrently with
14                                          Defendant's Motion to Dismiss]
          David Harold Moore,
15        Does 1 through 10, inclusive,     Date:    March 8, 2018
                    Defendants.             Time:    9:30 a.m.
16                                          Room:    Courtroom C - Floor 15
                                                     450 Golden Gate Ave.
17                                                   San Francisco, CA 94102

18                                          Judge:   Hon. Laurel Beeler

19

20               NOTICE OF MOTION AND MOTION

21      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22          Please take notice that on March 8, 2018 at 9:30 a.m. in Courtroom C on Floor 15 of the

23   above-captioned Court, or as soon thereafter as the matter may be heard, I, David Harold Moore,

24   defendant in the above-captioned case, will and hereby do move the court before the honorable

25   Magistrate Judge Laurel Beeler for an order pursuant to section 425.16 of the California Code

26   of Civil Procedure striking the entirety of and each cause of action within plaintiffs' complaint

27   without leave to amend. This motion is filed separately from my motion to dismiss because the

                                            1

1 | legal and factual grounds upon which my arguments rest are sufficiently distinct that they may be
2 | disposed of separately of one another.

3 |      This motion shall be based on this Notice of Motion and Motion, the attached Mem-
4 | orandum of Points and Authorities and the concurrently filed Declaration of David Harold
5 | Moore, on the pleadings, files and records of this case, and on any oral or documentary evidence
6 | that may be presented at the hearing of the Motion.

Respectfully submitted,
/s/ David Harold Moore
David Harold Moore
January 23, 2018
Defendant

MEMORANDUM OF POINTS AND AUTHORITIES

I. FACTUAL BACKGROUND

On December 20, 2017, the plaintiffs in this case filed a complaint against me averring various state-law claims mostly arising from statements and flyers about James Michael Keller, proceeding in this action as 'Jmîchaeĺe Keller' ('Keller'), CEO of Steep Hill Laboratories, Inc. ('Steep Hill'.) These statements and flyers include claims that he is a 'diagnosed sociopath', that he is a 'scumbag', that he is untrustworthy, that people shouldn't do business with him, that he is a sexual predator, and so on and so forth.

Keller is no stranger to the public eye. After all, according to the official website of his co-plaintiff and company Steep Hill as well as his own public LinkedIn profile, he "has achieved tremendous success as an investor, entrepreneur, and passionate leader", publicly managing a private venture fund that invests in the industry. He led MeetingMatrix International "to market dominance and a large successful exit in 2012", winning "numerous awards including 4 consecutive Gold Adrian Awards, 7 Davey Awards, and the 2010 and 2011 Alfred P. Sloan Award for Business Excellence in Workplace Flexibility." Steep Hill Laboratories, Inc., *Our Company*. https://www.steephill.com/company (as of January 19, 2018), the relevant part of which is annexed as Exhibit N to the concurrently filed Declaration of David Harold Moore ('Moore Decl.'); *see also* Jmîchaeĺe Keller, *LinkedIn Profile*. https://www.linkedin.com/in/jmichaele/ (as of January 21, 2018), annexed to Moore Decl. as Exhibit O.

Steep Hill itself is dedicated to measuring the potency of marijuana intended for sale by growers and traffickers purportedly licensed by state governments, so as to aid and abet its sale. It touts itself as the 'world's leading cannabis science and technology company', operating openly in seven states. *Id.* It has closed millions in funding. PM Newswire, *Steep Hill Closes $2 Million Investment Round*, https://www.prnewswire.com/news-releases/steep-hill-closes-2-million-investment-round-300455885.htm. Exhibit P, Moore Decl.

Having made themselves famous in the industry to boost their illegally obtained profits, the plaintiffs now allege in their complaint that they have suffered damages to these very profits.

3

II. Summary of Argument

In the interest of stopping the chilling of the "valid exercise of the constitutional rights of freedom of speech", the Legislature demanded that section 425.16 of the Code of Civil Procedure, which provides a substantive immunity from suit from any "cause of action against a person arising from any act of that person in furtherance of the person's right of... free speech under the United States Constitution or the California Constitution in connection with a public issue", "be construed broadly". Code Civ. Proc. § 425.16(b)(1). The plaintiff must show, by competent evidence that if credited by the trier of fact would entitle him to judgment as a matter of law, that he may prevail on his claim. *Wilcox v. Superior Court (Peters),* 27 Cal.App.4th 809, 823-824 (1994)

Firstly, plaintiffs' claims arise from conduct which arises from acts in furtherance of a public issue. Taking the plaintiffs' public representations and averments in their complaint at their face value, Keller is a public figure, or, at the very least, a public figure within the community of the marijuana trafficking industry. The plaintiffs acknowledge in their own allegations that he effectively represents the company as a whole, and that he and the company in tandem are seeking and have obtained investments from the public, and in effect that his integrity is a matter of public concern. Complaint ¶ 18. His personal and business misconduct would therefore be a serious issue of public concern both because of his self-admitted role in securing investors and acting as the face of a company seeking investment from the public and because the public has an interest in the doings of people who are operating continuing criminal enterprises. In addition, the management of Steep Hill, as the self-proclaimed 'world's leading cannabis science and technology company', is certainly, by its own terms, a matter of public concern, even worldwide concern.

Secondly, the plaintiffs cannot establish by evidence admissible at trial a reasonable probability of prevailing on their claims because the defamatory matters alleged cannot reasonably be proven to be false or are opinion or are "rhetorical hyperbole, vigorous epithets, lusty and imaginative expressions of contempt and language used in a loose, figurative sense". *Grenier v. Taylor*, 234 Cal.App.4th 471, 486 (2015). In addition, applying Civil Code § 1708.7 to me under the circumstances alleged would be unconstitutional because they have no connection with this state.

4

1   The remainder of the plaintiffs' claims are doomed on each of their own merits.

2        In addition to all of these reasons that the plaintiffs cannot prevail, because the plaintiffs

3   are engaged in criminal conduct to earn the investments, funding and customers which they

4   claim are jeopardized by my actions, they cannot be awarded any damages whasoever on the basis

5   of any damage that might be done to those efforts, and so any such claims on that basis must be

6   struck in whole or in part.

7                                  II. Argument

8   **A.  The consideration of section 425.16 supersedes any decision on the concurrently**

9        **filed motion to dismiss.**

10       "California law recognizes the protection of the anti-SLAPP statute as a substantive

11  immunity from suit", and so a federal court sitting in diversity shall treat it as such as well. *Batzel*

12  *v. Smith,* 333 F.3d 1018, 1025–26 (9th Cir. 2003). If the court finds that granting this motion in

13  any part would be warranted, California law mandates the plaintiff may not evade an award of

14  fees and costs and may not relitigate the issue by withdrawing the complaint in this action nor by

15  amending the complaint, and the complaint, if struck on the basis of this motion, must be struck

16  without leave to amend. *Liu v. Moore*, 69 Cal.App. 4th 745, 749-751 (1999); *Simmons v. Allstate*,

17  92 Cal.App. 4th 1068, 1072-1073 (2001). This mandatory dismissal with prejudice is substantive,

18  and even if my concurrent motion to dismiss for failure to state a claim should be granted, the

19  court, sitting in diversity, should rule on this motion and adjudicate my substantive immunity

20  to suit for the matters raised by the plaintiffs under California law. *Simmons v. Allstate Ins. Co.,*

21  92 Cal.App.4th 1068, 1073-1074 (2001); *Navellier v. Sletten*, 106 Cal.App.4th 763, 772 (2003);

22  *Sylmar Air Conditioning v. Pueblo Contracting Services., Inc..*, 122 Cal.App.4th 1049, 1052 (2004).

23  **B.  The plaintiffs' claims are subject to section 425.16 of the Code of Civil Procedure.**

24       A special motion to strike proceeds in two parts. Firstly, the court determines whether

25  the moving party has made a prima facie showing that the challenged activity stems from pro-

26  tected activity. Then, if the moving party has made such a showing, the court must then consider

27  whether the plaintiff, in opposition, has demonstrated a probability of success on the challenged

                                      5

1  claim. *HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal.App.4th 204, 211-212 (2004). It must do

2  so by providing competent admissible evidence that, if credited by the trier of fact, would entitle

3  the plaintiff to judgment as a matter of law. *Wilcox, supra*, 27 Cal.App.4th at 823-824 (1994).

4  Specifically, this requires the plaintiff to produce evidence of competent, admissible evidence to

5  support each and every essential allegation of the claim, including causation and damages. *Aver-*

6  *ill v. Superior Court (Eli Home, Inc.)*, 42 Cal.4th 1170, 1176 (1996); *College Hospital v. Superior*

7  *Court (Crowell)*, 7 Cal.4th 704, 718-719 (1994). The statute applies in federal court to state law

8  claims. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003). The statute, in its own

9  terms, is to be broadly construed, and California courts have complied by extending this immuni-

10  ty wherever it may conceivably be found. *Briggs v. Eden Council Case for Hope & Opportunity*, 19

11  Cal.4th 1106, 1119 (1999).

12  ### I.   The actions alleged by the plaintiffs stem from protected activity.

13  Code Civ. Proc § 425.16(e) clearly defines the scope of the protected interest, in relevant

14  part, as "any written or oral statement or writing made in a place open to the public or a public

15  forum in connection with an issue of public interest" or "any other conduct in furtherance of the

16  exercise of the... constitutional right of free speech in connection with a public issue or an issue of

17  public interest".

18  In this case, plaintiffs claim that certain statements on a flyer relating to Keller are defam-

19  atory and constitute intentional infliction of emotional distress, stalking and various other torts.

20  These statements can be categorized in two distinct categories:

21  1.   That he is a diagnosed sociopath with narcissistic personality disorder, a proven

22  sexual harasser, left his wife destitute with PTSD, that his wife was 'fleeced' by him and that a

23  minority partner of his was robbed by him. Complaint ¶ 17(a). That he is a homosexual predator

24  and fired me from a previous job after I refused to have sex with him. *Id.*, ¶ 17(a). That he tried to

25  seduce someone into a three way sexual encounter and that he sexually harassed me. *Id.*, ¶26.

26  2.   That he is the owner and CEO of Steep Hill Laboratories, Inc., and is not to be

27  trusted. *Id.*, ¶ 17(a). That he is a worthless scumbag and he is not to be done business with. *Id.*, ¶

6

1  17(c). That he is a proven scumbag and a greedy demonic scumbag. *Id.*, ¶26.

2  The first category of actions would be things which I reasonably believed to be true and

3  continue to believe to be true about a public figure soliciting investment from the public, whose

4  conduct would necessarily be a public issue or a topic of public interest, and the second category

5  is composed of my opinions about a person's business practices, ethics and personality.

6  Obviously, having been cheated by Keller, I would have my own opinion about him: no

7  "reasonable fact finder could conclude" that my general assertion that he is a 'scumbag', that he

8  is 'worthless', that he is 'greedy' or that, in my opinion, people shouldn't do business with him is

9  "a provably false assertion of fact". *Hawran v. Hixson*, 209 Cal.App.4th 256, 289 (2012). These

10  opinions, regardless of their falsifiability, clearly were a matter of public interest: construing the

11  statute broadly, it's clear that even the plaintiffs admit that my opinions and comments were a

12  matter of public concern simply by the interest they raised in their investors and in the market.

13  Even if that is insufficient, the mental and ethical soundness of a large company's CEO

14  and owner, someone who runs a venture fund financing the illicit trade of Schedule I drugs, is a

15  matter of significant public concern. In fact, the public has an enormous interest in such a public

16  figure's actions, particularly their criminal actions. In addition, the marijuana trade is an area of

17  political concern, and the subject is extremely important to voters and to the general public; the

18  defendant, in doing his best to make himself famous and wealthy in the highly contentious, polit-

19  icized marijuana industry, has gotten his wish. Having so profited, he cannot now decide to argue

20  that he is a private figure, his doings of interest to no one but himself.

21  Moreover, even if he is somehow not a public figure, his usage of equipment and his own

22  licensure by the state government make his conduct a matter of public concern. The California

23  Bureau of Cannabis Control regulates the illicit trade of marijuana in the state and may refuse

24  licensure to criminals. Episodes like this are a prime example of the kind of things that may in-

25  fluence state regulation of marijuana trafficking. Accordingly, this is an issue of public concern.

26  To the extent that causes of action besides defamation are alleged that substantially rely

27  on the same set of facts, they stem from protected activity for the same reason.

7

1    **II.  To the extent that the plaintiffs adequately allege that my claims were defam-**

2           **atory, they cannot carry their burden of proving that I bore actual malice, or,**

3           **alternatively, that I failed to exercise reasonable care to determine the truth or**

4           **falsity of my claims.**

5          To prevail on a claim of defamation as a public figure or limited public figure, "the plain-

6    tiff must demonstrate that the author 'in fact entertained serious doubts as to the truth of his

7    publication,' or acted with a 'high degree of awareness of... probable falsity.'" *Masson v. New*

8    *Yorker Magazine,* 501 U.S. 496, 510 (1991). To prevail on a claim of defamation against a private

9    figure, on the other hand, the plaintiffs must still prove that I failed to exercise "reasonable care

10   to determine the truth or falsity" of their claims. *Grewal v. Jammu*, 191 Cal. App. 4th 977 (2011),

11   citing CACI No. 1704. They cannot prevail on these claims because I took reasonable care,

12   including seeing and experiencing his conduct by myself; in fact, my claims are substantiated to

13   some extent by my interactions with numerous other people. *See* attached declaration.

14        Additionally, as shown in the attached declarations, the website and its allegedly defam-

15   atory communications were published in 2015, beyond the statute of limitations for defamation.

16   Civ. Proc. Code 340(c) (one year).

17   **III.  To the extent that the plaintiffs allege any other claims, they cannot prevail on**

18          **those claims.**

19                **i.  Keller's claim for false light is identical to his claim for defamation and**

20                    **fails for the same reasons.**

21        Keller alleges false light. "When a false light claim is coupled with a defamation claim,

22   the false light claim is essentially superfluous, and stands or falls on whether it meets the same re-

23   quirements as the defamation cause of action." *Eisenberg v. Alameda Newspapers*, 74 Cal.App.4th

24   1359, 1385, fn. 13 (1999). For the reasons stated above, he cannot prevail on that claim.

25                **ii.  Keller's claim for civil stalking is constitutionally infirm.**

26        Keller alleges a violation of Civil Code § 1708.7. Because I was in Nevada at the time

27   and had no connection to the state of California, applying Civil Code § 1708.7 to me would be

8

1  facially unconstitutional. *See generally Home Insurance Co. v. Dick,* 281 U.S. 397 (1930). Therefore,

2  Keller cannot prevail on that claim.

3      Moreover, such a claim is barred by the substantive immunity which section 425.16 of

4  the Code of Civil Procedure confers upon matters of public concern because it concerns matters

5  protected by the First Amendment and art. 1 § 2 of the California Constitution. *Batzel,* 333 F.3d

6  at 1025–26; *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1014 (9th Cir. 2013). In addition,

7  the statute itself explicitly indicates that it "shall not be construed to impair any constitutionally

8  protected activity, including, but not limited to, speech [or] protest". Cal. Civ. Code 1708.7(f).

9          **iii. Keller's claim for breach of contract is barred by his lack of standing and**

10                **barred by the public policy of the state of California.**

11      Keller alleges a breach of contract. As matter of law, non-disparagement clauses that

12  affect a public concern are unenforceable in California as a matter of public policy. *Vivian v.*

13  *Labrucherie*, 214. Cal. App. 4th 267 (2013).

14      Even if, *arguendo*, they were not, Keller was not a party to the contract; the company

15  MeetingMatrix International was. Keller has no standing to collect liquidated damages on a con-

16  tract to which he was not a party whether I breached that contract or not because he, at best, was

17  an incidental beneficiary of the contract and lost any protection when he resigned from Meeting-

18  Matrix International.

19      In any case, I was under duress at the time of the contract and was mentally incompetent

20  to execute it due to my serious mental incapacity at the time, and so it is invalid. See the attached

21  Declaration. In addition, said liquidated damages provision is unconscionable and unenforceable

22  on its face because they are grossly disproportionate to the actual harm suffered.

23          **iv. Plaintiffs cannot prevail on their claims for interference with prospective**

24                **economic advantage and contractual relations because they are improper-**

25                **ly pled and are barred by the public policy of the state of California.**

26      Plaintiffs conclusorily allege a loss of business, in the abstract, and hypothetical losses,

27  attributable to interference with prospective economic advantage and contractual relations. "[A]

1   ctual disruption of the [prospective economic] relationship" is required, and "economic harm to

2   the plaintiff proximately caused by the acts of the defendant" must be properly alleged to give

3   rise to a claim of intentional interference with contractual relations or prospective economic

4   advantage. *Youst v. Longo*, 43 Cal.3d 64, 71, fn. 6 (1987). In no way is any kind of communication

5   regarding Mr. Keller's undesirability as a business partner, at worst possibly intended to do harm

6   to him personally, plausibly connected to Steep Hill's alleged misfortunes. Particularly, no specif-

7   ic contract is alleged. As they cannot allege it, they cannot prove it: their claims must be struck

8   without leave to amend.

9        To the extent that Keller alleges those causes of action, they must be struck because Keller

10  similarly fails to plausibly allege and accordingly cannot prove any specific harm to any specific

11  prospective economic advantage or contractual relationship.

12            **v.   Keller cannot prevail on his claim for intentional infliction of emotional**

13                   **distress because it is barred by the public policy of the state of California.**

14       For the reasons stated above, Keller also cannot collect on his claim for intentional in-

15  fliction of emotional distress. Merely pleading a defamation claim as intentional infliction of

16  emotional distress is insufficient to shield it from the statute. *See generally Sheley v. Harrop*, 9 Cal.

17  App.5th 1147 (2017).

18       **IV.  The plaintiffs cannot recover any damages nor have they suffered any legally**

19              **cognizable harm relating to their business because any damage done to them**

20              **was solely in the form of disruption to a continuing criminal enterprise.**

21       Keller is a CEO of one of and a prolific investor in a variety of organizations which, re-

22  gardless of state laws which purport to license and regulate them, are continuing criminal enter-

23  prises dedicated to violating federal law by distributing, receiving, possessing or otherwise ille-

24  gally interacting with Schedule I controlled substances, both locally and in interstate commerce.

25  *See* 21 U.S.C. § 841, 21 U.S. Code § 848, U.S. Const. art. IV cl. 2, *Gonzalez v. Raich*, 545 U.S.

26  1, 27-33 (2005). Plaintiff Steep Hill Laboratories, Inc., is a criminal organization in the same

27  respect. *Id., see also* 18 U.S.C. § 2, *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865 (10th Cir.

2017) (holding that a 'legal' marijuana operation was a continuing criminal enterprise subject to a RICO claim for diminishing property values). Their claims essentially rest on the abstract possibility that they cannot as reliably profit off of their illegal acts due to my actions.

In California, the equitable doctrine of unclean hands applies to both legal and equitable claims. *Kendall-Jackson Winery, Ltd. v. Superior Court (E. & J. Gallo Winery),* 76 Cal.App.4th 970, 978 (1999). The plaintiffs cannot prove their losses without, in the process, proving that they have broken the law, making their purported 'damages' a legal nullity. *See generally Homami v. Iranzadi*, 211 Cal. App. 3d 1104, 1106 (1989). Nor is this limited to fraud: the doctrine of unclean hands applies to supposedly 'legal' marijuana businesses as well. In such cases, where the wrongdoing is not so immediately damning as fraud, the Ninth Circuit applies a balancing test. *Northbay Wellness Group, Inc., v. Beyries*, 789 F. 3d 956, 959-60 (2015). Unlike Beyries, an attorney who stole $25,000 from his client who then sought a judgment of nondischargeability, I was not complicit in any way in their illegal activities. *Id.* at 960. There is no 'substantial public interest' in vindicating their rights to profit from the drug trade over my right to speak on matters of public concern.

Reading the plaintiffs' claims in this light, allegations that Steep Hills must hire 'additional security', (Complaint ¶ 20) become obviously absurd, no more actionable than if a regular drug dealer had to hire more security to protect their territory from a perceived threat. I have allegedly tried to ruin Keller's career—in committing federal crimes. *Id.* ¶ 22. I have allegedly impacted Steep Hill's ability to raise funds to aid and abet the commission of federal crimes. *Ibid.* Keller's professional reputation for committing federal crimes is in danger of being damaged. *Id.* ¶ 18.

For a continuing criminal enterprise to attempt to seek legal redress for harms suffered in the form of failing to profit more than they should from committing federal crimes is absurd at best, like a methamphetamine cook suing someone for lost wages because the defendant has denigrated the effects that his product has on the community. In the plainest terms, criminals have brought an innocent man into court for interfering with their illicit trade: the perversity of such a situation is difficult to fully express on paper alone.

The plaintiffs have no possibility of prevailing at trial on the vast majority of their claims

1  for damages (i.e., for profits which were procured contrary to law in the first place) for this

2  reason, and so all parts of the complaint must be struck and claims dismissed in full, or, in the

3  alternative, to the extent that they relate in any way to the plaintiffs' criminal enterprise or, in the

4  alternative, any of their criminal activities, including testing marijuana to aid and abet sale there-

5  of, soliciting investment for marijuana trafficking, investing in and reaping profits from criminal

6  enterprises or otherwise contributing to and profiting from the criminal trade of illicit substances.

7      **V.   The plaintiffs cannot recover any attorney's fees because such recovery is not**

8          **authorized by statute.**

9      There is no statute which authorizes an award of attorney's fees as requested by the

10  plaintiffs, because there is no clause compliant with Civ. Code § 1717 in the contracts alleged by

11  the plaintiffs that authorizes the recovery of such fees. For that reason, the plaintiffs' claims for

12  attorneys' fees must be struck in their entirety because they cannot prevail on that issue.

13      **C.  I am entitled to any fees and costs that I have incurred in defending this action.**

14      Civ. Proc. Code § 425.16(c) provides a mandatory award of attorneys' and paralegal fees

15  and costs to a defendant prevailing on such a motion as a component of the punitive aims in-

16  tended by the statute. *Verizon Delaware, Inc. v. Covad Comms. Co.*, 377 F.3d 1081, 1091 (9th Cir.

17  2004). If this motion is granted, I will move for all reasonable fees and costs incurred in defend-

18  ing this action.

19          III. Conclusion

20      Plaintiffs Keller and Steep Hill are public men[1] in the public eye, and have tried their

21  hardest to stay that way; having decided to sue in California in a manner incompatible with its

22  public policy, they cannot complain of the inevitable result. For the foregoing reasons, the entire

23  complaint should be struck without leave to amend.

24                              Respectfully submitted,
                                /s/ David Harold Moore
25                              David Harold Moore
                                January 23, 2018
26                              Defendant

27  _____
    1       Insofar as corporations are 'men'.

                    12