VEDDER PRICE (CA), LLP
Heather M. Sager, Bar No. 186566
hsager@vedderprice.com
Ayse Kuzucuoglu, Bar No. 251114
akuzucuoglu@vedderprice.com
275 Battery Street, Suite 2464
San Francisco, California 94111
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Plaintiffs
STEEP HILL LABORATORIES, INC. and
JMICHAELE KELLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEEP HILL LABORATORIES, INC., and JMICHAELE KELLER,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID H. MOORE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:18-cv-00373-lb<br><br>**PLAINTIFF STEEP HILL LABORATORIES, INC. AND JMICHAELE KELLER'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Date:     March 8, 2018<br>Time:    9:30 a.m.<br>Dept:    Courtroom C - 15th Floor<br>Judge:  Hon. Laurel Beeler<br><br>Trial Date: None set.<br>Date Action Filed: December 20, 2017 |

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................ 1

III. LEGAL ARGUMENT ........................................................................................................... 3

    A. Legal Standard ............................................................................................................ 3

    B. Steep Hill Has Stated A Plausible Claim For Defamation ......................................... 4

    C. Steep Hill Has Stated A Plausible Claims For Intentional Interference With Prospective Economic Relations And Intentional Interference With Contractual Relations .................................................................................................. 6

    D. Keller Has Stated A Plausible Claim For Intentional Interference With Contractual Relations .................................................................................................. 8

    E. Keller Can Be Held Liable For Civil Stalking In California ...................................... 9

    F. Keller Has Stated A Plausible Claim For Breach of Contract .................................... 9

IV. CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................................3, 4, 8

*Erickson v. Pardus*,
   551 U.S. 89 (2007).............................................................................................................4

*Gertz, supra,* 418 U.S.............................................................................................................4

*Korea Supply Co. v. Lockheed Martin Co.*,
   29 Cal. 4th 1134 (2003) ..................................................................................................6, 7

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000)............................................................................................4

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*,
   50 Cal.3d 1118 (1990) .......................................................................................................7

*Parks Sch. of Bus., Inc. v. Symington*,
   51 F.3d 1480 (9th Cir. 1995)..............................................................................................4

*Quelimane Co. Inc. v. Stewart Title Guaranty Co.*,
   19 Cal.4th 26 (1998) ..........................................................................................................7

*Taus v. Loftus*,
   40 Cal. 4th 683 (2007) .......................................................................................................4

**Statutes**

California Code of Civil Procedure §§ 45–46........................................................................4

California Code of Civil Procedure § 410.10.........................................................................9

California Code of Civil Procedure § 1559..........................................................................10

California Code of Civil Procedure § 1708.7(3)(B)(2) ..........................................................9

**Rules**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................3

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

# I.
# INTRODUCTION

Defendant David H. Moore ("Defendant" or "Moore") has filed a Motion to Dismiss ("Motion") this action in part as to Plaintiff Steep Hill Laboratories, Inc. ("Steep Hill") and as to Plaintiff JMichaele Keller's ("Keller") fourth, fifth and sixth causes of action. Defendant has failed to offer a single meritorious argument demonstrating the Plaintiffs have failed to plead enough facts to state claims for relief that are plausible on their face. Instead, Defendant admits the truth of the facts that make Plaintiffs' claims plausible and relies on heated rhetoric, matters outside the pleadings and arguments about how the Court should interpret the evidence. Such arguments are wholly inappropriate for a Motion to Dismiss. Therefore, Plaintiffs respectfully request that the Court deny Defendant's Motion.

# II.
# FACTUAL BACKGROUND

Moore is a former employee of a company founded and previously owned by Keller, which was known as MeetingMatrix International, Inc. ("MeetingMatrix"). (*See* Exhibit ("Ex.") 2 to Kuzucuoglu Decl. at ¶ 4, Keller Decl. at ¶ 12.) Since his separation from MeetingMatrix in September 2002, Moore developed a personal vendetta against Keller and has intentionally been engaging in a pattern of bizarre and harmful conduct towards Keller and his reputation. (*Id.*, Keller Decl. at ¶ 4.) For example, Moore created a bizarre website that contains degrading and defamatory accusations against Keller and several other individuals (including three different dentists who treated Moore, whom he calls "demonic dentists" and "greedy men who torture and extort"). (See http://davidhmoore.weebly.com/meeting-matrix.html.) (*Id.*, Keller Decl. at ¶ 12.) On his website, Moore claims that Keller is a "homosexual predator," who professed his love for Moore, sexually harassed him and fired him for refusing to have sex with Keller. (*Id.*)

In addition, on November 15, 2017, Moore attacked Keller at an MJBiz Con/Marijuana Business Conference in Las Vegas (the "Conference") while Keller was representing Steep Hill. (*Id.*, Keller Decl. at ¶ 5.) Moore also handed out flyers at the Conference, which used the following terms to refer to and/or describe Keller: "diagnosed sociopath," "narcissistic

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

personality disorder," "proven sexual harasser," "greedy demonic scumbag," "left wife destitutute w (sic) PTSD," "partner jerry murdered," "Jerry's wife fleeced for $" and "minority partner robbed."  The defamatory flyers Moore published at the Conference also stated, "DO NOT TRUST STEEP HILL LABS NEW OWNER AND CEO J. MICHAEL KELLER."  (*Id*., Ex. D to Keller Decl. at ¶ 6, flyer distributed by Moore at the Conference.)

Moore has also been contacting Steep Hill's investors and business partners to defame Keller and Steep Hill.  For example, on November 19, 2017, Moore contacted one of Steep Hill Israel's founders/investors on LinkedIn, sent him messages stating "Jmichaele Keller is a worthless scumbag.  DO NOT DO BUSINESS WITH HIM" and also forwarded to him copies of the defamatory flyers Moore handed out at the MJBiz Conference (*see* Ex. D to Keller Decl).  (*Id*., Ex. G to Keller Decl. at ¶ 9, LinkedIn messages Moore sent to Steep Hill Israel's investor.)

On December 20, 2017, Plaintiffs filed a complaint against Moore in Alameda Superior Court for (1) defamation, (2) invasion of privacy, (3) intentional interference with economic relations, (4) intentional interference with contractual relations, (5) civil stalking, (6) breach of contract and (7) intentional infliction of emotional distress.  (Kuzucuoglu Decl. at ¶ 2; ECF No. 1, Complaint.)  Plaintiffs also sought a TRO against Defendant on January 4, 2018, seeking to enjoin him from defaming Plaintiffs, invading the privacy of and stalking Keller and intentionally interfering with existing and prospective economic relations of Plaintiffs, which was granted. (Kuzucuoglu Decl. at ¶ 3.)  The TRO prohibited Moore from (1) maintaining any website including defamatory statements about Plaintiffs; the website http://davidhmoore.weebly.com/meeting-matrix.html and all related content shall be taken down immediately; (2) distributing any type of defamatory communication about Plaintiffs, including flyers and e-mails; and (3) going within 100 feet of Plaintiff Keller or of Steep Hill Laboratories, Inc.'s business address.  (*Id*.)  The Superior Court Judge also set a hearing for January 25, 2018, requiring Defendant to show cause as to why a preliminary injunction should not issue extending the TRO ("OSC hearing").  (*Id*. at ¶ 4.)  Before the scheduled OSC hearing, Defendant removed this case to the Northern District of California.  (Kuzucuoglu Decl. at ¶ 5; ECF No. 1.)

After learning of this lawsuit and Plaintiffs' TRO application in late December 2017,

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

1  Moore started posting additional defamatory statements about Keller and Steep Hill on Steep
2  Hill's Facebook page.  (*See* Ex. 2 to Kuzucuoglu Decl. at ¶ 4, Keller Decl. at ¶ 15; Ex. I, Moore's
3  Facebook posts about Plaintiffs.)  In his Facebook posts, Moore copied the defamatory flyers he
4  previously circulated to Steep Hill's investors (*see* Ex. D to Keller Decl.) and also wrote Keller
5  "lives in the Netherlands so he can hire his boy prostitutes in private" and "is siphoning money
6  from Steep Hill Labs LLC Profits to his family."  *Id.*  In addition, on January 2, 2018, Moore sent
7  e-mails to defense counsel in which he repeated his defamatory statements, and copied Steep
8  Hill's investor relations and other Steep Hill employees who know nothing about this matter.
9  (*See* Kuzucuoglu Decl. at ¶ 6; Ex. 3, Moore's January 2, 2018 e-mail to defense counsel.)

10  On or about January 26, 2018, in direct violation of the TRO, Moore reactivated the
11  website he was previously ordered to shut down, i.e., http://davidhmoore.weebly.com/meeting-
12  matrix.html, and sent an e-mail containing the link to the website to Steep Hill's partners,
13  customers and competitors.  (Kuzucuoglu Decl. at ¶¶ 7, 8.)  Plaintiffs' Motion to Shorten Time to
14  hear their (1) Motion for Preliminary Injunction and (2) Motion for Order to Hold Defendant In
15  Contempt of Court for failing to comply with the TRO are currently pending before this Court.

### III.
### LEGAL ARGUMENT

**A.     Legal Standard.**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

1  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to
2  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,
3  and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations
4  must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
5      In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as
6  true and construe them in the light most favorable to the plaintiff.  *Id.* at 550; *Erickson v. Pardus*,
7  551 U.S. 89, 93-94 (2007).  In addition, courts may consider documents attached to the
8  complaint.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation
9  omitted).
10      If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no
11  request to amend the pleading was made, unless it determines that the pleading could not possibly
12  be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.   Steep Hill Has Stated A Plausible Claim For Defamation.**

The tort of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007); see Cal. Civ. Code §§ 45–46.  Here, it is undisputed that Defendant published the statements at issue. *See, e.g.*, Def. Motion to Strike, at pp. 6-7.  These defamatory statements are libelous on their face and, by their very nature, injurious to Plaintiffs in that they are likely to diminish Steep Hill's sales and investment opportunities and ruin Keller's reputation and personal life.  Defendant's statements are unprivileged in that "there is no constitutional value in false statements of fact." *Gertz, supra,* 418 U.S. at 340.

Defendant has both directly and indirectly defamed Steep Hill.  Not only did the defamatory flyers Moore published at the Conference referred to Steep Hill's CEO as a "diagnosed sociopath," "narcissistic personality disorder," "proven sexual harasser," "greedy demonic scumbag," "left wife destitutute w (sic) PTSD," "partner jerry murdered," "Jerry's wife fleeced for $" and "minority partner robbed," but it also stated, "DO NOT TRUST STEEP HILL LABS NEW OWNER AND CEO J. MICHAEL KELLER." (*Id*., Ex. D to Keller Decl. at ¶ 6, flyer distributed by Moore at the Conference.)  Moore has also been contacting Steep Hill's investors

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

and business partners to defame Keller and Steep Hill. For example, on November 19, 2017, Defendant contacted one of Steep Hill Israel's founders/investors on LinkedIn, sent him messages stating "Jmichaele Keller is a worthless scumbag. DO NOT DO BUSINESS WITH HIM" and also forwarded to him copies of the defamatory flyers Moore handed out at the MJBiz Conference (*see* Ex. D to Keller Decl). (*Id*., Ex. G to Keller Decl. at ¶ 9, LinkedIn messages Moore sent to Steep Hill Israel's investor.) In his Facebook posts, Moore copied the defamatory flyers he previously circulated to Steep Hill's investors (*see* Ex. D) and also wrote Keller "lives in the Netherlands so he can hire his boy prostitutes in private" and "is siphoning money from Steep Hill Labs LLC Profits to his family." *Id.* All of these statements directly impact Steep Hill's business reputation and have a damaging effect on its operations. Just the allegation that Keller has been siphoning money from Steep Hill is harmful enough to convince investors and customers to refrain from doing business with Steep Hill.

   Moreover, Plaintiffs have also stated enough facts to make a defamation per quod claim plausible. Pursuant to California Civil Jury Instructions, to prove this claim, Plaintiffs must establish the following:

> 1. That [name of defendant] made [one or more of] the statement(s) to [a person/persons] other than [name of plaintiff];
>
> 2. That [this person/these people] reasonably understood that the statement(s) [was/were] about [name of plaintiff];
>
> 3. That because of the facts and circumstances known to the [listener(s)/reader(s)] of the statement(s), [it/they] tended to injure [name of plaintiff] in [his/her] occupation [or to expose [him/her] to hatred, contempt, ridicule, or shame] [or to discourage others from associating or dealing with [him/her]];
>
> 4. That [name of defendant] failed to use reasonable care to determine the truth or falsity of the statement(s);
>
> 5. That [name of plaintiff] suffered harm to [his/her] property, business, profession, or occupation [including money spent as a result of the statement(s)]; and
>
> 6. That the statement(s) [was/were] a substantial factor in causing [name of plaintiff]'s harm.
>
> If [name of plaintiff] has proved all of the above, then [he/she] is entitled to recover if [he/she] proves that [name of defendant]'s wrongful conduct was a substantial factor in causing any of the following actual damages:
>
> a. Harm to [name of plaintiff]'s property, business, trade, profession, or occupation;

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

     b. Expenses [name of plaintiff] had to pay as a result of the defamatory statements;
     c. Harm to [name of plaintiff]'s reputation; or
     d. Shame, mortification, or hurt feelings.

Here, Steep Hill alleged all of the above and asserted undisputed facts to state a plausible claim for defamation. Specifically, (1) Defendant made statements about Keller (and Steep Hill), (2) people who heard the statements were Steep Hill's investors and business affiliates who understood the statements to implicate Steep Hill, (3) the statements tended to injure Steep Hill's business and Defendant specifically discouraged others from associating or dealing with Steep Hill, (4) Defendant failed to use reasonable care to determine the truth or falsity of the statements because not having seen or talked to Keller in years (except when he attacked Keller at the MJ Business Conference) (Defendant's Declaration at ¶ 29) or ever having worked at Steep Hill (Defendant's Declaration at ¶ 24), Defendant has no way of knowing how Keller handles his business affairs with Steep Hill and whether he is "siphoning money" from Steep Hill, (5) Steep Hill suffered harm to its business, and (6) Defendant's statements directly caused the harm. As for damages, a reasonable jury would agree that associating a Company with an unethical CEO who allegedly is "siphoning money" and discouraging people from doing business with the Company due to its relationship with the CEO causes direct harm to the Company's reputation, bring shame to the Company and is likely to result in loss of business, which is subject to specific proof in discovery and at trial. Because Steep Hill has alleged sufficient facts to plead a plausible claim for defamation, Defendant's Motion must be denied as to this claim.

**C.  Steep Hill Has Stated A Plausible Claims For Intentional Interference With Prospective Economic Relations And Intentional Interference With Contractual Relations.**

The elements of the tort of intentional interference with prospective economic advantage are as follows: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Co.*, 29 Cal. 4th 1134, 1153 (2003). In addition, a plaintiff must plead "that the defendant's conduct was wrongful

by some legal measure other than the fact of interference itself." *Id.* "[A]n act is independently wrongful if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159.

Similarly, in order to prove the tort of intentional interference with contractual relations, the California Supreme Court has made clear the basic elements that plaintiff must establish: (1) it has a valid and existing contract with a third party; (2) defendants had knowledge of the contract; (3) defendants committed an intentional act designed to induce a breach or disrupt the contractual relationship; (4) actual breach or disruption of the contract relationship occurred; and (5) damages were suffered as a result. *Quelimane Co. Inc. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 55 (1998); *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990).

It is undisputed that Steep Hill has economic relations and various contracts with its investors, customers and employees. Defendant's knowledge of this economic and contractual relationship is evident by several facts. First, Defendant admittedly handed out 500 flyers at the MJ Business Conference where he knew Keller was representing Steep Hill at its booth, which flyers stated "DO NOT TRUST STEEP HILL LABS NEW OWNER AND CEO J. MICHAEL KELLER." Second, Defendant contacted one of Steep Hill Israel's founders/investors on LinkedIn, sent him messages stating "Jmichaele Keller is a worthless scumbag. DO NOT DO BUSINESS WITH HIM." Third, on January 2, 2018, Defendant sent e-mails to defense counsel in which he repeated his defamatory statements, and copied Steep Hill's investor relations personnel and other Steep Hill employees who know nothing about this matter. (*See* Kuzucuoglu Decl.") at ¶ 6; Ex. 3, Moore's January 2, 2018 e-mail to defense counsel.) Finally, on or about January 26, 2018, in direct violation of the TRO, Moore reactivated the website he was previously ordered to shut down, i.e., http://davidhmoore.weebly.com/meeting-matrix.html, and sent an e-mail containing the link to the website to Steep Hill's partners, customers and competitors. (Kuzucuoglu Decl. at ¶¶ 7, 8.)

Defendant's conduct was intentional because he continued to distribute defamatory statements about Steep Hill and Keller even after the filing of this lawsuit, while he was ordered by a TRO to refrain from such conduct.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

Steep Hill also has presented facts to establish that its economic and contractual relationship with its investors was disrupted and will continue to be harmed via Defendant's actions. Defendant's actions have cast doubt on investors' confidence in the Plaintiffs as evidenced by the fact that four current investors of Steep Hill requested teleconferences with Keller since Defendants' initial attack, asking for an explanation of Defendant's defamatory statements, flyers and actions. (*See* Complaint at ¶ 37.) They have expressed concern regarding Defendant's actions and comments in the context of weighing whether to invest further in Steep Hill. (*Id.*) Finally, as discussed above in Section B and as stated in the Complaint, Defendant's intentional false statements caused Steep Hill to lose business and potential investor opportunities, and they also directly harmed Keller's business reputation, which will impact his future earnings and business dealings. (*Id.* at 38.) These factual allegations "are enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Since Steep Hill's allegation must be taken as true, Steep Hill has suffered economic harm by Defendant's tortious acts and has met its burden to plead this element of intentional interference with prospective economic advantage.

**D.   Keller Has Stated A Plausible Claim For Intentional Interference With Contractual Relations.**

Keller has a contractual relationship with Steep Hill and other business ventures of which Defendant is aware, as he cites to Keller's business background extensively in his Motion to Strike filed concurrently herewith. As stated in the Complaint, Defendant's intentional false statements directly harmed Keller's business reputation, impacting his earnings and business dealings. Besides the outrageous and embarrassing statements he made against Keller, publishing statements such as "DO NOT TRUST STEEP HILL LABS NEW OWNER AND CEO J. MICHAEL KELLER" and "Jmichaele Keller is a worthless scumbag. DO NOT DO BUSINESS WITH HIM" directly prove that Defendant acted with intent to induce a breach or disrupt the contractual relationship. Finally, there are sufficient allegations in the Complaint to establish that Keller has suffered loss to his business and professional reputation, embarrassment, humiliation and loss of enjoyment of life due to Defendant's conduct. A reasonable jury is likely to find that

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

being attacked at a business conference in front of thousands of people and receiving inquiries from one's investors, business partners and customers about the truth of embarrassing accusations is likely to harm a person's livelihood and emotional well-being.

### E. Keller Can Be Held Liable For Civil Stalking In California.

As stated in the Complaint, this Court has personal jurisdiction over Defendant pursuant to California Code of Civil Procedure § 410.10 because Defendant purposefully directed his conduct towards the state of California with knowledge that his conduct would cause harm in the state and the conduct has caused injuries in the County of Alameda and State of California.  (*See* Complaint at ¶ 6.)  Keller asserted his civil stalking claim not only because of Defendant's physical assault in Nevada, but also because of Defendant's pattern of cyberstalking, threats and written harassment.  (*Id.* at §§ 44, 45.)

The California Civil Code § 1708.7(3)(B)(2) defines a "credible threat" required to maintain a civil stalking claim as a "verbal or written threat, including that communicated by means of an electronic communication device, or a threat implied by a pattern of conduct, including, but not limited to, acts in which a defendant directly, indirectly, or through third parties, by any action, method, device, or means, follows, harasses, monitors, surveils, threatens, or interferes with or damages the plaintiff's property, or a combination of verbal, written, or electronically communicated statements and conduct, made with the intent and apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety or the safety of his or her immediate family."  It is undisputed that Defendant has made several verbal and written communications towards Keller electronically and in person, which specifically targeted Keller's reputation and business in California; therefore subjecting him to the jurisdiction and laws of this state.

### F. Keller Has Stated A Plausible Claim For Breach of Contract.

As stated in the General Release and Confidentiality Agreement ("Agreement") Plaintiff entered into on November 27, 2002 with Meeting Matrix, Defendant agreed "not to make, utter, publish, reveal or otherwise disseminate any remarks disparaging, defaming, negating, or diminishing the conduct, status, nature or character of the other party, their officers, directors,

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1

shareholders, servants, employees, agents, and/or their attorneys." (*See* Complaint at ¶ 49.)  It is undisputed that Keller was an officer and shareholder of Meeting Matrix and is therefore a third-party beneficiary to the Agreement.  Keller is entitled to enforce the contract under California Civil Code § 1559, which provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."  Therefore, Keller has stated a plausible cause of action for breach of contract.

### IV.
### CONCLUSION

Plaintiffs have brought an action under well-established law to stop Defendant from further using their name and likeness to publish discriminatory, slanderous, misleading and false information about Plaintiffs and preventing Defendant from further stalking and harassing Keller in contravention with California law.  Since none of the substantive or procedural grounds Defendant argues in favor of dismissal have any merit, Defendant's Motion to Dismiss should be denied in its entirety.

Dated: February 6, 2018                                          VEDDER PRICE (CA), LLP


By: /s/Ayse Kuzucuoglu
    Heather M. Sager
    Ayse Kuzucuoglu

Attorneys for Plaintiffs
STEEP HILL LABORATORIES, INC. and
JMICHAELE KELLER

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

PLS' OPPO TO DEF'S MTN. TO DISMISS
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51092.1