VEDDER PRICE (CA), LLP
Heather M. Sager, Bar No. 186566
hsager@vedderprice.com
Ayse Kuzucuoglu, Bar No. 251114
akuzucuoglu@vedderprice.com
275 Battery Street, Suite 2464
San Francisco, California 94111
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Plaintiffs
STEEP HILL LABORATORIES, INC. and
JMICHAELE KELLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEEP HILL LABORATORIES, INC., and JMICHAELE KELLER,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID H. MOORE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:18-cv-00373-lb<br><br>**PLAINTIFF STEEP HILL LABORATORIES, INC.'S AND JMICHAELE KELLER'S OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO STRIKE COMPLAINT PURSUANT TO 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**<br><br>Date:     March 8, 2018<br>Time:     9:30 a.m.<br>Dept:     Courtroom C-15th Floor<br>Judge:    Hon. Laurel Beeler<br><br>Trial Date: None set.<br>Date Action Filed: December 20, 2017 |

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF FACTS .............................................................................................. 1
III. LEGAL ARGUMENT ..................................................................................................... 4
   A. Defendant Has Not Made A Threshold Showing That The Claims Arising Out of His Defamatory Statements Are Subject to a Special Motion to Strike ................................................................................................................... 5
      1. Keller Is Not a Public Figure ..................................................................... 5
      2. Defendant's Defamatory Statements Are Not An Issue of Public Concern ....................................................................................................... 6
      3. Plaintiffs Can Substantiate a Legally Sufficient Claim Because Defendant's Defamatory Statements Are False ......................................... 8
      4. Defendant Acted With Actual Malice ........................................................ 9
   B. Defendant's Arguments About Plaintiffs' Remaining Claims Are Not Appropriate In A Special Motion to Strike And Should Not Be Heard ............... 11
   C. Defendant's Unclean Hands Defense Is Absurd And Also Improperly Pled ....... 11
IV. CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baker v. L.A. Herald Examiner*,
   42 Cal. 3d 254 (1986) ......................................................................................................... 8

*Christian Research Inst. v. Alnor*,
   148 Cal. App. 4th 71 (2007) ........................................................................................... 9, 10

*Commonwealth Energy Corp. v. Inv'r Data Exchange, Inc.*,
   110 Cal. App. 4th 26 (2003) ............................................................................................ 6, 7

*Connick v. Myers*,
   461 U.S. 138 (1983) .............................................................................................................. 6

*Consumer Justice Ctr.*,
   107 Cal. App. 4th .................................................................................................................. 7

*Dun & Bradstreet v. Greenmoss Builders*,
   472 U.S. 749 (1985) .............................................................................................................. 6

*Gertz v. Welch*,
   418 U.S. 323 (1974) .......................................................................................................... 5, 9

*Grewal v. Jammu*,
   19 Cal. App. 4th 977 (2011) ............................................................................................... 9

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
   491 U.S. 657 (1989) ............................................................................................................ 10

*Hutchinson v. Proxmire*,
   443 U.S. 111 (1979) .......................................................................................................... 5, 6

*Lafayette Morehouse v. Chronicle Publ'g Co.*,
   37 Cal. App. 4th 855 (1995) .......................................................................................... 4, 11

*Mann v. Quality Old Time Serv., Inc.*,
   120 Cal. App. 4th 90 (2004) ................................................................................................ 7

*Metabolife Int'l, Inc. v. Wornick*,
   264 F.3d 832 (9th Cir. 2001) ................................................................................................ 5

*Nagel*,
   109 Cal. App. 4th .................................................................................................................. 7

*Navellier v. Sletten*,
   29 Cal. 4th 82 (2002) .................................................................................................. 4, 5, 9

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- ii -

PLS' OPPO TO DEF'S MTN. TO STRIKE
COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

*Price v. Stossel*,
    620 F.3d 992 (9th Cir. 2010)..................................................................................................5

*Rivero v. Am. Fed'n of State*,
    105 Cal. App. 4th at 913 (2003)..............................................................................................7

*Selleck v. Globe Int'l, Inc.*,
    166 Cal. App. 3d 1123 (1985)..................................................................................................8

*Soukup v. Law Offices of Herbert Hafif*,
    39 Cal. 4th 260 (2006).............................................................................................................9

*Tichinin v. City of Morgan Hill*,
    177 Cal. App. 4th 1049 (2009) ................................................................................................5

*Time, Inc. v. Firestone*,
    424 U.S. 448 (1976).................................................................................................................6

*Vargas v. City of Salinas*,
    46 Cal. 4th 1 (2009).................................................................................................................5

*Vess v. Ciba-Geigy Corp.*,
    317 F.3d 1097 (9th Cir. 2003)..................................................................................................5

*Weinberg v. Feisel*,
    110 Cal. App. 4th 1122 ............................................................................................................5

*Widener v. Pacific Gas & Elec. Co.*,
    75 Cal. App. 3d 415 (1977)....................................................................................................10

*World Fin.l Grp., Inc. v. HBW Ins. & Financial Srvs., Inc.*,
    172 Cal. App. 4th 1561 (2009) ................................................................................................7

*Zamos v. Stroud*,
    32 Cal. 4th 958 (2004).............................................................................................................8

**Statutes**

Cal. Code Civ. P. § 425.16.................................................................................................................4

Cal. Code Civ. P. § 425.16(a).............................................................................................................4

Cal. Code Civ. P. § 425.16(b)(l).........................................................................................................8

Cal. Code Civ. P. § 425.16(e).............................................................................................................5

- iii -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

# I.
# INTRODUCTION

Defendant David Moore's ("Defendant" or "Moore") Motion to Strike the Complaint ("Motion") itself perpetuates the very defamation Plaintiffs Steep Hill Laboratories, Inc. ("Steep Hill") and its Chief Executive Officer ("CEO") Jmichaele Keller ("Keller") (collectively, "Plaintiffs") seek to end.  Without any factual support, Defendant accuses Plaintiffs of engaging in a criminal business and continues to repeat the outrageous defamatory statements he has been making against them.

Defendant's cynical attempts to recast this lawsuit as a SLAPP, however, are unavailing.  A cursory review of the allegations in Plaintiffs' complaint establishes this is an ordinary defamation lawsuit; a typical tort case seeking redress for the harms caused by Defendant's extreme and outrageous conduct.  The case before this Court does not involve a public debate conjuring up a lawsuit solely to silence or intimidate Defendant's opposition.  Instead, as is clear from Plaintiffs' complaint seeking injunctive relief, Defendant has engaged in a pattern of extremely offensive and harmful behavior to attack Keller personally and harm his Company.  Moreover, neither Plaintiffs nor Defendant have ever taken a side or engaged in debate about marijuana prior to Defendant's filing of this Motion.  The anti-SLAPP statute was not designed to give individuals a carte blanche right to destroy a private company's and its CEO's reputation by posting defamatory statements about non-public matters.  Here, Defendant cannot show that his actions fall within the purview of the statute and his statements are blatantly false.  Therefore, Defendant's Motion should be denied.

# II.
# STATEMENT OF FACTS

Steep Hill is a science and technology company that tests and analyzes medical cannabis potency and microbiological contaminants, pursuant to applicable regulations.  (*See* Exhibit ("Ex.") N to Defendant's Motion.)

Moore is a former employee of a company founded and previously owned by Keller, which was known as MeetingMatrix International, Inc. ("MeetingMatrix").  (*See* Ex 2 to

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

Kuzucuoglu Decl. ¶ 4, Keller Decl. ¶ 12.)  Since his separation from MeetingMatrix in September 2002, Moore developed a personal vendetta against Keller and has intentionally been engaging in a pattern of bizarre and harmful conduct towards Keller and his reputation.  (*Id*.; Keller Decl. ¶ 4.)  For example, Moore created a bizarre website that contains degrading and defamatory accusations against Keller and several other individuals (including three different dentists who treated Moore, whom he calls "demonic dentists" and "greedy men who torture and extort").  (*See* http://davidhmoore.weebly.com/meeting-matrix.html.)  (*Id*.; Keller Decl. ¶ 12.)  In his website, Moore claims that Keller is a "homosexual predator," who professed his love for Moore, sexually harassed him and fired him for refusing to have sex with Keller.  (*Id*.)

In addition, on November 15, 2017, Moore attacked Keller at the MJBiz Con/Marijuana Business Conference in Las Vegas (the "Conference") while Keller was representing Steep Hill.  (*Id*.; Keller Decl. ¶ 5.)  Moore also handed out flyers at the Conference, which used the following terms to refer to and/or describe Keller:  "diagnosed sociopath," "narcissistic personality disorder," "proven sexual harasser," "greedy demonic scumbag," "left wife destitutute w (sic) PTSD," "partner jerry murdered," "Jerry's wife fleeced for $" and "minority partner robbed."  The defamatory flyers Moore published at the Conference also stated, "DO NOT TRUST STEEP HILL LABS NEW OWNER AND CEO J. MICHAEL KELLER."  (*Id*.; Ex. D to Keller Decl. ¶ 6, flyer distributed by Moore at the Conference.)

Moore has also been contacting Steep Hill's investors and business partners to defame Keller and Steep Hill.  For example, on November 19, 2017, Moore contacted one of Steep Hill Israel's founders/investors on LinkedIn, sent him messages stating "Jmichaele Keller is a worthless scumbag.  DO NOT DO BUSINESS WITH HIM" and also forwarded to him copies of the defamatory flyers Moore handed out at the MJBiz Conference.  (*Id.*; *See* Ex. D to Keller Decl.; Ex. G to Keller Decl. ¶ 9, LinkedIn messages Moore sent to Steep Hill Israel's investor.)

On December 20, 2017, Plaintiffs filed a complaint against Moore in Alameda Superior Court for (1) defamation, (2) invasion of privacy, (3) intentional interference with economic relations, (4) intentional interference with contractual relations, (5) civil stalking, (6) breach of

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

contract and (7) intentional infliction of emotional distress. (Kuzucuoglu Decl. ¶ 2; ECF No. 1, Complaint.) Plaintiffs also sought a TRO against Defendant on January 4, 2018, seeking to enjoin him from defaming Plaintiffs, invading the privacy of and stalking Keller and intentionally interfering with existing and prospective economic relations of Plaintiffs, which was granted. (Kuzucuoglu Decl. ¶ 3.) The TRO prohibited Moore from (1) maintaining any website including defamatory statements about Plaintiffs; the website http://davidhmoore.weebly.com/meeting-matrix.html and all related content shall be taken down immediately; (2) distributing any type of defamatory communication about Plaintiffs, including flyers and e-mails; and (3) going within 100 feet of Plaintiff Keller or of Steep Hill Laboratories, Inc.'s business address. (*Id.*) The Superior Court Judge also set a hearing for January 25, 2018, requiring Defendant to show cause as to why a preliminary injunction should not issue extending the TRO ("OSC hearing"). (*Id.* ¶ 4.) Before the scheduled OSC hearing, Defendant removed this case to the Northern District of California. (Kuzucuoglu Decl. ¶ 5; ECF No. 1.)

After learning of this lawsuit and Plaintiffs' TRO application in late-December 2017, Moore started posting additional defamatory statements about Keller and Steep Hill on Steep Hill's Facebook page. (*See* Ex. 2 to Kuzucuoglu Decl. ¶ 4; Keller Decl. ¶ 15; Ex. I, Moore's Facebook posts about Plaintiffs.) In his Facebook posts, Moore copied the defamatory flyers he previously circulated to Steep Hill's investors (*see* Ex. D) and also wrote Keller "lives in the Netherlands so he can hire his boy prostitutes in private" and "is siphoning money from Steep Hill Labs LLC Profits to his family." *Id.* In addition, on January 2, 2018, Moore sent e-mails to defense counsel in which he repeated his defamatory statements, and copied Steep Hill's investor relations personnel and other Steep Hill employees who know nothing about this matter. (*See* Kuzucuoglu Decl." ¶ 6; Ex. 3, Moore's January 2, 2018 e-mail to defense counsel.)

On or about January 26, 2018, in direct violation of the TRO, Moore reactivated the website he was previously ordered to shut down, i.e., http://davidhmoore.weebly.com/meeting-matrix.html, and sent an e-mail containing the link to the website to Steep Hill's partners, customers and competitors. (Kuzucuoglu Decl. ¶¶ 7, 8.) Plaintiffs' Motion to Shorten Time to

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

hear their (1) Motion for Preliminary Injunction and (2) Motion for Order to Hold Defendant In Contempt of Court for failing to comply with the TRO currently are pending before this Court.

## III.
## LEGAL ARGUMENT

A special motion to strike under Cal. Code Civ. P. § 425.16, known as the anti-SLAPP statute, allows for dismissal of a lawsuit filed "to dissuade or punish the exercise of First Amendment rights of defendants." *Lafayette Morehouse v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 858 (1995) (SLAPP plaintiffs file "solely for delay and distractions and to punish activists"). The anti-SLAPP statute was not intended to bar all litigation affecting First Amendment rights. Instead, it was enacted to encourage participation in matters of public significance and ensure that such participation would not be chilled through abuse of the judicial process. Cal. Code Civ. Proc. § 425.16(a).

To rule on an anti-SLAPP motion to strike, the Court must engage in a two-step process. First, the Court must decide whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002). Defendant must show that the acts about which plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined by Cal. Code Civ. Proc. § 425.16. An "act in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue" includes:

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,

(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,

(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SAN_FRANCISCO/#51449.1

- 4 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

(4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Code Civ. Proc. § 425.16(e).

If the first prong is met, the burden then shifts to plaintiff to demonstrate a probability of prevailing on the claim. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1110 (9th Cir. 2003); *Vargas v. City of Salinas*, 46 Cal. 4th 1, 14, 19 (2009). The plaintiff's burden is "comparable to that used on a motion for judgment as a matter of law." *Price v. Stossel*, 620 F.3d 992, 1000 (9th Cir. 2010). "The plaintiff must demonstrate that the complaint is legally sufficient and supported by a *prima facie* showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. A defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the plaintiff." *Id.* at 1000. Evidence must be admissible and is not weighed by the Court, but presumed true if in favor of the plaintiff. *See, e.g., Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001); *Tichinin v. City of Morgan Hill*, 177 Cal. App. 4th 1049, 1062 (2009). Only a case that satisfies both prongs of the anti-SLAPP statute, one that arises from protected speech and lacks even minimal merit, is subject to being stricken under the anti-SLAPP statute. *Navellier*, 29 Cal. 4th at 88-89. Here, neither prong can be met.

### A. Defendant Has Not Made A Threshold Showing That The Claims Arising Out of His Defamatory Statements Are Subject to a Special Motion to Strike.

#### 1. Keller Is Not a Public Figure.

"[T]hose charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure." *Weinberg v. Feisel,* 110 Cal. App. 4th 1122, 1133 (citing *Hutchinson v. Proxmire,* 443 U.S. 111, 135 (1979)). For purpose of applying the anti-SLAPP statute, a public figure is a person who has assumed a role of special prominence in the affairs of society, who occupies a position of persuasive power and influence, or who has thrust himself to the forefront of a particular public controversy in order to influence the resolution of

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

the issues involved. *Gertz v. Welch*, 418 U.S. 323, 354 (1974). Keller is a private individual who happens to serve as the CEO of a privately-held Company. (*See* Ex. O to Defendant's Motion.) Besides his private role as the CEO of Steep Hill, Defendant has not presented any evidence to suggest that Keller assumed a role of special prominence in the affairs of society and occupied a position of persuasive power or influence and has been involved with a public controversy. (*See* Motion.) Plaintiff also has no proof to support his claim that Steep Hill and Keller's focus is activism in the marijuana field; it is a for-profit entity. (*Id.*) Steep Hills is a lab testing company located in Berkeley and fully licensed in California. (*See* Ex. N to Defendant's Motion.) Besides its customers who need lab testing done, Steep Hill's business is irrelevant to everyone else in public.

### 2.     **Defendant's Defamatory Statements Are Not An Issue of Public Concern.**

To prevail on his Motion to Strike, Defendant has the burden of showing that his statements about Plaintiffs concern a matter of public interest within the meaning of the statute. *See Commonwealth Energy Corp. v. Inv'r Data Exchange, Inc.*, 110 Cal. App. 4th 26, 33 (2003). First, "public interest" does not equate with mere curiosity. *See Time, Inc. v. Firestone*, 424 U.S. 448, 454–55 (1976) (held that a divorce action between the scion of one of America's wealthier industrial families and his Palm Beach society wife may have piqued the public's interest but was not a public controversy). Second, a matter of public interest should be something of concern to a substantial number of people. *See Dun & Bradstreet v. Greenmoss Builders*, 472 U.S. 749, 762 (1985). Thus, a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest. *Id.* Third, there should be some degree of closeness between the challenged statements and the asserted public interest. *See Connick v. Myers*, 461 U.S. 138, 148–49 (1983). Fourth, the focus of the speaker's conduct should be the public interest rather than a mere effort "to gather ammunition for another round of [private] controversy." *Id.* at 148. Finally, a person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people. *Hutchinson, supra,* 443 U.S. at 135.

Here, none of the statements Plaintiff made about Keller prior to filing of this lawsuit

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

relate to marijuana, Steep Hill's allegedly illegal business or to a public concern.  Specifically, Moore's claims that Keller is a "homosexual predator," who professed his love for Moore, sexually harassed him and fired him for refusing to have sex with Keller, and the defamatory flyers he distributed calling Keller a "diagnosed sociopath," "narcissistic personality disorder," "proven sexual harasser," "greedy demonic scumbag," "left wife destitutute w (sic) PTSD," "partner jerry murdered," "Jerry's wife fleeced for $" and "minority partner robbed" have no relation to or bearing on a public interest, but at most reflect a private controversy between Keller and Moore.  (*See* Ex 2 to Kuzucuoglu Decl. ¶ 4, Ex. D. to Keller Decl.)

Defendant's comments about Steep Hill, e.g., "DO NOT TRUST STEEP HILL LABS NEW OWNER AND CEO J. MICHAEL KELLER," also do not concern a topic of widespread public interest.  *Id.*  They were solely about the personal life of Steep Hill's CEO.  Until filing his Motion to Strike, Defendant has never alleged that Steep Hill was engaging in an illegal business, which in and of itself is defamatory.  In fact, there isn't a single statement in Defendant's declaration in support of his Motion relating to his alleged opposition to marijuana and Plaintiffs' criminal enterprise.  (*See* Defendant's Declaration in support of Motion.)

Moreover, generally, statements about the quality of a particular business are not matters that concern a public issue or a matter of public interest within the meaning of California's anti-SLAPP statute.  *Rivero v. Am. Fed'n of State*, 105 Cal. App. 4th at 913, 924 (2003) (denying anti-SLAPP motion in libel suit about criticisms of university's workplace activities).  Although a statement about the specific properties and efficacy of a particular product or business may affect consumers, his type of statement is directed primarily at protecting private commercial interests and, thus, does not generally implicate issues that are fundamentally "public" concerns.  *See Commonwealth Energy*, 110 Cal. App. 4th at 34-35; *Consumer Justice Ctr.*, 107 Cal. App. 4th at 601; *Nagel*, 109 Cal. App. 4th at 50-51.  Where, as here, the statements solely concern private matters of an individual and business, the defendant's anti-SLAPP motion is routinely denied. *See, e.g., Commonwealth Energy,* 110 Cal. App. 4th at 34 (denying motion to strike under first prong where statements about company's particular services, not about investment scams in

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

general); *Mann v. Quality Old Time Serv., Inc.,* 120 Cal. App. 4th 90, 111 (2004) (denying anti-SLAPP motion where statements "not about pollution, or potential public health and safety issues in general, but about the [plaintiff's] specific business practices."); *World Fin.l Grp., Inc. v. HBW Ins. & Financial Srvs., Inc.,* 172 Cal. App. 4th 1561, 1568-70 (2009) (denying motion under first prong where statements solely about plaintiff's business capacity). In summary, Defendant is not being sued because he expressed opposition to marijuana or to Plaintiffs' business, he is being sued because he falsely accused Plaintiffs of private conduct that puts their reputation in a bad light. The allegations of the Complaint do not pertain to any type of discussion about issues of public interest.

### 3. **Plaintiffs Can Substantiate a Legally Sufficient Claim Because Defendant's Defamatory Statements Are False.**

Even if Defendant could show that this lawsuit arises out of protected activity, its Motion to Strike would still fail because it is probable that Plaintiffs can prevail on their claims. Under the anti-SLAPP statute, even where a lawsuit arises out of protected activity, a motion to strike still may not be granted if "the plaintiff has established that there is a probability that [it] will prevail on the claim." Cal. Code Civ. P. § 425.16(b)(l). The question is whether the plaintiff can show evidence "that, if believed by the trier of fact, [is] sufficient to support a judgment in plaintiffs' favor." *Zamos v. Stroud,* 32 Cal. 4th 958, 970 (2004) (affirming denial of motion to strike where plaintiff put forth evidence that, if believed by a fact-finder, would be sufficient to render judgment in its favor).

Here, Plaintiffs allege several causes of action that arise from Defendant's defamatory conduct. It is uncontested that Defendant published the statements at issue. (*See* Defendant's Motion at 6-7 and his Declaration.) These defamatory statements are libelous on their face and, by their very nature, injurious to Plaintiffs in that they are likely to diminish Steep Hill's sales and investment opportunities and ruin Keller's reputation and personal life. To be actionable, a defamatory statement must be one of fact. *Baker v. L.A. Herald Examiner,* 42 Cal. 3d 254, 260 (1986). Where a speaker makes direct statements and "asserts as fact" something about plaintiffs,

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

the defamatory statements are actionable. *Selleck v. Globe Int'l, Inc.,* 166 Cal. App. 3d 1123, 1132–3 (1985) (holding a newspaper's statements were actionable where article directly implied–falsely–that Tom Selleck's father had said certain things). A plain reading of Defendant's defamatory statements shows that each is a statement of fact, not of opinion. The statements directly accuse Keller of doing certain things or possessing certain unfavorable characteristics, *i.e.*, "homosexual predator," who professed his love for Moore, sexually harassed him and fired him for refusing to have sex with Keller, a "diagnosed sociopath," "narcissistic personality disorder," "proven sexual harasser," "greedy demonic scumbag," "left wife destitutute w (sic) PTSD," "partner jerry murdered," "Jerry's wife fleeced for $" and "minority partner robbed". (*See* Ex 2 to Kuzucuoglu Decl. ¶ 4, Ex. D. to Keller Decl.)

Contrary to Defendant's assertion, each of the defamatory statements is provably false, and "there is no constitutional value in false statements of fact." *Gertz, supra,* 418 U.S. at 340. Accordingly, it is probable that a trier of fact would decide this case in Plaintiffs' favor. In making that determination, the Court should consider the factual declarations submitted, but must not weigh the credibility or probative strength of competing evidence at the pleading stage. *Soukup v. Law Offices of Herbert Hafif,* 39 Cal. 4th 260, 291 (2006). To avoid being stricken, plaintiff need only establish that his or her claim has "minimal merit." *Id.* (quoting *Nevellier* v. *Sletten,* 29 Cal. 4th 82,89 (2002)). Plaintiffs' claims have substantially more than "minimal merit." Therefore, the Court must deny Defendant's motion.

### 4. Defendant Acted With Actual Malice.

Since Plaintiffs are not public figures, they only need to establish that Defendant failed to exercise "reasonable care to determine the truth or falsity" of his claims. *Grewal v. Jammu,* 19 Cal. App. 4th 977 (2011). However, Plaintiffs contend that not only did Defendant fail to exercise reasonable care, but he acted with actual malice. To prove actual malice, a defamation plaintiff must show by clear and convincing evidence that the defendant knew his statements were false at the time he made them, or that he acted with reckless disregard of the truth or falsity of the statements made. *Gertz, supra,* 418 U.S. at 328. "A defamation plaintiff may rely on

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

inferences drawn from circumstantial evidence to show actual malice." *Christian Research Inst. v. Alnor*, 148 Cal. App. 4th 71 (2007).  Factors such as "[a] failure to investigate, anger and hostility toward the plaintiff, reliance upon sources known to be unreliable, or known to be biased against the plaintiff . . . may . . . indicate that the publisher [himself] had serious doubts regarding the truth of [his] publication." *Christian Research Inst. v. Alnor*, 148 Cal. App. 4th 71, 84-85 (2007). "It cannot be said that evidence concerning motive or care never bears any relation to the actual malice inquiry." *Harte-Hanks Commc'ns, Inc. v. Connaughton,* 491 U.S. 657, 669 (1989) (Defendant was guilty of reckless disregard for the truth and, by extension, actual malice because they deliberately ignored sources that would have either affirmed or denied the allegations); *see also Widener v. Pacific Gas & Elec. Co.*, 75 Cal. App. 3d 415, 436 (1977) (finding an engineer's motive of wanting to suppress the making of a film and his anger with the film's producer "sufficient evidence from which the jury could have found that [the engineer] knew [his libelous statement about the producer] was false, or was recklessly indifferent as to whether his statement was accurate or not").

Here Defendant's hostility towards Keller and his motive for his intentional defamation are clear.  Despite having entered into a release of claims, Moore claims he is owed three percent of the proceeds of the 2012 sale of MeetingMatrix (although he was fired years prior and has never filed a legal claim against MeetingMatrix or Keller).  (Defendant's Declaration at ¶ 6.) Defendant has no factual basis to confirm that Keller is a "diagnosed sociopath," "proven sexual harasser," "greedy demonic scumbag,"  or has a "narcissistic personality disorder."  Moreover, In his Facebook posts to Steep Hill's investors (*see* Ex. D to Keller Declaration), Defendant wrote that Keller "lives in the Netherlands so he can hire his boy prostitutes in private" and "is siphoning money from Steep Hill Labs LLC Profits to his family." (*See* Ex. 2 to Kuzucuoglu Decl. ¶ 4; Keller Decl. ¶ 15; Ex. I, Moore's Facebook posts about Plaintiffs.)  Defendant has no way of knowing Keller's motivation to move to Netherland, what he does there and how he handles his business affairs with Steep Hill because he has not worked with Keller since 2002 and has never been to Steep Hill Labs.  (Defendant's Declaration at ¶¶ 6, 24; Complaint at ¶ 10.)

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

Besides some alleged hearsay statements, Plaintiff presents no facts to establish that he exercised reasonable care to determine the truth or falsity of his claims. Clearly, Defendant is making up unfounded allegations to blackmail Keller into paying him large sums of money he believes he is owed at the expense of both Keller and Steep Hill, which demonstrates actual malice.

**B.    Defendant's Arguments About Plaintiffs' Remaining Claims Are Not Appropriate In A Special Motion to Strike And Should Not Be Heard.**

As stated above, the anti-SLAPP statute allows for dismissal of a lawsuit filed "to dissuade or punish the exercise of First Amendment rights of defendants." *Lafayette Morehouse v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 858 (1995). Defendant's claim that he cannot be subjected to a civil stalking claim in California because he was in Nevada at the time does not relate to his right of petition or free speech in connection with a public issue. Similarly, Defendant's arguments about enforceability of the other tort and contract claims do not implicate a public concern; therefore, they are not subject to the anti-SLAPP statute. Defendant must save his defenses for the trial of this case. Similarly, the issue of attorneys' fees must be saved for the damages phase of the litigation.

**C.    Defendant's Unclean Hands Defense Is Absurd And Also Improperly Pled.**

Without any reasonable basis or factual support, Defendant claims that Steep Hill is a "criminal organization" and Keller is engaged in "criminal enterprises dedicated to violating federal law." (Defendant's Motion at p. 10.) These outrageous statements alone warrant a judgment against Defendant for defamation and the related claims Plaintiff's allege.[1] Besides his speculation, Defendant has not presented a shred of evidence to support his claims. It is suspicious that he is now for the first time asserting illegality of Steep Hill's business in this Motion in order to get himself out of trouble for his shockingly offensive behavior. Steep Hill is a licensed, completely legal business, which does not even grow, cultivate, produce or sell marijuana. (*See* Kuzucuoglu Decl. ¶ 10; Ex. N to Defendant's Motion.) Plaintiff also has no proof to support his claim that Plaintiffs or he himself have taken an activist role in the legality of

---

[1] While cannabis remains illegal under federal law, there is no evidence Defendants are engaged in any operations that violate applicable local and state laws.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1

marijuana. (*Id.*) Further, Defendant should not be allowed to sidestep the procedural rules of this Court by being allowed to plead an affirmative defense in a special motion to strike.

### IV.
### CONCLUSION

Defendant has not met his burden of showing that his defamatory statements fall within the anti-SLAPP statute. Moreover, even if he had met that burden, Plaintiffs have shown a probability of prevailing on their claims because Defendant's defamatory statements are provably false. Accordingly, the Court should deny Defendant's Motion to Strike.

Dated: February 6, 2018                          VEDDER PRICE (CA), LLP


By: /s/Ayse Kuzucuoglu
　　Heather M. Sager
　　Ayse Kuzucuoglu

Attorneys for Plaintiffs
STEEP HILL LABORATORIES, INC. and
JMICHAELE KELLER

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

PLS' OPPO TO DEF'S MTN. TO STRIKE COMPLAINT
[CASE NO. 3:18-CV-00373-LB]

SAN_FRANCISCO/#51449.1