1
2
3
4                UNITED STATES DISTRICT COURT
5                NORTHERN DISTRICT OF CALIFORNIA
6  STEEP HILL LABORATORIES, INC. and  )
7  JMICHAELE KELLER,                  ) Case Number: 3:18-cv-00373-LB
                                      )
8       Plaintiff(s),                 ) **PLAINTIFFS' CASE MANAGEMENT**
                                      ) **STATEMENT& [PROPOSED] ORDER**
9       vs.                           )
                                      )
10 DAVID H. MOORE, an individual, and DOES )
11 1 through 10, inclusive            )
                                      )
12      Defendant(s).
13 DAVID HAROLD MOORE,
14
        Counterclaimant and Third-Party
15      Plaintiff,
16      vs.
17 JMICHAELE KELLER a/ka JAMES
18 MICHAEL KELLER, STEEP HILL
   LABORATORIES, INC.,
19
20      Counter-Defendants,
21 DOES 11 through 21, inclusive,
22
        Third-Party Defendants.
23
24      The parties to the above-entitled action jointly submit this JOINT CASE
25 MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for*
26 *All Judges of the Northern District of California* and Civil Local Rule 16-9.
27
28

Page **1** of **6**

*Form updated February 2018*

1. <u>Jurisdiction & Service</u>
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The parties agree that the Court has subject matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C. §§ 1332(a)(3). No issues exist regarding personal jurisdiction or venue. All named parties have been served.

2. <u>Facts</u>
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

<u>Plaintiffs' Facts:</u>

On December 20, 2017, Plaintiffs/Counter-Defendants Jmichaele Keller ("Keller") and Steep Hill Laboratories, Inc. ("Steep Hill") filed a complaint against Defendant/Counter-Claimant David H. Moore ("Moore") in Alameda County Superior Court for (1) defamation, (2) invasion of privacy, (3) intentional interference with economic relations, (4) intentional interference with contractual relations, (5) civil stalking, (6) breach of contract and (7) intentional infliction of emotional distress. On January 4, 2018, Plaintiffs also sought a temporary restraining order ("TRO"), which was granted. The TRO prohibiting Moore from (1) maintaining any website including defamatory statements about Plaintiffs, including taking down the website http://davidhmoore.weebly.com/meeting-matrix.html and all related content; (2) distributing any type of defamatory communication about Plaintiffs, including flyers and e-mails; and (3) going within 100 feet of Plaintiff Keller or of Steep Hill Laboratories, Inc.'s business address. The Superior Court Judge set an Order to Show Cause hearing for January 25, 2018, requiring Defendant to show cause as to why a preliminary injunction should not issue extending the TRO ("OSC hearing"). Shortly before the scheduled OSC hearing, Defendant removed this case to the Northern District of California and filed an Anti-SLAPP motion, which was denied. Defendant appealed to the Ninth Circuit, which upheld this Court's ruling. Defendant has now filed cross-claims against Steep Hill and Keller, stemming almost exclusively from Keller and Defendant's prior business relationship, which ended in 2002.

3. <u>Legal Issues</u>

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The legal issues to be addressed include:

1. Whether the Defendant engaged in the alleged conduct.

4. <u>Motions</u>

*All prior and pending motions, their current status, and any anticipated motions.*

Previously, the following motions were filed in connection with this case:

| **Title of Motion** | **Status** |
|---|---|
| Motion for Leave to Proceed in Forma Pauperis; filed by Moore (Dckt. No. 3) | Granted per order dated January 22, 2018 (Dck. No. 11) |
| Motion for Permission for Electronic Case Filing; filed by Moore (Dckt. No. 4) | Granted per order dated January 19, 2018 (Dckt. No. 5) |
| Motion to Strike Pursuant C.C.C.P. Sec. 425.16; filed by Moore (Dckt. No. 8) | Denied per order dated March 8, 2018 (Dckt. No. 8) |
| Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6); filed by Moore (Dckt. No. 9) | Granted in part and denied in part per order dated March 8, 2018 (Dckt. No. 8) |
| Admin Motion for Relief; filed by Moore (Dckt. No. 9) | Granted in part and denied in part per order dated January 29, 2018 (Dckt. No. 13) |
| Motion to Shorten Time; filed by Keller and Steep Hill (Dckt. No. 15) | Denied per order dated February 8, 2018 (Dckt. No. 25) |
| Motion for Preliminary Injunction; filed by Keller and Steep Hill (Dckt. No. 31) | Denied per order dated March 8, 2018 (Dckt. No. 8) |
| Motion to Appear by Telephone; filed by Moore (Dckt. No. 35) | Granted per order dated March 1, 2018 (Dckt. No. 37) |
| Motion to confirm appellate stay of district court proceedings; filed by Moore (Dckt. No. 46) | Granted per order dated May 14, 2018 (Dckt. No. 58) |
| Motion to Appear by Telephone; filed by Moore (Dckt. No. 65) | Granted per order dated January 7, 2019 (Dckt. No. 66) |
| Motion to Dismiss Counter-Complaint; filed by Keller and Steep Hill (Dckt. No. 67) | Moot per Amended Counterclaim filed by Moore on January 24, 2019 |
| Motion to Dismiss First Amended Counter-Complaint; filed by Keller and Steep Hill (Dckt. No. 72) | To be heard March 14, 2019 |

Keller and Steep Hill have filed a Motion to Dismiss Moore's Amended Counterclaim. The parties also anticipate filing, at least, motions for summary judgment on infringement and validity; discovery motions, to the extent the parties cannot resolve a dispute; and pretrial and post-trial motions.

*Form updated February 2018*

### 5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

      Keller and Steep Hill filed a First Amended Complaint on March 22, 2018 (Dckt. No. 44). Keller and Steep Hill presently have no plans to amend its Complaint but reserve the right to do so in the event it obtains new information in the course of discovery.

      Moore filed an Amended Counterclaim on January 24, 2019 (Dckt. No. 68).

### 6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

      The parties have complied with all requirements regarding evidence preservation.

### 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

      As the case is not yet at issue, the parties have not engaged in Rule 26 disclosures.

### 8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

      No discovery has been taken to date.

### 9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

      Not applicable.

### 10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

      Moore filed a Notice of Appeal on March 12, 2018. The appeal was denied and the case was mandated back to District Court on December 28, 2018.

### 11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

      Keller and Steep Hill seek the following relief for each of their claims:

*Form updated February 2018*

### 12. Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Steep Hill has approached Defendant seeking to resolve the matter and dismiss the claims. Defendant has not indicated any willingness to participate in early resolution.

### 13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* __X__ YES ____ NO

### 14. Other References
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Plaintiffs believe the case could benefit from referral to a neutral.

### 15. Narrowing of Issues
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties have not yet identified any issues that may be narrowed by agreement or motion.

### 16. Expedited Trial Procedure
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this case may be handled on an expedited basis.

### 17. Scheduling
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The case has not progressed to the point we should discuss dates.

### 18. Trial
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The case it not yet at issue; setting a trial date would be premature.

### 19. Disclosure of Non-party Interested Entities or Persons
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

N/A

*Form updated February 2018*

20. <u>Professional Conduct</u>

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

  Yes.

21. <u>Other</u>

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

  Steep Hill requests the Court's assistance in recommending a path towards early resolution.

Dated: February 7, 2019    /s/Heather M. Sager
              Counsel for Plaintiffs/Counter-Defendants

## <u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:
            UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated February 2018*